## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

**RELIOS, INC. f/k/a**
**CARLISLE JEWELRY CO.**

      **Plaintiffs,**                              NO._____

v.

**U.S. JEWELRY HOUSE, LTD.**

      **Defendant.**

### COMPLAINT

### PARTIES

1.    Plaintiff Relios, Inc. f/k/a Carlisle Jewelry Co. ("Relios") is a New Mexico corporation having its principal offices at 6815 Academy Parkway West, NE, Albuquerque, New Mexico 87109.

2.    Upon information and belief, Defendant U.S. Jewelry House, Ltd. ("Jewelry House") is a New York corporation having an address of 1239 Broadway, New York, NY 10001.

3.    This Court has subject matter jurisdiction over Relios' copyright claim under 28 U.S.C. § 1338(a).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(a). This Court may exercise personal jurisdiction over Defendant based on Defendant's acts of directing infringing jewelry into this judicial district and/or placing goods in the stream of commerce with knowledge that such goods would pass into this judicial district.

## GENERAL AVERMENTS

**Relios and its Jewelry**

4.    Relios is engaged in the design, manufacture and sale of jewelry of various original, copyrighted jewelry designs including necklace pendants known as "Loving Family" (the "Loving Family Jewelry"). The Loving Family® jewelry line depicts many different family variations, such as "two parents, two children," "one parent, one child," etc. A copy of the "one parent, one child" variation of the Loving Family Jewelry is attached as **Exhibit A**.

5.    Relios' Loving Family Jewelry is, upon information and belief, wholly original to Relios and is copyrightable subject matter under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, as amended.

6.    Upon information and belief, Relios has complied with the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.,* as amended, securing for itself the exclusive rights and privileges in the copyrights in and to Relios' Loving Family Jewelry. Relios has received from the United States Register of Copyrights certificates of registration for Relios' Loving Family Jewelry, marked as Copyright Registration Nos. VA 749-909, VA 733-097 and VA 529-196. True and correct copies of the foregoing certificates of registration are filed herewith as **Exhibit B**. In addition, Relios has submitted copyright applications for other derivative works to the jewelry depicted in Exhibit B. *See* composite **Exhibit C**.

7.    Upon information and belief, the copyrights in and to Relios' Loving Family Jewelry are valid and subsisting.

**Defendant and its Infringing Activities**

8.    Upon information and belief, Jewelry House, manufactures and/or imports and sells jewelry. Upon information and belief, Jewelry House sells jewelry to various customers,

through various means, including but not limited to mail order product catalogs, brochures, flyers, and by virtue of its Internet web site. Upon information and belief, jewelry manufactured and/or imported by Jewelry House is distributed and sold throughout the United States, including in this judicial district.

9.  Upon information and belief, Jewelry House sold jewelry to retailers and/or consumers within this judicial district; alternatively, Jewelry House placed such jewelry in the stream of commerce with knowledge that such goods would pass into this judicial district.

10.  Upon information and belief, Jewelry House sold, imported, distributed, marketed, publicly displayed, manufactured, and/or commissioned the manufacture of, jewelry that infringes upon Relios' Loving Family Jewelry (hereinafter referred to as "Defendant's Design"). A photocopy of a photograph of Defendant's Design is attached hereto as **Exhibit D**.

11.  Upon information and belief, Defendant's Design was copied from Relios' Loving Family Jewelry.

12.  Upon information and belief, Defendant's Design was cast from molds created using Relios' Loving Family Jewelry as a model.

13.  Despite the many other manners in which Defendant could have configured its jewelry, Defendant has wrongfully appropriated the copyrighted design of Relios' Loving Family Jewelry to its own use and benefit, without permission of Relios.

## COUNT I - COPYRIGHT INFRINGEMENT

14.  Relios repeats the allegations of paragraphs 1-13 as if fully set forth herein.

15.  Relios' cause of action for copyright infringement arises under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, as amended, particularly 17 U.S.C. §§ 106(1)-(3) and (5), 501, and 602.

16.    Upon information and belief, Defendant, and/or one or more persons who have supplied Defendant's Design to Defendant, have copied Relios' Loving Family Jewelry in the creation of Defendant's Design. Upon information and belief, Defendant has impermissibly imported, distributed, marketed, sold and/or publicly displayed Defendant's Design. Such acts have been without the permission of Relios and constitute infringements of Relios' copyrights in Relios' Loving Family Jewelry in derogation of 17 U.S.C. §§ 106(1)-(3) and (5), 501, and 602.

## COUNT II – WILLFUL COPYRIGHT INFRINGEMENT

17.    Relios repeats the allegations of paragraphs 1-16 as if fully set forth herein.

18.    Relios' cause of action for copyright infringement arises under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, as amended, particularly 17 U.S.C. §§ 106(1)-(3) and (5), 501, and 602.

19.    Upon information and belief, Defendant, and/or one or more persons who have supplied Defendant's Design to Defendant, have willfully, deliberately, and unlawfully copied Relios' Loving Family Jewelry in the creation of Defendant's Design. Upon information and belief, Defendant has unlawfully imported, distributed, marketed, sold and/or publicly displayed Defendant's Design. Such acts have been without the permission of Relios and constitute willful and deliberate infringements of Relios' copyrights in Relios' Loving Family Jewelry in derogation of 17 U.S.C. §§ 106(1)-(3) and (5), 501, and 602.

## REQUEST FOR JURY TRIAL

Relios hereby demands that this cause be tried by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Relios prays for judgment against Defendant, and for relief including:

1.    Upon proper application, a temporary restraining order restraining Defendant

against the continuation of the illegal acts recited above.

2.    Upon proper application, a preliminary injunction-enjoining Defendant against continuation of the illegal acts recited above.

3.    A permanent injunction-enjoining Defendant against continuation of the illegal acts recited above.

4.    An accounting for and an award of the profits earned by Defendant as a result of its illegal acts and the damages suffered by Relios as a result of Defendant's illegal acts or, if so elected by Relios at any time prior to final judgment, an award of the maximum statutory damages of $150,000 per copyrighted work infringed, or such other amount of statutory damages the Court deems just.

5.    An award of costs and reasonable attorneys' fees.

6.    An award of pre- and post-judgment interest.

7.    All other and further relief as the Court may deem just and proper.

Respectfully submitted,

BANNERMAN & WILLIAMS, P.A.

Barry D. Williams
2201 San Pedro NE, Bldg. 2, Suite 207
Albuquerque, NM 87110
(505) 837-1900; (505) 837-1800 (fax)

**ATTORNEYS FOR PLAINTIFF
RELIOS, INC.**

5

# EXHIBIT A

My Account | Customer Service | Shopping Basket     Keyword or Ite

SHOP BY DESIGNER    SHOP COLLECTIONS    SHOP BY STONE & COLOR    TODAY'S LOOK

Home > Jewelry > Pendants > Loving Family

◄ PREVIOUS PRODUCT    NE

back to search results



View Larger

## Loving Family(R) small sterling silver loving and child

Loving family original jewelry is perfect for all Moms! The symbol of fa
Give her the Loving Family(R) sterling silver pendant (1 in. x 1/2 in.)
center and e-coat finish to enhance dimension. This elegant pendant
adjustable 16 inch sterling silver box chain with 4 inch extender; and
resistant. Pendant features mother and child in an embrace that forms
Comes nicely gift boxed. Charm is 1 inch L x 1/2 inch W. Made in New

Customer Reviews    Tell a Friend

| Item# | Product |
| --- | --- |
| 6-2011-183 | Loving Family(R) small sterling silver loving mother and child |
| | In Stock |

Add to Wish List

Details | Inspiration

- Made in New Mexico, USA
- Designed and manufactured by the skilled craftspeople at Re

Email Updates: Your Email Address    SUBMIT

Contact Us | Privacy & Security | Terms of Use | Site Map
©2007


TEST

# EXHIBIT B

CERTIFICATE OF REGISTRATION



OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
*United States of America*

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

VA 749-909

EFFECTIVE DATE OF REGISTRATION

NOV 1 3 1995
Month          Day          Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1**

TITLE OF THIS WORK ▼

THE LOVING FAMILY

NATURE OF THIS WORK ▼ See Instructions

JEWELRY DESIGN

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.   Title of Collective Work ▼

If published in a periodical or serial give:   Volume ▼     Number ▼     Issue Date ▼     On Pages ▼

**2**

**a** NAME OF AUTHOR ▼

CARLISLE JEWELRY COMPANY, INC.

DATES OF BIRTH AND DEATH
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ► U.S.A.
       Domiciled in ►

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes ☒ No
Pseudonymous?  ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP  Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture       ☐ Map            ☐ Technical drawing
☐ 2-Dimensional artwork         ☐ Photograph     ☐ Text
☐ Reproduction of work of art   ☒ Jewelry design ☐ Architectural work
☐ Design on sheetlike material

**b** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ►
       Domiciled in ►

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes ☐ No
Pseudonymous?  ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP  Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture       ☐ Map            ☐ Technical drawing
☐ 2-Dimensional artwork         ☐ Photograph     ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design ☐ Architectural work
☐ Design on sheetlike material

NOTE
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**3**

**a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED   This information must be given in all cases.
1995 ◄ Year

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Complete this information ONLY if this work has been published.
Month ► 10   Day ► 15   Year ► 1995
U.S.A. ◄ Nation

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼

CARLISLE JEWELRY COMPANY, INC.
750 RANKIN RD. NE
ALBUQUERQUE, NM 87107

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

See instructions before completing this space.

APPLICATION RECEIVED
NOV 13 1995
ONE DEPOSIT RECEIVED
NOV 13 1995
TWO DEPOSITS RECEIVED

REMITTANCE NUMBER AND DATE

MORE ON BACK ►  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of 2 pages



COPY   OF   DEPOSIT

VA 749-909



**The Loving Family Jewelry Design**
(Shown larger than actual size)
© copyright 1995 Carlisle Jewelry Company, Inc.

750 Rankin Road NE
Albuquerque, NM 87107
· (505)345-5305
H.W. Pollack, president





# CERTIFICATE OF REGISTRATION



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
United States of America

OFFICIAL SEAL

## FORM VA
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE
REGIS

**VA 733-097**

EFFECTIVE DATE OF REGISTRATION

Jan     3    1996
Month       Day        Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1** TITLE OF THIS WORK ▼

THE LOVING FAMILY COLLECTION

NATURE OF THIS WORK ▼ See instructions

JEWELRY DESIGN

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.   Title of Collective Work ▼

If published in a periodical or serial give:  Volume ▼   Number ▼   Issue Date ▼   On Pages ▼

**2a** NAME OF AUTHOR ▼

CARLISLE JEWELRY COMPANY, INC.

DATES OF BIRTH AND DEATH
Year Born ▼        Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ U.S.A.
Domiciled in ▶ _____ }

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?    ☐ Yes  ☒ No
Pseudonymous? ☐ Yes  ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP  Check appropriate box(es).  See instructions
☐ 3-Dimensional sculpture     ☐ Map            ☐ Technical drawing
☐ 2-Dimensional artwork       ☐ Photograph     ☐ Text
☐ Reproduction of work of art ☒ Jewelry design ☐ Architectural work
☐ Design on sheetlike material

NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼        Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ _____ }

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?    ☐ Yes  ☐ No
Pseudonymous? ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP  Check appropriate box(es).  See instructions
☐ 3-Dimensional sculpture     ☐ Map            ☐ Technical drawing
☐ 2-Dimensional artwork       ☐ Photograph     ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☐ Architectural work
☐ Design on sheetlike material

**3a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED  This information must be given in all cases.
1995   ◀ Year

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK  Complete this information ONLY if this work has been published.
Month ▶ 11  Day ▶ 06  Year ▶ 95
U.S.A.  ◀ Nation

**4** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼

CARLISLE JEWELRY COMPANY, INC.
750 RANKIN RD. NE
ALBUQUERQUE, NM  87107

See instructions before completing this space.

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
JAN 03 1996
ONE DEPOSIT RECEIVED
JAN 03 1996
TWO DEPOSITS RECEIVED

REMITTANCE NUMBER AND DATE

DO NOT WRITE HERE

MORE ON BACK ▶  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8.

DO NOT WRITE HERE



COPY OF DEPOSIT

VA 733-097



Loving Family with 1 child



Loving Family with 2 children



Loving Family with 3 children

The Loving Family Collection - Jewelry Design
(Shown larger than actual size)
© copyright 1995 Carlisle Jewelry Company, Inc.

750 Rankin Road NE
Albuquerque, NM 87107
(505)345-5305
H.W. Pollack, president



LIBRARY OF CONGRESS

JAN 0 3 1990

COPYRIGHT OFFICE

VA 733-097

# CERTIFICATE OF REGISTRATION



OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
United States of America

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

RE  **VAu 529 – 196**

EFFECTIVE DATE OF REGISTRATION

| 8 | 13 | 01 |
|---|---|---|
| Month | Day | Year |

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1**

TITLE OF THIS WORK ▼   *LOVING FAMILY*
6-2082-183   *MOTHERS CHARM PENDANT    JEWELRY DESIGN*

NATURE OF THIS WORK ▼ See instructions

PREVIOUS OR ALTERNATIVE TITLES ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.   Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

**2**

NAME OF AUTHOR ▼   *RELIOS*

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ _____

Was This Author's Contribution to the Work
Anonymous?   ☐ Yes  ☒ No
Pseudonymous?  ☐ Yes  ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ _____

Was This Author's Contribution to the Work
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☒ Jewelry design    ☐ Architectural work

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**3**

a  Year in Which Creation of This Work Was Completed   *2001*
This information must be given in all cases.   Year in all cases.

b  Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published.
Month ▶ _____  Day ▶ _____  Year ▶ _____   ◀ Nation

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
*RELIOS*
*750 RANKIN RD NE*
*ALBUQUERQUE NM 87112*

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
AUG 13 2001
ONE DEPOSIT RECEIVED
AUG 13 2001
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

See instructions before completing this space.

MORE ON BACK ▶  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page
• See detailed instructions   • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ____ pages



COPY   OF   DEPOSIT

VAu 529-196

**RELIOS ITEM #:** 6-2082-183
**BRAND:** Corazon
**COLLECTION:**
**DATE CREATED:** 4-2-01
**CREATED BY:** Denise
**LAST REVISED DATE:**
**REVISED BY:**

All designs copyrighted by Relios 2001



*[Library of Congress Copyright Office stamp: AUG 13 2001]*

| | (Detailed and accurate description of content, stones used, imported components', country of origin, etc.) | | | | |
|---|---|---|---|---|---|
| **Technical Description** | Lost Wax Sterling Silver Mother's Charm Pendant. Pendant has a "Loving Mother" design with arm looped together to hold birthstone charms. Pendant dangles from am 18-inch. 1.0mm Sterling Silver snake chain with a 5mm spring ring and a 4-inch extender chain. Measures Approximately 1 ¼" L x ¾" W | | | | |
| **Finish:** | ☐ Oxidized    ☐ Non-Oxidized    ☒ Tumble    ☐ High Polished    ☐ Other Specify: | | | | |
| **Stamping: Location:** | ☒ RELIOS ™ Back of Pendant | ☐ CJC ™ | ☒ .925 Back of Pendant | ☐ STER. | ☒ © Back of Pendant | ☐ Other (Specify): |
| **Overall Weight:** | 8.9 | GRAMS | **Stone:** | | |
| **Pendant Length:** | 29.8 | MM | **Gemstone Carat Weight:** | | |
| **Pendant Width:** | 15 | MM | **Finding:** | 5mm Spring Ring | |
| **Chain Length:** | 18 plus 4-inch extender | INCHES | **Dimension of Tolerance:** | + ¼" in Length Only | |
| **Matching Item(s):** | | | | | |
| **Marketing Description:** | | | | | |
| **Customer Sample Inspection Disposition** | FIRST SAMPLE: STATUS: 1. 2. SECOND SAMPLE: STATUS 1. 2. | | | | |
| **Relios Sample Inspection Disposition** | FIRST SAMPLE: (Date) 1. 2. 3. SECOND SAMPLE: (Date) 1. 2. 3. | | | | |
| **Notes:** | | | | | |

I:\cjc_docs\product\prod_docs\proddocs\ pendant\62082183.doc

VAu 529 – 196

# EXHIBIT C

# FORM VA
**For a Work of the Visual Arts**
UNITED STATES COPYRIGHT OFFICE



REGISTRATION NUMBER

_____

| VA | VAU |

EFFECTIVE DATE OF REGISTRATION

_____

| Month | Day | Year |

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 1

**TITLE OF THIS WORK ▼**

6-1484-183 - Loving Couple Pendant

**NATURE OF THIS WORK ▼** See instructions

Jewelry Design

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.     **Title of Collective Work ▼**

If published in a periodical or serial give:   **Volume ▼**     **Number ▼**     **Issue Date ▼**     **On Pages ▼**

## 2

**NAME OF AUTHOR ▼**

a  Relios

**DATES OF BIRTH AND DEATH**
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶ USA
{ Domiciled in ▶

**Was This Author's Contribution to the Work**
Anonymous?     ☐ Yes  ☒ No
Pseudonymous?   ☐ Yes  ☒ No

If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☒ Jewelry design   ☐ Architectural work

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶
{ Domiciled in ▶

**Was This Author's Contribution to the Work**
Anonymous?     ☐ Yes  ☐ No
Pseudonymous?   ☐ Yes  ☐ No

If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

## 3

a
**Year in Which Creation of This Work Was Completed**
1995 ◀ Year
This information must be given in all cases.

**Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published.
Month ▶ 11   Day ▶ 6   Year ▶ 1995
◀ Nation

## 4

See instructions before completing this space.

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Relios
6815 Academy Parkway West NE
Albuquerque, NM 87109

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

**DO NOT WRITE HERE / OFFICE USE ONLY**

APPLICATION RECEIVED

ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED

FUNDS RECEIVED

---

**MORE ON BACK ▶**   • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.     • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of _____ pages

| EXAMINED BY | | FORM VA |
|---|---|---|
| CHECKED BY | | |
| ☐ CORRESPONDENCE<br>  Yes | | FOR<br>COPYRIGHT<br>OFFICE<br>USE<br>ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☑ Yes   ☐ No   If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

**a.** ☐ This is the first published edition of a work previously registered in unpublished form.

**b.** ☐ This is the first application submitted by this author as copyright claimant.

**c.** ☑ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number** ▼          **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

**a. Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

Prior registrations for underlying works VA 733-097, VA 749-909, VA 529-196

**b. Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

revised design elements, namely, number of figures

**6**

a

See instructions before completing this space.

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

**Name** ▼          **Account Number** ▼

Relios          DA086541

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.   Name/Address/Apt/City/State/ZIP ▼

Relios
6815 Academy Parkway West NE
Albuquerque, NM 87109

Area code and daytime telephone number ▶ ( 505 ) 345-5304          Fax number ▶ ( 505 ) 345-5445

Email ▶ rhaltom@relios.com

**7**

a

b

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the

check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of   Relios
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**Typed or printed name and date** ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Robb Haltom                                        Date ▶ 10/19/2007

Handwritten signature (X) ▼

X

**8**

| Certificate<br>will be<br>mailed in<br>window<br>envelope<br>to this<br>address: | Name ▼<br>Relios |
|---|---|
| | Number/Street/Apt ▼<br>6815 Academy Parkway West NE |
| | City/State/ZIP ▼<br>Albuquerque, NM 87109 |

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8

**SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable filing fee in check or money order payable to *Register of Copyrights*
3. Deposit material

**MAIL TO:**
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

As of July 1, 1999, the filing fee for Form VA is $30.

**9**

\*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

June 1999—100,000
WEB REV: June 1999          ✺ PRINTED ON RECYCLED PAPER          ✭U.S. GOVERNMENT PRINTING OFFICE: 1999-454-879/71



**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

_____

| VA | VAU |

EFFECTIVE DATE OF REGISTRATION

_____

| Month | Day | Year |

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**TITLE OF THIS WORK ▼**

6-1481-183 - Loving Family 1 Parent 1 Child

**NATURE OF THIS WORK ▼** See instructions

Jewelry Design

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.    **Title of Collective Work ▼**

If published in a periodical or serial give: Volume ▼          Number ▼          Issue Date ▼          On Pages ▼

---

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**1**

**NAME OF AUTHOR ▼**

Relios

**DATES OF BIRTH AND DEATH**
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶ USA
{ Domiciled in ▶

**Was This Author's Contribution to the Work**
Anonymous?   ☐ Yes  ☑ No
Pseudonymous?  ☐ Yes  ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es).  **See instructions**
☐ 3-Dimensional sculpture       ☐ Map              ☐ Technical drawing
☐ 2-Dimensional artwork         ☐ Photograph       ☐ Text
☐ Reproduction of work of art   ☑ Jewelry design   ☐ Architectural work

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶
{ Domiciled in ▶

**Was This Author's Contribution to the Work**
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es).  **See instructions**
☐ 3-Dimensional sculpture       ☐ Map              ☐ Technical drawing
☐ 2-Dimensional artwork         ☐ Photograph       ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

**3**

Year in Which Creation of This Work Was Completed
1995
◀ Year
This information must be given in all cases.

Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published.
Month ▶ 11    Day ▶ 6    Year ▶ 1995
◀ Nation

**4**

See instructions before completing this space.

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Relios
6815 Academy Parkway West NE
Albuquerque, NM 87109

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

DO NOT WRITE HERE
OFFICE USE ONLY

APPLICATION RECEIVED

ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED

FUNDS RECEIVED

---

**MORE ON BACK ▶**  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.          • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of _____ pages

EXAMINED BY

FORM VA

CHECKED BY

☐ CORRESPONDENCE
Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☑ Yes  ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☑ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: **Previous Registration Number** ▼          **Year of Registration** ▼

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

Prior registrations for underlying works VA 733-097, VA 749-909, VA 529-196

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

revised design elements, namely, number of figures

See instructions
before completing
this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
**Name** ▼                                      **Account Number** ▼

Relios                                         DA086541

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.  Name/Address/Apt/City/State/ZIP ▼

Relios
6815 Academy Parkway West NE
Albuquerque, NM 87109

Area code and daytime telephone number ▶ ( 505 ) 345-5304          Fax number ▶ ( 505 ) 345-5445

Email▶ rhaltom@relios.com

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  Relios
                        Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**Typed or printed name and date** ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
~~Susan Chiasson~~        Robb Haltom                              Date▶ 10/19/2007

☞ Handwritten signature (X) ▼
X   _RM lh_

Certificate
will be
mailed in
window
envelope
to this
address:

**Name** ▼
Relios

**Number/Street/Apt** ▼
6815 Academy Parkway West NE

**City/State/ZIP** ▼
Albuquerque, NM 87109

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8
**SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable filing fee in check or money
   order payable to *Register of Copyrights*
3. Deposit material
**MAIL TO:**
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

As of July 1, 1999,
the filing fee for
Form VA is $30.

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.
June 1999—100,000
WEB REV: June 1999                    ♻ PRINTED ON RECYCLED PAPER                    ✭U.S. GOVERNMENT PRINTING OFFICE: 1999-454-879/71



FORM VA
**For a Work of the Visual Arts**
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

| VA | VAU |
|---|---|

EFFECTIVE DATE OF REGISTRATION

| Month | Day | Year |
|---|---|---|

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**TITLE OF THIS WORK ▼**

6-1482-183 - Loving Family 1 Parent 2 Child

**NATURE OF THIS WORK ▼** See instructions

Jewelry Design

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.    Title of Collective Work ▼

If published in a periodical or serial give:    Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

---

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**NAME OF AUTHOR ▼**

Relios

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶ USA
      Domiciled in ▶

**Was This Author's Contribution to the Work**
Anonymous?    ☐ Yes  ☑ No
Pseudonymous?  ☐ Yes  ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork      ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☑ Jewelry design    ☐ Architectural work

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶
      Domiciled in ▶

**Was This Author's Contribution to the Work**
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork      ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

**Year in Which Creation of This Work Was Completed**
1995 ◀ Year    This information must be given in all cases.

**Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published.
Month ▶ 11    Day ▶ 6    Year ▶ 1995    ◀ Nation

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Relios
6815 Academy Parkway West NE
Albuquerque, NM 87109

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

See instructions before completing this space.

**DO NOT WRITE HERE OFFICE USE ONLY**

APPLICATION RECEIVED

ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED

FUNDS RECEIVED

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.    • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of _____ pages

EXAMINED BY _____

CHECKED BY _____

☐ CORRESPONDENCE
　　Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☑ Yes　☐ No　If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☑ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number ▼**　　　　　**Year of Registration ▼**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

**a. Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

　Prior registrations for underlying works VA 733-097, VA 749-909, VA 529-196

See instructions
before completing
this space.

**b. Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

　revised design elements, namely, number of figures

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

**Name ▼**　　　　　　　　　　　　　　　**Account Number ▼**

Relios　　　　　　　　　　　　　　　　DA086541

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.　Name/Address/Apt/City/State/ZIP ▼

Relios
6815 Academy Parkway West NE
Albuquerque, NM 87109

Area code and daytime telephone number ▶ ( 505 ) 345-5304　　　　　　Fax number ▶ ( 505 ) 345-5445

Email ▶ rhaltom@relios.com

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the

check only one ▶
　☐ author
　☐ other copyright claimant
　☐ owner of exclusive right(s)
　☑ authorized agent of　Relios
　　　　　　　　　　　　Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

~~Susan Chiasson~~　*Robb Haltom*　　　　　　　　　　Date ▶ 10/19/2007

Handwritten signature (X) ▼

☞ X　*RGH Haltom*

Certificate
will be
mailed in
window
envelope
to this
address:

**Name ▼**

Relios

**Number/Street/Apt ▼**

6815 Academy Parkway West NE

**City/State/ZIP ▼**

Albuquerque, NM 87109

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8

**SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable filing fee in check or money order payable to *Register of Copyrights*
3. Deposit material

**MAIL TO:**
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

As of July 1, 1999,
the filing fee for
Form VA is $30.

\*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

June 1999—100,000
WEB REV: June 1999

☺ PRINTED ON RECYCLED PAPER

☆U.S. GOVERNMENT PRINTING OFFICE: 1999-454-879/71



# FORM VA
**For a Work of the Visual Arts**
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

_____

VA _____ VAU _____
EFFECTIVE DATE OF REGISTRATION

_____
Month       Day       Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**TITLE OF THIS WORK ▼**

6-1483-183 - Loving Family 1 Parent 3 Child

**NATURE OF THIS WORK ▼** See instructions

Jewelry Design

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. **Title of Collective Work ▼**

If published in a periodical or serial give: **Volume ▼**     **Number ▼**     **Issue Date ▼**     **On Pages ▼**

---

**2**

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**NAME OF AUTHOR ▼**

a  Relios

**DATES OF BIRTH AND DEATH**
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶ USA
{ Domiciled in ▶

**Was This Author's Contribution to the Work**
Anonymous?     ☐ Yes ☑ No
Pseudonymous?  ☐ Yes ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture
☐ 2-Dimensional artwork
☐ Reproduction of work of art
☐ Map
☐ Photograph
☑ Jewelry design
☐ Technical drawing
☐ Text
☐ Architectural work

**NAME OF AUTHOR ▼**

b

**DATES OF BIRTH AND DEATH**
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶
{ Domiciled in ▶

**Was This Author's Contribution to the Work**
Anonymous?     ☐ Yes ☐ No
Pseudonymous?  ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture
☐ 2-Dimensional artwork
☐ Reproduction of work of art
☐ Map
☐ Photograph
☐ Jewelry design
☐ Technical drawing
☐ Text
☐ Architectural work

---

**3**

**Year in Which Creation of This Work Was Completed**
1995 ◀ Year
This information must be given in all cases.

**Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published.
Month ▶ 11     Day ▶ 6     Year ▶ 1995     ◀ Nation

---

**4**

See instructions before completing this space.

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Relios
6815 Academy Parkway West NE
Albuquerque, NM 87109

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED

ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED

FUNDS RECEIVED

DO NOT WRITE HERE OFFICE USE ONLY

---

**MORE ON BACK ▶**
• Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.     • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of _____ pages

FORM VA

EXAMINED BY

CHECKED BY

☐ CORRESPONDENCE
Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☑ Yes  ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☑ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number** ▼          **Year of Registration** ▼

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

Prior registrations for underlying works VA 733-097, VA 749-909, VA 529-196

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

revised design elements, namely, number of figures

See instructions
before completing
this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

**Name** ▼                                                    **Account Number** ▼

Relios                                                        DA086541

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.   Name/Address/Apt/City/State/ZIP ▼

Relios
6815 Academy Parkway West NE
Albuquerque, NM 87109

Area code and daytime telephone number ▶ ( 505 ) 345-5304          Fax number ▶ ( 505 ) 345-5445

Email ▶ rhaltom@relios.com

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  Relios

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**Typed or printed name and date** ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Susan Chiasson  *Robb Haltom*                              Date ▶ 10/19/2007

Handwritten signature (X) ▼

☞  X _____

Certificate
will be
mailed in
window
envelope
to this
address:

Name ▼
Relios

Number/Street/Apt ▼
6815 Academy Parkway West NE

City/State/ZIP ▼
Albuquerque, NM 87109

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8

**SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable filing fee in check or money order payable to *Register of Copyrights*
3. Deposit material

**MAIL TO:**
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

As of July 1, 1999,
the filing fee for
Form VA is $30.

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

June 1999—100,000
WEB REV: June 1999

Ⓟ PRINTED ON RECYCLED PAPER

☆U.S. GOVERNMENT PRINTING OFFICE: 1999-454-879/71



**FORM VA**
**For a Work of the Visual Arts**
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

VA _____    VAU _____

EFFECTIVE DATE OF REGISTRATION

Month _____ Day _____ Year _____

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**TITLE OF THIS WORK ▼**

6-2552-183 - Loving Family 1 Parent 4 Child

**NATURE OF THIS WORK ▼** See instructions

Jewelry Design

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.    **Title of Collective Work ▼**

If published in a periodical or serial give:    Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

---

**2**

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**NAME OF AUTHOR ▼**

Relios

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶ USA
{ Domiciled in ▶

**Was This Author's Contribution to the Work**
Anonymous?    ☐ Yes  ☑ No
Pseudonymous?  ☐ Yes  ☑ No

If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork      ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☑ Jewelry design    ☐ Architectural work

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶
{ Domiciled in ▶

**Was This Author's Contribution to the Work**
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No

If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork      ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

---

**3**

**Year in Which Creation of This Work Was Completed**
1995
◀ Year in all cases.
This information must be given

**Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published.
Month ▶ 11    Day ▶ 6    Year ▶ 1995    ◀ Nation

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Relios
6815 Academy Parkway West NE
Albuquerque, NM 87109

APPLICATION RECEIVED
ONE DEPOSIT RECEIVED
TWO DEPOSITS RECEIVED
FUNDS RECEIVED

*DO NOT WRITE HERE / OFFICE USE ONLY*

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

See instructions before completing this space.

---

**MORE ON BACK ▶**  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.    • Sign the form at line 8.

DO NOT WRITE HERE

Page 1 of _____ pages

EXAMINED BY _____

CHECKED BY _____

☐ CORRESPONDENCE
Yes

FORM VA

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☑ Yes ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☑ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number** ▼ _____ **Year of Registration** ▼ _____

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

Prior registrations for underlying works VA 733-097, VA 749-909, VA 529-196

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

revised design elements, namely, number of figures

See instructions
before completing
this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

**Name** ▼

Relios

**Account Number** ▼

DA086541

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.  Name/Address/Apt/City/State/ZIP ▼

Relios
6815 Academy Parkway West NE
Albuquerque, NM 87109

Area code and daytime telephone number ▶ ( 505 ) 345-5304       Fax number ▶ ( 505 ) 345-5445

Email ▶ rhaltom@relios.com

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the
check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of _Relios_

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Susan Chiasson *Robb Haltom*     Date▶ 10/19/2007

Handwritten signature (X) ▼

X _____

Certificate
will be
mailed in
window
envelope
to this
address:

**Name** ▼
Relios

**Number/Street/Apt** ▼
6815 Academy Parkway West NE

**City/State/ZIP** ▼
Albuquerque, NM 87109

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8

**SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable filing fee in check or money order payable to *Register of Copyrights*
3. Deposit material

**MAIL TO:**
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

As of July 1, 1999,
the filing fee for
Form VA is $30.

\*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

June 1999—100,000
WEB REV: June 1999       ♻ PRINTED ON RECYCLED PAPER       ☆U.S. GOVERNMENT PRINTING OFFICE: 1999-454-879/71



# FORM VA
**For a Work of the Visual Arts**
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

_____

VA _____ VAU

EFFECTIVE DATE OF REGISTRATION

Month _____ Day _____ Year _____

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**TITLE OF THIS WORK ▼**

6-2502-183 - Loving Family 2 Parent 4 Child

**NATURE OF THIS WORK ▼** See instructions

Jewelry Design

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.    **Title of Collective Work ▼**

If published in a periodical or serial give:  Volume ▼ | Number ▼ | Issue Date ▼ | On Pages ▼

---

**NAME OF AUTHOR ▼**

Relios

**DATES OF BIRTH AND DEATH**
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶ USA
    { Domiciled in ▶

**Was This Author's Contribution to the Work**
Anonymous?   ☐ Yes  ☑ No
Pseudonymous? ☐ Yes  ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture
☐ 2-Dimensional artwork
☐ Reproduction of work of art
☐ Map
☐ Photograph
☑ Jewelry design
☐ Technical drawing
☐ Text
☐ Architectural work

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶
    { Domiciled in ▶

**Was This Author's Contribution to the Work**
Anonymous?   ☐ Yes  ☐ No
Pseudonymous? ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture
☐ 2-Dimensional artwork
☐ Reproduction of work of art
☐ Map
☐ Photograph
☐ Jewelry design
☐ Technical drawing
☐ Text
☐ Architectural work

---

**Year in Which Creation of This Work Was Completed**    1995    This information must be given ◀ Year in all cases.

**Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published.
Month ▶ 11    Day ▶ 6    Year ▶ 1995    ◀ Nation

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Relios
6815 Academy Parkway West NE
Albuquerque, NM 87109

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

See instructions before completing this space.

APPLICATION RECEIVED

ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED

FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

**MORE ON BACK ▶**  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.  • Sign the form at line 8.

DO NOT WRITE HERE

Page 1 of _____ pages

EXAMINED BY _____                    FORM VA

CHECKED BY _____

☐ CORRESPONDENCE
   Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☑ Yes  ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☑ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: **Previous Registration Number** ▼            **Year of Registration** ▼

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

Prior registrations for underlying works VA 733-097, VA 749-909, VA 529-196

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

revised design elements, namely, number of figures

*See instructions
before completing
this space.*

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
**Name** ▼                                          **Account Number** ▼

Relios                                              DA086541

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.  Name/Address/Apt/City/State/ZIP ▼

Relios
6815 Academy Parkway West NE
Albuquerque, NM 87109

Area code and daytime telephone number ► ( 505 ) 345-5304          Fax number ► ( 505 ) 345-5445
Email ► rhaltom@relios.com

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the
check only one ► {
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of ___Relios___
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**Typed or printed name and date** ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Susan Chiasson   Robb Haltom                    Date► 10/19/2007

Handwritten signature (X) ▼
☛ X _____

Certificate
will be
mailed in
window
envelope
to this
address:

**Name** ▼
Relios

**Number/Street/Apt** ▼
6815 Academy Parkway West NE

**City/State/ZIP** ▼
Albuquerque, NM 87109

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8
**SEND ALL 3 ELEMENTS**
**IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable filing fee in check or money order payable to *Register of Copyrights*
3. Deposit material
**MAIL TO:**
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

As of July 1, 1999,
the filing fee for
Form VA is $30.

\*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection
with the application, shall be fined not more than $2,500.
June 1999—100,000
WEB REV: June 1999        ♻ PRINTED ON RECYCLED PAPER        \*U.S. GOVERNMENT PRINTING OFFICE: 1999-454-879/71



# EXHIBIT D

Sterling Silver Mother & Baby F    ant Necklace                                    Page 1 of 3

# NEWOUTLET



🏠 Home | 🛒 View Cart |

| RINGS | NECKLACES | EARRINGS | BRACELETS | MATCHING SETS | BROOCHE |

Save Big with *FREE SHIPPING* on Order Over $5(

**Search Products**

[          ] Go

**Shop By Type**

- Rings
- Earrings
- Bracelets
- Matching Sets
- Brooches & Pins
- Hair Accessories

**Shop By Collections**

- Animals
- Anklet
- Bridal Jewelry
- Cross
- Fleur De Lis
- Floral & Leaf
- Heart
- Horn
- Initial Letter
- Skull Crossbones
- Star & Moon

Enter your e-mail address to
receive special offers.

Join Now

**HACKER SAFE**
TESTED DAILY   24-JUL

Home > Necklaces >

## Sterling Silver Mother & Baby Pendant Necklace

**Our Price:**
$28.00
**Sale Price:**
$19.00
*You Save*
*$9.00!*

**Stock Status:** In
Stock

**Availability:**
Usually Ships in
24 Hours

Product Code:
n56

Larger Photo     E-mail a Friend

**Alternate Views**

| Description | Return Policy | Shipping Info |

Depicting a baby adoringly held by its mother. It celebrates the incomparable love a moth
feels for her heaven's gift. Pendant measures 1 inch tall and 1/2 inch wide. Dangles from 1
inch chain. A unique look for everyday.

**Product Details**

Item Code:          n561
Metal:              Sterling Silver, Stamped 925

| | |
|---|---|
| Chain Length: | 16 inch |
| Chain Clasp: | Spring Ring Clasp |
| Pendant Size: | 1 inch L X 1/2 inch W |
| Necklace Weight: | 4.7 grams |

Note: Prices and availability are subject to change without notice. All measurements are approximate.

Share your knowledge of this product with other customers... Be the first to write a review.

Browse for more products in the same category as this item:

Necklaces
Necklaces > Pendants & Lockets
Mother's Day Gifts
Metal Type > Sterling Silver
Metal Type

## YOUR RECENTLY VIEWED ITEMS

Sterling Silver Mother & Baby Pendant Necklace $19.00



%JS 44 (Rev. 11/04)    **CIVIL COVER SHEET**    07 W 1/24

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as pro
by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of init
the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Relios, Inc. f/k/a Carlisle Jewelry Co.

**DEFENDANTS**

U.S. Jewelry House, Ltd.

**(b)** County of Residence of First Listed Plaintiff    **Bernalillo County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    **New York County**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Barry D. Williams, Esq., Bannerman & Williams, P.A., 2201 San Pedro NE,
Bldg. 2, Suite 207, Albuquerque, New Mexico 87110

Attorneys (If Known)

**II. BASIS OF JURISDICTION**    (Place an "X" in One Box Only)

☐ 1  U.S. Government
     Plaintiff

☒ 3  Federal Question
     (U.S. Government Not a Party)

☐ 2  U.S. Government
     Defendant

☐ 4  Diversity
     (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**(Place an "X" in One Box for P
(For Diversity Cases Only)    and One Box for Defendant

|  | PTF | DEF |  | PTF | D |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

**IV. NATURE OF SUIT**    (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionme |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander / ☐ 368 Asbestos Personal Injury Product | ☐ 640 R.R. & Truck | X 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodit Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Action |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilizatio |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matte |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Ac |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Informati Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determ |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Right | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

**V. ORIGIN**    (Place an "X" in One Box Only)

☒ 1  Original
     Proceeding

☐ 2  Removed from
     State Court

☐ 3  Remanded from
     Appellate Court

☐ 4  Reinstated or
     Reopened

☐ 5  Transferred from
     another district
     (specify)

☐ 6  Multidistrict
     Litigation

☐ 7  Appeal to D
     Judge from
     Magistrate
     Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
17 U.S.C. sec. 101 et seq.
Brief description of cause:
Infringement of federally registered copyrights.

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION
     UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    X Yes    ☐ No

**VIII. RELATED CASE(S) IF ANY**

(See instructions):    JUDGE

DOCKET NUMBER

DATE    Nov. 7, 2007

SIGNATURE OF ATTORNEY OF RECORD    B.D. Williams

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

JS 44   (Rev. 11/04)     **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Relios, Inc. f/k/a Carlisle Jewelry Co.

### DEFENDANTS
U.S. Jewelry House, Ltd.

**(b)** County of Residence of First Listed Plaintiff   **Bernalillo County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   **New York County**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Barry D. Williams, Esq., Bannerman & Williams, P.A., 2201 San Pedro NE,
Bldg. 2, Suite 207, Albuquerque, New Mexico 87110

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 2  U.S. Government
Defendant

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | X 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
17 U.S.C. sec. 101 et seq.
Brief description of cause:
Infringement of federally registered copyrights.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   X Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE

DOCKET NUMBER

DATE   Nov. 7, 2007

SIGNATURE OF ATTORNEY OF RECORD   [signature]

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Relios, Inc.
*formerly knows as*
Carlisle Jewelry Co.
    Plaintiff,

-vs-              No. 07cv1124 KBM/LFG

U.S. Jewelry House, Ltd.
    Defendant.

## <u>NOTICE OF DEFICIENCY</u>

   Please be advised that the pleading(s) electronically filed in this matter are incorrect for the following reasons(s):

1.  ()   Document e-filed in wrong case

2.  ( )   Case number and/or case caption is incorrect

3.  ( )   Document reflects incorrect filer

4.  ( )   Document linked incorrectly

5.  ( )   Incorrect document  type selected - Event _____ Category_____

6.  ( )   Incorrect party role selected

7.  (x)   Incorrect party added to the case
       Parties name should not be entered in all capital letters
       Parties must be entered exactly as they appear on the Complaint

8.  ( )   Document not in compliance  with Local Rule _____

9.  ( )   Document is illegible

10.  ( )   Leave of court required to file document

11.  ( )   Party not added to the case

12.    ( )    Incorrect PDF document attached

13.    ( )    Party(ies) not terminated

14.    (x)    Civil Cover Sheet must be filed as an attachment to the Complaint

15.    (x)    Other: Parties address/telephone number should not be entered in the Party Information screen unless the party has entered their appearance Pro Se


TYPE OF ACTION:

1.    ( )    Action by the Court

        ( )


2.    (x)    Action by the Filer:

        ( )    Re-file document in correct case

        ( )    Re-file corrected document

        ( )    Re-file document when leave of the court is granted

        ( )    Re-file document using correct event

        ( )    No further action required

        (x)    Fax Civil Cover Sheet to 348-2028

        (x)    Other: FYI - Civil Case Opening Procedures can be found on the Court web site


        Please be advised that failure to correct the above-noted deficiencies **WITHIN THREE (3) DAYS OF THE DATE OF THIS NOTICE** may result in the pleading(s) being stricken from the record.


        electronically filed                      
        MATTHEW J. DYKMAN

CLERK, U.S. DISTRICT COURT

# United States District Court
## District of New Mexico
### Office of the Clerk
### Pete V. Domenici United States Courthouse



**Divisional Offices**
120 South Federal Place
P.O. Box 2384
Santa Fe, NM 87504-2384
(505) 988-6481
Fax (505) 988-6473

333 Lomas Blvd. N.W. - Suite 270
Albuquerque, New Mexico 87102
(505) 348-2000 - Fax (505) 348-2028

**Matthew J. Dykman**
**Clerk of Court**

200 East Griggs
Las Cruces, NM  88001
(505) 528-1400
Fax (505)528-1425

NOV 0 7 2007

**TO COUNSEL OR PRO SE LITIGANT:**

Re:    Case No. ___CIV-07-1124___ KBM LFG

The above numbered case has been randomly selected and administratively assigned to United States Magistrate Judge ____Karen B. Molzen____ to conduct all proceedings, including the ultimate trial if necessary. Because of the dramatic increase in the number of criminal cases in recent years, District Judges have had to give priority to the criminal docket as required by law.  Under these circumstances, your case can experience a significant delay, which can result in cost increases, before it can be tried before a District Judge.  Congressional enactment of the Civil Justice Reform Act has required the Court to give increased attention to addressing the costs and delays in resolving civil disputes.  The Judicial Conference of the United States has encouraged the designation of Magistrate Judges to conduct all proceedings in civil cases, both jury and non-jury.

Trial before a Magistrate Judge, in addition to an earlier trial date, will also enable the Court to give counsel and the parties a special setting.  Appeal from a judgment entered by a Magistrate Judge in these consent cases will be to the Court of Appeals for the Tenth Circuit.

**It is the responsibility of the case filer to serve, with summons and complaint, a copy of the Consent form upon all parties.** The Consent form will be provided by the Clerk at the time the case is filed. *Pursuant to the Order of the Court, counsel is required to electronically file and Pro Se parties are required to return the attached Consent form to the Clerk's Office within twenty (20) days of service.*

MATTHEW J DYKMAN
CLERK OF COURT

| To: | |
|---|---|
| **Register of Copyrights**<br>**Copyright Office**<br>**Library of Congress**<br>**Washington, DC 20559** | **REPORT ON THE FILING OR**<br>**DETERMINATION OF AN**<br>**ACTION OR APPEAL**<br>**REGARDING A COPYRIGHT** |

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| □ Action    □ Appeal | Court Name and Location: U.S. District Court |
|---|---|
| Docket No. 07cv1124 KBM/LFG    Date Filed 11/07/07 | 333 Lomas Blvd, N.W.<br>Albuquerque, NM 87102 |
| **Plaintiff(s)**<br>Relios, Inc. | **Defendant(s)**<br>U.S. Jewelry House, Ltd. |

| Copyright Registration No. | Title of Work | Author of Work |
|---|---|---|
| 1. | **Please see attached docket sheet w/complaint & case-related documents.** | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

In the above-entitled case, the following copyright(s) have been included:

| Date Included | Included By<br>□ Amendment    □ Answer    □ Cross Bill    □ Other Pleading | | |
|---|---|---|---|
| Copyright Registration No. | Title of Work | | Author of Work |
| 1. | | | |
| 2. | | | |
| 3. | | | |

In the above-entitled case, a final decision was rendered on the date entered below. A copy of the order of judgment together with the written opinion, if any, of the court is attached.

| Copy Attached<br>□ Order    □ Judgment | Written Opinion Attached<br>□ Yes    □ No | Date Rendered |
|---|---|---|

| Clerk    Matthew J. Dykman | (By) Deputy Clerk Natalie Marez | Date    November 7, 2007 |
|---|---|---|

*U.S. GPO 1982-37-279

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

Plaintiff(s),

vs.

CIV - 0 7 - 1 1 2 4    KBM LFG

CIVIL NO.:_____

Defendant(s).

## CONSENT TO PROCEED BEFORE A U.S. MAGISTRATE JUDGE

In accordance with 28 U.S.C. §636(c) and Rule 73(b) of the Federal Rules of Civil Procedure, the undersigned counsel of record consents to have _____ Karen B. Molzen _____ conduct all further proceedings in this case, including bench or jury trial, and order the entry of final judgment.

Signed and dated this _____ day of _____,_____.

By:_____

Atty For:_____

Printed Name:_____

Address:_____

_____Phone:_____

> **MAGISTRATE JUDGES DO NOT CONDUCT TRIALS IN FELONY CASES. ACCORDINGLY, IF THIS CASE IS TRANSFERRED ON CONSENT TO THE MAGISTRATE JUDGE, MAJOR CRIMINAL CASES WILL NOT INTERFERE WITH ITS SCHEDULING AND PROCESSING. IN ALL LIKELIHOOD, THEREFORE, A CONSENT WILL MEAN THAT THIS CIVIL CASE WILL BE RESOLVED SOONER AND MORE INEXPENSIVELY FOR THE PARTIES.**

## REFUSAL TO CONSENT TO PROCEED BEFORE A U.S. MAGISTRATE JUDGE

In the event you are unwilling to consent, sign below.

Signed and dated this **9th** day of **November**, **2007**.

By: _D. Williams_

Atty For: _Relios, Inc._

Printed Name: _Barry D. Williams_

Address: _2201 San Pedro NE, Bldg. 2, Suite 207_
_Albq. NM 87110_    Phone: _505-417-7261_

## PLEASE READ THE FOLLOWING PAGE FOR FURTHER INFORMATION

*THIS FORM SHOULD BE ELECTRONICALLY FILED*
*WITHIN TWENTY (20) DAYS FROM RECEIPT THEREOF*

| To: Register of Copyrights Copyright Office Library of Congress Washington, DC 20559 | REPORT ON THE FILING OR DETERMINATION OF AN ACTION OR APPEAL REGARDING A COPYRIGHT |
|---|---|

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| ☒ Action ☐ Appeal | Court Name and Location: U.S. District Court 333 Lomas Blvd, N.W. Albuquerque, NM 87102 |
|---|---|
| Docket No. 07cv1124 KBM/LFG | Date Filed 11/07/07 | |

| Plaintiff(s) Relios, Inc. | Defendant(s) U.S. Jewelry House, Ltd. |
|---|---|

| Copyright Registration No. | Title of Work | Author of Work |
|---|---|---|
| 1. | Please see attached docket sheet w/complaint & case-related documents. | |
| 2. VA 749-909 | The Loving Family | Carlisle Jewelry Co., Inc. |
| 3. VA 733-097 | The Loving Family Collection | Carlisle Jewelry Co., Inc. |
| 4. VA 529-196 | Loving Family Mothers Charm Pendant | Carlisle Jewelry Co., Inc. |
| 5. | | |

In the above-entitled case, the following copyright(s) have been included:

| Date Included | Included By ☐ Amendment    ☐ Answer    ☐ Cross Bill    ☐ Other Pleading |
|---|---|
| Copyright Registration No. | Title of Work | Author of Work |
| 1. | | |
| 2. | | |
| 3. | | |

In the above-entitled case, a final decision was rendered on the date entered below. A copy of the order of judgment together with the written opinion, if any, of the court is attached.

| Copy Attached ☐ Order    ☐ Judgment | Written Opinion Attached ☐ Yes    ☐ No | Date Rendered |
|---|---|---|

| Clerk    Matthew J. Dykman | (By) Deputy Clerk Natalie Marez | Date    November 7, 2007 |
|---|---|---|

# BANNERMAN & WILLIAMS, P.A.

### _Attorneys & Counselors at Law_

JOHN A. BANNERMAN
BARRY D. WILLIAMS
CAROL LISA SMITH
JAMES T. REIST

BRYAN J. DAVIS
BARBARA L. MATHIS
RIKKI L. QUINTANA

Special Counsel
DAVID H. JOHNSON

Of Counsel
GORDON REISELT

November 9, 2007

Register of Copyrights
Copyright Office
Library of Congress
Washington, DC  20559

Re:    _Relios, Inc. v. U.S. Jewelry House, Ltd._
       U.S. District Court for the District of New Mexico
       Cause No. 07-cv-1124 KBM/LFG

Greetings:

Enclosed please find the completed Report on the Filing or Determination of an Action or Appeal Regarding a Copyright for the above-referenced cause of action.  A copy of the Complaint filed on November 7, 2007 is also enclosed.

Thank you for your attention to this matter.

Sincerely,

BANNERMAN & WILLIAMS, P.A.

BY
Barry D. Williams

BDW/ao
Enclosures:  as stated
cc:    Client
       Dwayne Goetzel

2201 SAN PEDRO NE, BUILDING 2, SUITE 207 • ALBUQUERQUE, NM 87110
(505) 837-1900 • FAX (505) 837-1800
E-mail • _[Attorney's Initials]_ @ NMCounsel.com
www.NMCounsel.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**
**ALBUQUERQUE DIVISION**

| | | |
|---|---|---|
| Relios, Inc. | § | |
| | § | |
| Plaintiffs, | § | Cause No. 07-cv-1124 KBM/LFG |
| | § | |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| U.S. Jewelry House, Ltd. | § | |
| | § | |
| Defendant. | § | |

**NOTICE OF APPEARANCE**

NOTICE IS HEREBY GIVEN that Dwayne K. Goetzel, of Meyertons, Hood, Kivlin, Kowert & Goetzel, P.C., has been retained to represent Plaintiff Relios, Inc. in this matter.  Please forward any future correspondences, pleadings and court documents related to this case to:

Dwayne K. Goetzel, Esq.
Meyertons, Hood, Kivlin, Kowert & Goetzel, P.C.
700 Lavaca Street, Suite 800
Austin, Texas 78701
Phone:  512.853.8800
Fax: 512.853.8801
E-mail: dgoetzel@intprop.com

Respectfully submitted,

By: /s/ Dwayne K. Goetzel
MEYERTONS, HOOD, KIVLIN,
        KOWERT & GOETZEL, P.C.
700 Lavaca Street, Suite 800
Austin, Texas 78701
Phone:  512.853.8800
Fax: 512.853.8801
E-mail: dgoetzel@intprop.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on November 12, 2007 I electronically filed the foregoing *Notice of Appearance* with the clerk of court for the U.S. District Court New Mexico, Albuquerque Division using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who has consented in writing to accept this Notice as service of this document by electronic means:

Barry D. Williams, Esq.
Bannerman & Williams, PA
2201 San Pedro NE
Building 2, Suite 207
Albuquerque, New Mexico 87110

/s/ Dwayne K. Goetzel

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

RELIOS, Inc.,
Formerly known as
Carlisle Jewelry Co.

                              Plaintiffs,

        vs.

                                                      CIVIL NO: 07-1124 KBM/LFG

U.S. JEWELRY HOUSE, Ltd.,

                              Defendant.


**<u>MINUTE ORDER</u>**


        Pursuant to parties' refusal to consent to proceed before a United States Magistrate Judge,

please be advised that the above captioned case has been assigned to United States District Judge

<u>Paul J. Kelly</u>, and referred for discovery purposes to United States Magistrate Judge <u>Lorenzo F.</u>

<u>Garcia</u>.

        In accordance with **D.N.M.LR-Civ. 10.1**, "the first page of each paper must have the case
        file number and initials of the assigned Judges. **Failure to include the initials of the newly
        -assigned judge may result in untimely receipt of pleadings and subsequent delay of
        rulings by the newly-assigned judge**.

        Kindly reflect this change when submitting further pleadings for this case,

CASE NUMBER   <u>CV 07-1124 PJK/LFG</u>

                                        _____

                                        Matthew J. Dykman
_____                        CLERK, U.S. DISTRICT COURT

OAO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of New Mexico

**SUMMONS IN A CIVIL ACTION**

Relios, Inc. f/k/a Carlisle Jewelry Co.,

     Plaintiffs,

     V.

                            CASE NUMBER: 07-cv-1124 KBM/LFG

U.S. Jewelry House, Ltd.,

     Defendants

TO:    U.S. Jewelry House, Ltd.
       1239 Broadway
       New York, NY  10001

     **YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY

          Barry D. Williams, Esq.
          Bannerman & Williams, P.A.
          2201 San Pedro NE, Bldg. 2, Suite 207
          Albuquerque, New Mexico  87110

an answer to the complaint which is served on you with this summons, within 20   days after service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.



CLERK   Matt Dykman

Natalie A. Matez

(By) DEPUTY CLERK

DATE  Thursday, November 08, 2007

OAO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me¹ | DATE November 28, 2007  at  2:10 PM |
|---|---|
| NAME OF SERVER (PRINT)    Henry Moss | TITLE    Licensed  Process Server    Lic No.  0870001 |

Check one box below to indicate appropriate method of service

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☒ Other (specify):  Personal service on K.Jung, Store Manager and Authorized Agent of U.S. Jewelry House, Ltd.  Service was executed at 1239 Broadway, New York, N.Y.

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
|  |  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   November 28, 2007
                     Date

*Henry Moss*
Signature of Server

Esquire Deposition Services
Address of Server
3101 Bee Caves Road, Suite 220
Austin, Texas   78746

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

RELIOS, INC. f/k/a
CARLISLE JEWELRY CO.

      Plaintiff,                                     NO. 07-CV-1124 KBM/LFG

v.

U.S. JEWELRY HOUSE, LTD.

      Defendant.

## PRAECIPE

On November 7, 2007, Plaintiff Relios, Inc. f/k/a Calisle Jewelry Co. ("Relios") filed the Complaint in this action (Doc. 1).  The following day, November 8, 2007, the Court issued Relios a summons as to Defendant U.S. Jewelry House, Ltd. ("Defendant").   (See Summons (Doc. 9).) Relios effected personal service of a copy of the Summons and the Complaint on K. Jung, "Store Manager and Authorized Agent of U.S. Jewelry House, Ltd.," by licensed process server on November 28, 2007.  (Return of Service (Doc. 9)); see Fed. R. Civ. P. 4(h).  More than 20 days have elapsed since Relios served Defendant with a copy of the Summons and Complaint. Accordingly, pursuant to Rules 12(a)(1)(A) and 55(a), entry of default against Defendant is proper, and Relios hereby requests the Clerk to enter default against Defendant.  Relios files concurrently herewith a Declaration of Sum Certain.  Based on that Declaration, entry of default against Defendant and in favor of Relios in the certain amount of $155,650.00, including costs.  Fed. R. Civ. P. 55(b)(1).

Respectfully submitted,

MEYERTONS, HOOD, KIVLIN,
KOWERT & GOETZEL, P.C.


By   /s/ Dwayne K. Goetzel
Dwayne K. Goetzel
700 Lavaca St., Suite 800
Austin, Tx. 78701
Tel:    (512) 853-8800
Fax:    (512) 853-8801
e-mail: dgoetzel@intprop.com

-and-

BANNERMAN & WILLIAMS, P.A.


By   /s/ Barry D. Williams
Barry D. Williams
2201 San Pedro NE, Bldg. 2, Suite 207
Albuquerque, NM 87110
(505) 837-1900; (505) 837-1800 (fax)
ATTORNEYS FOR PLAINTIFF


## CERTIFICATE OF SERVICE

We hereby certify that a true and correct copy of the foregoing was sent, via U.S. Mail, to Defendant's mailing address, 1239 Broadway, New York, New York 10001, on this 8th day of January, 2008.


   /s/ Barry D. Williams
Barry D. Williams

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

RELIOS, INC. f/k/a
CARLISLE JEWELRY CO.

      Plaintiff,

                                  NO. 07-CV-1124 PJK/LFG

v.

U.S. JEWELRY HOUSE, LTD.

      Defendant.

### ROBB HALTOM DECLARATION OF SUM CERTAIN

Pursuant to 28 U.S.C. § 1746, Robb Haltom hereby declares as follows:

1.      I am the controller for Relios, Inc. f/k/a Carlisle Jewelry ("Relios") in the above matter. I am over the age of 18, have never been convicted of a crime involving moral turpitude, and am competent to make this Declaration. I make this Declaration on the basis of my personal knowledge of the facts recited below.

2.      Relios designs, manufactures and sells jewelry of various original, copyrighted jewelry designs including necklace pendants known as "Loving Family" (the "Loving Family Jewelry"). The Loving Family Jewelry consists of many different variations, such as the "one parent, one child" piece that is at issue in this lawsuit.

3.      Defendant U.S. Jewelry House, Ltd. ("Defendant" or "U.S. Jewelry") manufactures and/or imports and sells jewelry. Defendant sold, imported, distributed, marketed, publicly displayed, manufactured, and/or commissioned the manufacture of, jewelry that infringes upon Relios' Loving Family Jewelry.

4.      Relios, through its attorneys, contacted Defendant several times prior to filing suit in order to get Defendant to stop selling the infringing jewelry. All of Relios' efforts to

informally resolve this matter were completely ignored by Defendant. As a result, Relios filed the instant lawsuit.

5.    On or about November 7, 2007, Relios filed a complaint alleging that Defendant willfully infringed the copyrights in and to Relios' Loving Family Jewelry, and that Defendant unlawfully imported, distributed, marketed, sold and/or publicly displayed its infringing jewelry.

6.    Defendant was served with process on or about November 28, 2007, and the return of service was filed with the Court on December 18, 2007. As of the date of this Declaration, Defendant has not filed an answer.

7.    Relios made timely applications for its rights in and to the Loving Family Jewelry.

8.    The provisions of 17 U.S.C. §§ 501-505 provide for, *inter alia*, awards of injunctive relief to prevent further infringement, the impounding and disposition of infringing articles (whereby Defendant should be ordered to turn over all infringing inventory to Relios, as well as all of Defendant's customer lists, sales information, molds, casts, dies, and all other articles used in connection with the infringement of Relios' "one parent, one child" jewelry design), statutory damages of $150,000, and attorneys' fees as part of costs.

9.    From the inception of this matter until the filing date of its motion for default judgment, Relios has incurred more than $5,300.00 in attorneys' fees and $350.00 in other recoverable costs, including the filing fee in this case, for a total of more than $5,650.00.

10.    I have reviewed Relios' financial records, and have discussed these bills with Relios' attorneys of record. The foregoing amounts are true and correct, and have been billed to Relios, or will be billed to Relios, from the inception of this matter through January 7, 2008, regarding this matter. Relios is therefore obligated to pay the amounts shown in paragraph 9

above, as a direct result of Defendant's infringement of Relios' rights. Relios is entitled to recover these amounts from Defendant pursuant to 17 U.S.C. § 505.

11.    Based on the foregoing, Relios is entitled to the sum certain amount of $150,000, plus $5,650.00 in costs, including attorneys' fees against Defendant, as well as injunctive relief, and the impoundment and disposition of infringing articles, as provided above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 8th day of January 2008.

_____
Robb Haltom

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

RELIOS, INC. f/k/a
CARLISLE JEWELRY CO.

      Plaintiff,                            NO. 07-CV-1124 KBM/LFG

v.

U.S. JEWELRY HOUSE, LTD.

      Defendant.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that we have mailed a true and correct copy of the Robb Haltom Declaration of Sum Certain, together with a copy of this certificate of service, to the Defendant in this matter at Defendant's mailing address, 1239 Broadway, New York, New York 10001, on this 8th day of January, 2008.

                    Respectfully submitted,

                    MEYERTONS, HOOD, KIVLIN,
                    KOWERT & GOETZEL, P.C.

                    By  /s/ Dwayne K. Goetzel
                    Dwayne K. Goetzel
                    700 Lavaca St., Suite 800
                    Austin, Tx. 78701
                    Tel:    (512) 853-8800
                    Fax:    (512) 853-8801
                    e-mail: dgoetzel@intprop.com

                    -and-

BANNERMAN & WILLIAMS, P.A.


By  /s/ Barry D. Williams
Barry D. Williams
2201 San Pedro NE, Bldg. 2, Suite 207
Albuquerque, NM 87110
(505) 837-1900; (505) 837-1800 (fax)
ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

RELIOS, INC. f/k/a
CARLISLE JEWELRY CO.

      Plaintiff,                               NO. 07-CV-1124 PJK/LFG

v.

U.S. JEWELRY HOUSE, LTD.

      Defendant.

## MOTION FOR DEFAULT JUDGMENT

Plaintiff Relios, Inc. f/k/a Carlisle Jewelry Co. ("Relios") brings this motion for entry of default judgment (the "Motion"), and, pursuant to Federal Rule of Civil Procedure 55(a) and (b)(1), requests that the Court enter a default judgment in favor of Relios and against Defendant U.S. Jewelry House, Ltd. ("Defendant" or "U.S. Jewelry"), as specified herein. As grounds therefore, Relios states:

1.      Relios is a New Mexico corporation, with its principal offices at 6815 Academy Parkway West, NE, Albuquerque, New Mexico 87109. (Compl. (Doc. 1) ¶ 1.)

2.      Defendant is a New York corporation with an address of 1239 Broadway, New York, New York 10001. (Compl. ¶ 2.; Return of Service (Doc. 9).)

3.      Relios designs, manufactures, and sells jewelry of various original, copyrighted jewelry designs, including necklace pendants known as "Loving Family" (the "Loving Family Jewelry"). The Loving Family® Jewelry ("Loving Family Jewelry") line depicts many different family variations, such as "two parents, two children," "one parent, one child," etc. (Compl. ¶ 4; Ex. A to Compl. (Doc. 1-2)); Decl. of Robb Haltom Regarding Sum Certain Award ("Haltom Declaration"), filed concurrently herewith, ¶ 2.

4.      Relios' Loving Family Jewelry is original to Relios and is copyrightable subject matter under the Copyright Act of 1976, 17 U.S.C. § 101, <u>et seq.</u>, as amended.  <u>See</u> (Compl. ¶ 5).

5.      Relios has applied for and received from the United States Register of Copyrights certificates of registration for Relios' Loving Family Jewelry.  (Compl. ¶ 6; Ex. B to Compl. (Doc. 1-3); Ex. C to Compl. (Doc. 1-4)); Haltom Decl. ¶ 7.

6.      Defendant manufacturers and/or imports and sells jewelry.  Defendant sold, imported, distributed, marketed, publicly displayed, manufactured, and/or commissioned the manufacture of, jewelry that infringes upon Relios' Loving Family Jewelry ("Defendant's Design").  (Compl. ¶¶ 8-13; Ex. D to Compl. (Doc. 1-4)); Haltom Decl. ¶¶ 3-5.

7.      On November 7, 2007, Relios filed a Complaint, alleging that Defendant's Design willfully infringed the copyrights in and to Relios' Loving Family Jewelry, and that Defendant unlawfully imported, distributed, marketed, sold and/or publicly displayed Defendant's Design.  (Compl. ¶¶ 8-19.)

8.      Relios effected service of process on Defendant on November 28, 2007.  (Return of Service.)

9.      Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), Defendant's Answer was due on or before December 18, 2007.

10.     To date, Defendant has not answered the Complaint filed herein, despite being fully aware of the Complaint filed herein.

11.     Pursuant to Federal Rule of Civil Procedure 55, entry of default judgment by the Clerk and/or the Court for the sum certain as provided below and in the Haltom Declaration is appropriate.

12.    In light of the timely registrations of the copyrights in and to the Loving Family Jewelry, an award of statutory damages of $150,000 is warranted, for Defendant's willful infringement, as alleged in the Complaint, of Relios' "one parent, one child" jewelry design.  17 U.S.C. § 504(c)(2); see (Compl. ¶¶ 14-19; Ex. D to Compl.); Haltom Decl. ¶ 8.

13.    Further, pursuant to 17 U.S.C. § 505, an award of attorneys' fees as part of costs is appropriate in this case.  See Haltom Decl. ¶ 8.  To date, Relios has incurred more than $5,300 in attorneys' fees and $350.00 in other recoverable costs (including the filing fee in this matter), since the inception of this matter and in relation to this matter.  See Haltom Decl. ¶ 9.

14.    Finally, an award of injunctive relief, including (1) an order directing Defendant to cease infringement of Relios' Loving Family Jewelry and prohibiting Defendant from further, future infringement of Relios' Loving Family Jewerly, and (2) an order directing impoundment of and disposition of by return to Relios of all infringing articles used in violation of Relios' rights, such as infringing inventory, molds, casts, dies, customer lists, sales information, and all other articles used in connection with the infringement of Relios' Loving Family Jewelry, is appropriate. 17 U.S.C. § 503; Haltom Decl. ¶ 8.

Based on the foregoing reasons, Relios respectfully requests that the Court:

A.    Enter final judgment by default in favor of Relios and against Defendant;

B.    Award statutory damages to Relios in the amount of $150,000 for Defendant's willful infringement of Relios' "one parent, one child" Loving Family Jewelry design;

C.    Award Relios its attorneys' fees as part of its costs, for a total costs award of $5,650.00;

D.    Order Defendant to immediately cease infringing on Relios' Loving Family Jewelry and prohibit Defendant from further infringing on Relios' Loving Family Jewelry; and

E.     Order impoundment of and disposition of by return to Relios of all infringing articles used in violation of Relios' rights, such as infringing inventory, molds, casts, dies, customer lists, sales information, and all other articles used in connection with the infringement of Relios' Loving Family Jewelry.

Respectfully submitted,

MEYERTONS, HOOD, KIVLIN,
KOWERT & GOETZEL, P.C.


By   /s/ Dwayne K. Goetzel          
Dwayne K. Goetzel
700 Lavaca St., Suite 800
Austin, Tx. 78701
Tel:     (512) 853-8800
Fax:     (512) 853-8801
e-mail: dgoetzel@intprop.com

-and-

BANNERMAN & WILLIAMS, P.A.


By   /s/ Barry D. Williams          
Barry D. Williams
2201 San Pedro NE, Bldg. 2, Suite 207
Albuquerque, NM 87110
(505) 837-1900; (505) 837-1800 (fax)
ATTORNEYS FOR PLAINTIFF


## CERTIFICATE OF SERVICE

We hereby certify that a true and correct copy of the foregoing was sent, via U.S. Mail, to Defendant's mailing address, 1239 Broadway, New York, New York 10001, on this 8th day of January, 2008.


  /s/ Barry D. Williams                    
Barry D. Williams

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

## NOTICE OF SETTING—STATUS CONFERENCES and MOTION HEARINGS

**TAKE NOTICE** that the cases listed below are set for status conferences or motion hearings on **MONDAY, FEBRUARY 11, 2008, BEGINNING AT 10:00 A.M.** before the Honorable Paul J. Kelly, Jr., U.S. Circuit Judge, sitting by designation, at the Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, New Mexico (Pecos Courtroom-Third Floor). These proceedings are independent of and in addition to any proceedings otherwise scheduled by the assigned magistrate judge.

### Status Conferences

| | |
|---|---|
| 04cv347 PK/DJS | Ellenberg v. NMMI |
| 06cv117 PK/RHS | Pacheco v. Security Finance |
| 07cv416 PK/RLP | Zrilic v. Board of Regents for New Mexico Highlands Univ. |
| 07cv1035 PK/DJS | Lujan v. Bernalillo County Sheriff's Office |
| 07cv1156 PK/WDS | Vigil v. City of Espanola |

### Motion Hearings

| | |
|---|---|
| 07cv686 PK/RHS | Biedscheid v. Daimler-Chrysler<br>(Motion to Intervene–Doc. 37) |
| 07cv1124 PK/LFG | Relios, Inc. v. U.S. Jewelry House, Ltd.<br>(Motion for Default Judgment–Doc. 13) |

**Notice of Setting of Status Conferences and Motion Hearings**
**Page two**


      Please direct all inquiries regarding these setting to:  Robert J. Tepper, deputy clerk to Judge Kelly, at (505) 988-6541.

                                    MATTHEW J. DYKMAN, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RELIOS, INC., f/k/a
CARLISLE JEWELRY CO.,

       Plaintiff,

vs.                                                                Case No. 07-CV-1124 PJK-LFG

U.S. JEWELRY HOUSE, LTD.,

       Defendant.

**<u>NOTICE OF DEFICIENCY</u>**

**TO:    Barry D. Williams, Esq.**

Please be advised that the pleading(s) electronically filed in this matter on January 8, 2008 are incorrect for the following reason(s):

1.    ( )    Document e-filed in wrong case

2.    ( )    Case number and/or case caption is incorrect

**3.    (X)    Document e-filed with account not matching name listed as signor of document**

4.    ( )    Document linked incorrectly

5.    ( )    Incorrect document  type selected - Event _____ Category_____

6.    ( )    Incorrect party role selected

7.    ( )    Incorrect party added to the case

8.    ( )    Document not in compliance  with Local Rule _____

9.    ( )    Document is illegible

10.    ( )    Leave of court required to file document

11.    ( )    Party not added to the case

12.    ( )    Incorrect PDF  document attached

13.    ( )    Party(ies) not terminated

**14.    (X)    Other: Pursuant to the Notice posted on CM/ECF:**

**NOTICE: It has come to our attention that some CM/ECF account holders are e-filing documents on behalf of others. This practice is not allowed and a Notice of Deficiency will be issued. Please remember that your CM/ECF user name and login constitute your signature for the purposes of electronic filing and as such, by e-filing for another attorney, you are in effect legally signing that document.**

TYPE OF ACTION:

1.    ( )    Action by the Court

**2.    (X)    Action by the Filer:**

( )    Refile document in correct case

( )    Refile corrected document

( )    Refile document when leave of the court is granted

( )    Refile document using correct event

**(X)    No further action required**

( )    Other: _____

Please be advised that failure to correct the above-noted deficiencies **WITHIN THREE (3) DAYS OF THE DATE OF THIS NOTICE** may result in the pleading(s) being stricken from the record.

electronically filed_____
MATTHEW J. DYKMAN
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RELIOS, INC., f/k/a
CARLISLE JEWELRY CO.,

       Plaintiff,

vs.                                    Case No. 07-CV-1124 PJK-LFG

U.S. JEWELRY HOUSE, LTD.,

       Defendant.

## CLERK'S CERTIFICATE OF DEFAULT

I, Matthew J. Dykman, Clerk of the United States District Court, District of New Mexico,

certify that the above-entitled cause was filed in the United States District Court, State of New

Mexico, and the records of my office indicate that service of process commanding the Defendant,

U.S. Jewelry House, Ltd. to appear and defend in this cause was effected by personal service of a

copy of the Summons and the Complaint on K. Jung, "Store Manager and Authorized Agent of

U.S. Jewelry House, Ltd.," by licensed process server on November 28, 2007 pursuant to Docu.

No. 9.

It further appears on the record that the above-named defendant has failed to plead or

otherwise defend as provided by the Federal Rules of Civil Procedure.

WHEREFORE, I hereby certify that the above-named defendant is in default.

DATED this 9th day of January, 2008.

                               MATTHEW J. DYKMAN
                               DISTRICT COURT CLERK

                               By: _____
                               Deputy Clerk

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that a true and accurate copy of the foregoing Clerk's Certificate of Default was sent, via U.S. Mail, to Defendant's mailing address, 1239 Broadway, New York, New York 10001, on this 10th day of January, 2008.

Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

## AMENDED NOTICE OF SETTING—STATUS CONFERENCES and MOTION HEARINGS

**TAKE NOTICE** that the cases listed below have been reset for status conferences or motion hearings on **TUESDAY, FEBRUARY 12, 2008, BEGINNING AT 10:00 A.M.** before the Honorable Paul J. Kelly, Jr., U.S. Circuit Judge, sitting by designation, at the Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, New Mexico (Pecos Courtroom-Third Floor).  **The prior setting of February 11, 2008, is hereby vacated.**  These proceedings are independent of and in addition to any proceedings otherwise scheduled by the assigned magistrate judge.

### Status Conferences

| | |
|---|---|
| 04cv347 PK/DJS | Ellenberg v. NMMI |
| 07cv416 PK/RLP | Zrilic v. Board of Regents for New Mexico Highlands Univ. |
| 07cv1035 PK/DJS | Lujan v. Bernalillo County Sheriff's Office |
| 07cv1156 PK/WDS | Vigil v. City of Espanola |

### Motion Hearings

| | |
|---|---|
| 07cv1124 PK/LFG | Relios, Inc. v. U.S. Jewelry House, Ltd. (Motion for Default Judgment–Doc. 13) |

**Amended Notice of Setting of Status Conferences and Motion Hearings**
**Page two**


    Please direct all inquiries regarding these settings to:  Robert J. Tepper, deputy clerk to Judge Kelly, at (505) 988-6541.

                                   MATTHEW J. DYKMAN, Clerk

                                   _____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RELIOS, INC., f/n/a
CARLISLE JEWELRY CO.,

      Plaintiffs,

v.                                   No. 07-cv-1124 PJK/LFG

U. S. JEWELRY HOUSE, LTD.,

      Defendant.


**LIMITED ENTRY OF APPEARANCE**

      Modrall, Sperling, Roehl, Harris & Sisk, P.A. (William R. Keleher) hereby enters

its limited appearance for and on behalf of U. S. Jewelry House, LTD. for the limited

purpose of opposing this Court's personal jurisdiction over Defendant U. S. Jewelry

House, LTD.

                              MODRALL, SPERLING, ROEHL, HARRIS
                              & SISK, P.A.


                              By /s/ William R. Keleher, Attorney at Law
                                William R. Keleher
                                P.O. Box 2168
                                Albuquerque, NM 87103
                                505-848-1800
                                Attorneys for U.S. Jewelry


HEREBY CERTIFY that on the 11th
day of February, 2008, I filed to foregoing
electronically through the CM/ECF system,
which caused the following parties or counsel
to be served by electronic means, as more
fully reflected on the Notice of Electronic
Filing:

Dwayne Goetzel
Attorney for Plaintiff
dgoetzel@intprop.com

Barry D. Williams
Attorney for Plaintiff
bdw@nmcounsel.com


Modrall, Sperling, Roehl, Harris
     & Sisk, P.A.


By: /s/William R. Keleher, Attorney at Law
     William R. Keleher



K:\dox\client\90000\283\W0798665.DOC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RELIOS, INC., f/n/a
CARLISLE JEWELRY CO.,

       Plaintiffs,

v.                                 No. 07-cv-1124 PJK/LFG

U. S. JEWELRY HOUSE, LTD.,

       Defendant.

**OBJECTION TO MOTION FOR DEFAULT JUDGMENT AND MOTION TO
DISMISS AND IN THE ALTERNATIVE MOTION TO SET ASIDE DEFAULT
AND IN THE ALTERNATIVE OBJECTION TO ENTRY OF DAMAGE AWARD**

       U.S. Jewelry House, Ltd ("U.S. Jewelry") objects to entry of default judgment

because this court lacks personal jurisdiction over U.S. Jewelry, and, pursuant to Fed. R.

Civ. P 12(b)(2) moves the court to dismiss this action.  Further, and without waiving its

jurisdictional objection, U.S. Jewelry states that if the court does find that it has

jurisdiction over U.S. Jewelry, U.S. Jewelry requests that the clerk's entry of default be

set aside for good cause shown pursuant to Rule 55(c).  If the court does find jurisdiction

and does not set the clerk's entry of default aside, U.S. Jewelry requests that no damages

be awarded because the application does not properly support the award of any damages.

If the court determines that damages may be awarded, U.S. Jewelry requests that the

court schedule a full hearing on damages.

       **BACKGROUND**

       1.       U. S. Jewelry House is a jewelry wholesaler located in New York which

purchases and sells wholesale jewelry.  U.S. Jewelry purchases "custom" and "fashion"

jewelry from importers.  The importers are also located in New York.  The importers

purchase the jewelry from various sources outside of the United States.  Affidavit of Kyung Hun Jung ("Jung"), ¶¶ 2, 3.

2.     U.S. Jewelry does not manufacture or design jewelry.  U.S. Jewelry is strictly a jewelry wholesaler.    Jung, ¶ 5.

3.     U. S. Jewelry's business is located at 1239 Broadway, New York, N.Y. Its operation at that location includes its offices, its showroom and its "warehouse" where it stores its jewelry.  It does not have any other business locations.  Jung, ¶ 6.

4.     U.S. Jewelry sells only to its "member retailers."  In order to become a member retailer, U. S. Jewelry requires that its potential members provide evidence, such as a "resale certificate," or license, from a state licensing or regulatory entity showing that the potential customer is in business and has the proper licenses required to resell jewelry on a retail basis.  Jung, ¶ 7.

5.     The member retailers usually visit the showroom and examine the samples that are on display in the showroom.   The member retailer then selects the items and quantities it wants and purchases them.  Jung, ¶ 8.

6.     U. S. Jewelry does not have any member retailers who use a New Mexico address in their membership information provided to U. S. Jewelry.  Jung, ¶ 9.

7.     U. S. Jewelry does not do business with any retailers who are based in New Mexico.  Jung, ¶ 9.

8.     U.S. Jewelry does not do any business in New Mexico.  Jung, ¶ 9.

**I.     This court does not have and should not exercise personal jurisdiction over U.S. Jewelry because it does not do business or have other contacts with the state of New Mexico.**

Personal jurisdiction is an essential element of a court's jurisdiction, without which the court" is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584, 119 S. Ct. 1563, 1570 (1999). A court without jurisdiction over the parties cannot render a valid judgment. *OMI Hodings v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1090 (10th Cir. 1998).

The forum state's laws of personal jurisdiction apply whether the subject matter jurisdiction is based on diversity or a cause of action under the Copyright Act. *See Far W. Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995) (diversity action) and *Fort Knox Music, Inc. v. Baptiste*, 203 F.3d 193, 196 (2d Cir. 2000) (copyright action). Defendant U.S. Jewelry is a New York Corporation with its only place of business in New York. This Court can exercise jurisdiction over U.S. Jewelry only if the requirements of New Mexico's long-arm statute, § 38-1-16 NMSA 1978, and the United States Constitution, are satisfied.

The due process clause of the 14th Amendment to the United States Constitution requires that a nonresident defendant must have sufficient "minimum contacts" with the forum state that the exercise of jurisdiction will not violate "traditional concepts of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945). Under the due process analysis, there are two types of personal jurisdiction. "[W]hen a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum, the State is exercising 'specific jurisdiction' over the defendant." *Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). "When a State exercises personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum,

the State has been said to be exercising 'general jurisdiction' over the defendant." *Id*. at

415 n.9.  By expressly limiting jurisdiction over non-resident defendants to actions that

arise out of contacts with the state, however, New Mexico's long-arm statute allows only

the exercise of specific jurisdiction.  NMSA § 38-1-16(C) ("Only causes of action arising

from acts enumerated in this section may be asserted against a defendant in an action in

which jurisdiction is based upon this section.")

New Mexico courts apply a three-part test to determine whether personal

jurisdiction exists:  "(1) Did [defendant] commit an act or omission specifically set forth

in the long-arm statute; (2) Does [plaintiff's] cause of action arise out of the alleged acts

or omissions; and (3) Has [defendant] established sufficient minimum contacts with New

Mexico to satisfy due process concerns?"  *Tercero v. Roman Catholic Diocese*, 2002-

NMSC-018, ¶ 8, 48 P.3d 50, 54.  The plaintiff bears the burden of establishing personal

jurisdiction over the defendant. *OMI Holdings*, 149 F.3d at 1091.

Plaintiff's complaint does not allege any facts supporting even a prima facie

showing of personal jurisdiction over U.S. Jewelry.  The only allegations contained in the

Complaint regarding jurisdiction are vague and conclusory.  Plaintiff alleges that the

court may exercise jurisdiction "based on Defendant's acts of directing infringing jewelry

into this judicial district and/or placing goods in the stream of commerce with knowledge

that such goods would pass into this judicial district."  Complaint, ¶ 3.  Plaintiff does not

allege even one specific act by which U.S. Jewelry "directed" infringing jewelry into

New Mexico.  Instead, Plaintiff only alleges, "upon information and belief," that U.S.

Jewelry "sold jewelry to retailers and/or consumers within this judicial district" or

"alternatively" that U.S. Jewelry placed such jewelry in the stream of commerce with

knowledge that such goods would eventually end up in New Mexico. As is established by Mr. Jung's affidavit, U.S. Jewelry does not sell to individuals, does not have any member retailers who are based in New Mexico, and does not even know if any of its customers have any business in New Mexico. Jung, ¶ 9. Because Defendant lacks any contacts with New Mexico, it certainly lacks the constitutionally required minimum contacts required for this court to hale U.S. Jewelry into this court.

Moreover, this court may not exercise jurisdiction because the case does not meet the requirements of New Mexico's long arm statute. The first requirement of that statute is the commission by the defendant of one of the following types of acts: "(1) the transaction of any business within this state; (2) the operation of a motor vehicle upon the highways of this state; (3) the commission of a tortious act within this state; [and] (4) the contracting to insure any person, property or risk located within this state at the time of contracting." NMSA 1978, § 38-1-16 (A). Additionally, such act must be the act leading to the alleged cause of action. NMSA 1978, § 38-1-16(C); *Tercero v. Roman Catholic Diocese*, 2002-NMSC-018, ¶ 8, 48 P.3d 50, 54.

In this case the Plaintiff does not allege that U.S. Jewelry was doing business in New Mexico. Instead, Plaintiff generally alleges that U.S. Jewelry purchased and sold allegedly copyrighted jewelry but does not allege where such sales occurred. Complaint, ¶ 10. There is simply no allegation that U.S. Jewelry did any business in New Mexico. Because Plaintiff has failed to allege that U.S. Jewelry transacted business within New Mexico, or did any of the other required acts, the Plaintiff cannot establish that U.S. Jewelry is subject to personal jurisdiction in this Court under New Mexico's long arm statute. The failure to allege and establish that U.S. Jewelry did business (or one of the

5

other enumerated acts) is fatal to the exercise of jurisdiction in this case.  That is not

Plaintiff's only failure under the Long Arm Statute.

New Mexico law also requires that the alleged actionable conduct arise out of the

enumerated act.  In this case, because the Plaintiff did not allege, and will not be able to

establish, that U.S. Jewelry did business in New Mexico, it will also be unable to

establish that its alleged cause of action arose from such business activity.  Therefore,

Plaintiff will also be unable to establish the second part of the three part jurisdiction test.

Finally, as noted, U.S. Jewelry does not have any contacts with New Mexico.

Therefore, the Plaintiff will also be unable to establish that U.S. Jewelry has sufficient

contacts with New Mexico to satisfy due process concerns.  Plaintiff has the burden of

demonstrating to the Court that U.S. Jewelry purposely availed itself of the privilege of

doing business in New Mexico. *OMI Holdings*, 149 F.3d at 1092.  Purposeful availment

requires actions by a defendant which "create a substantial connection with the forum

state." *Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102, 109

(1987).  The Tenth Circuit examines the "quantity and quality" of a defendant's contacts

with the forum state. *OMI Holdings*, 149 F.3d at 1092.  Defendant's contacts with the

forum state must be of such quantity and quality that he or she should reasonably

anticipate (foresee) being haled into court there. *World-Wide Volkswagen Corp. v.*

*Woodson*, 444 U.S. 286, 297 (1980).  As discussed previously, U.S. Jewelry has no

contacts with New Mexico.  Jung, ¶ 9.  Based upon Defendant's complete lack of contact

with New Mexico, it is clear that U.S. Jewelry did not and could not reasonably anticipate

that it would by haled into court in New Mexico.

Requiring U.S. Jewelry to defend this action in New Mexico would violate due process and U.S. Jewelry respectfully requests that the case be dismissed for lack of personal jurisdiction.

> **II.      The clerk's entry of default should be set aside to allow a decision on the merits.**

Fed. R. Civ. P. 55(c) provides that the Court may set aside an entry of default "for good cause shown."  The standard for setting aside a clerk's entry of default under Rule 55(c) is a lesser standard than the excusable neglect that must be shown to obtain relief from a judgment.  *Dennis Garberg & Assocs. v. Pac-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th cir. 1997).   The factors that courts consider include 1) whether the default was the result of culpable conduct of the defendant, 2) whether the plaintiff would be prejudiced if default were set aside, and 3) whether the defendant presents a meritorious defense.  *Porter v. Brancato*, 171 F.R.D. 303, 304 (D. Kan. 1997).  The court may also consider the goal of having disputes resolved on the merits rather than by default.  *Walker v. UPS*, 240 F.3d 1268, 1272 (10th Cir. 2001).

In this case, the default is not the result of culpable conduct by the Defendant.  When defendant received the complaint it sent the complaint to its counsel.  Jung, ¶ 10.  Defendant did not, however, understand that it had to file a responsive pleading until after it received the motion for default.  Jung, ¶ 11.  Once it understood it had to respond it hired counsel in New Mexico and has appeared to challenge this court's jurisdiction.  Thus, the first factor weighs in favor of setting aside the default.

There will be no prejudice to the plaintiff other than the loss of the windfall granted by the delay in responding to the complaint.  The loss of a windfall is not

"prejudice" and should not be considered.  Therefore, the second factor weighs in favor of setting aside the default.

The third factor that this Court may consider is whether there is a meritorious defense.   Defendant U.S. Jewelry has many strong defenses which it should be allowed an opportunity to establish.  Those defenses include the following:

- Defendant denies that it purchased or sold the jewelry question.  In other words, U.S. Jewelry seeks an opportunity to prove that it did not infringe.

- Defendant does not have any such jewelry in its current inventory and does not intend to purchase or sell such jewelry.

- Defendant did not act willfully.

- The action may be barred by the applicable statute of limitations.  The Copyright Act contains a three year statute of limitations.  17 U.S.C.A §507.  The complaint does not allege when the sale occurred so it is possible that the alleged transaction is barred by the statute of limitations.

The standard for determining whether a "meritorious defense" exists is not high. *See Jetcraft Corp. v. Banpais, S.A. de C.V.*, 166 FRD 483, 486 (D.Kan. 1996) (It is not necessary to show likely success on the merits to establish a meritorious defense. Instead, a defendant need only plausibly suggest the existence of facts which would constitute a defense if proven at trial.)  Therefore the third factor of a meritorious defense weighs in favor of setting aside the default.

Finally, Defendant U.S. Jewelry requests that the court consider the general preference that cases be decided on their merits.  In this case, the Plaintiff has alleged "upon information and belief" that it be awarded $150,000 of statutory damages,

injunctive relief, plus costs and attorneys fees.  Before such substantial relief is granted,

especially when the complaint makes general and alternative allegations based upon

"information and belief," the merits of the case should be considered.

> ### III.    No default judgment should be entered because plaintiff has not submitted adequate support for its damages claim.

Plaintiff's application for default judgment seeks an award of $150,000 of

statutory damages and "more than" $5,650.00 of attorneys' fees and costs.  Its allegation

of damages is supported only by an unsworn "declaration of sum certain" signed by Robb

Haltom.  The application is deficient because it misstates the amount of statutory

damages that should be recovered.

The Copyright Act allows plaintiffs to elect statutory damages.  At 15 U.S.C.A

§504, the Act provides that a plaintiff may elect to recover "actual damages and profits"

or it may elect to recover statutory damages.  In its Motion for Default Judgment the

Plaintiff claims "an award of statutory damages of $150,000 is warranted, for

Defendant's willful infringement, as alleged in the Complaint."  The Motion does not

specify what alleged conduct supports its allegation that the infringement was "willful."

Nor does the complaint offer any specific allegations of conduct amounting to

"willfulness."  In fact, the complaint never even alleges that U.S. Jewelry knew that the

jewelry was copyrighted.  Instead, the only allegation regarding willfulness appears at

paragraph 19 of the complaint where Plaintiff claims:

> Upon information and belief, Defendant, and/or one or more persons
> who have supplied Defendant's Design to Defendant, have willfully,
> deliberately, and unlawfully copied Relios' Loving Family
> Jewelry….   (emphasis added)

As can been seen from the Plaintiff's own allegation, made only "upon information and belief," Plaintiff does not even claim to know who allegedly infringed on its design, or even whether it was defendant, or an unknown supplier of defendant, who allegedly infringed on the design.  Certainly U.S. Jewelry should not be held liable for willful infringement when the plaintiff does not even argue that it was U.S. Jewelry who allegedly behaved willfully.  Given Plaintiff's failure to allege specific actions by U.S. Jewelry, and its failure to offer any evidence of willfulness, there is nothing in the record to support such a finding.

The Plaintiff has also failed to bring all of the damages provisions of the Copyright Act to the court's attention.  At 15 U.S.C.A §504(c)(1), the statute states:

> Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.

As can be seen, absent a finding of willful infringement, if the court finds that a violation has occurred, the Act gives the court discretion to award damages in a range of $750 to $30,000, "as the court considers just."

The plaintiff does not mention this provision, but instead seeks $150,000, which is the maximum award of statutory damages. But statutory damages of more than $30,000 are only awarded upon an express finding of willfulness.  If there is an express finding of willfulness, then the award does not have to be $150,000.  Instead, the statute

provides that the amount of the award is in the court's discretion, but states that the award

may not exceed $150,000.  In that regard the statute states:

> In a case <u>where the copyright owner sustains the burden of proving, and
> the court finds, that infringement was committed willfully,</u> the <u>court in its
> discretion</u> may increase the award of statutory damages to a sum of not
> more than $150,000.

15 U.S.C.A §504(c)(2) (emphasis added)

Even more important, the statute provides that the court may reduced the award of

statutory damages to "not less than $200" "where the infringer sustains the burden of

proving, and the court finds, that such infringer was not aware and had no reason to

believe that his or her acts constituted an infringement of copyright."  *Id.*  In this case if

an award of statutory damages were made, it should be reduced because U.S. Jewelry

was not aware and had no reason to believe that his or her acts constituted an

infringement of copyright.   Mr. Jung's affidavit establishes that the defendant does not

even believe it even sold the jewelry in question.  Jung, ¶ 12.   Moreover, the Plaintiff has

not alleged any facts which would show that U.S. Jewelry had any reason to know, at the

time the alleged sales took place, that the material was copyrighted.  Because there is no

evidence that would support a finding of any willful conduct by U.S. Jewelry, the court

should exercise its discretion to reduce any award of damages to not less than $200.

### CONCLUSION

Defendant U.S. Jewelry respectfully requests that the Complaint be dismissed for

lack of personal jurisdiction.  Alternatively, if the court does find that it has jurisdiction

of this matter, Defendant respectfully requests that the court set aside the Default and

hear the case on its merits.  Finally, if the court determines that the default should not be

set aside, then Defendant respectfully requests that no damages be entered or that a full

hearing on damages be held where all issues regarding damages may be considered.

Respectfully Submitted,

MODRALL, SPERLING, ROEHL, HARRIS
    & SISK, P.A.

By /s/ William R. Keleher, Attorney at Law
    William R. Keleher
    P.O. Box 2168
    Albuquerque, NM 87103
    505-848-1800
    Attorneys for U.S. Jewelry

I HEREBY CERTIFY that on the 11th
day of February, 2008, I filed to foregoing
electronically through the CM/ECF system,
which caused the following parties or counsel
to be served by electronic means, as more
fully reflected on the Notice of Electronic
Filing:

Dwayne Goetzel
Attorney for Plaintiff
dgoetzel@intprop.com

Barry D. Williams
Attorney for Plaintiff
bdw@nmcounsel.com

Modrall, Sperling, Roehl, Harris
    & Sisk, P.A.

By: /s/William R. Keleher, Attorney at Law
    William R. Keleher

K:\dox\client\90000\283\W0798438.DOC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RELIOS, INC., f/n/a
CARLISLE JEWELRY CO.,

      Plaintiffs,

vs.                     No. 07-cv-1124 PJK/LFG

U. S. JEWELRY HOUSE, LTD.,

      Defendant.

## <u>AFFIDAVIT OF KYUNG HUN JUNG</u>

      Kyung Hun Jung, being first duly sworn upon his oath, states and deposes as follows:

      1.     My name is Kyung Hun Jung.  I am over the age of 18 years and have personal knowledge of the information contained in this Affidavit.

      2.     I am president of U. S. Jewelry House, Ltd.  ("U.S. Jewelry").  U. S. Jewelry is a New York corporation.

      3.     U. S. Jewelry House is a jewelry wholesaler which purchases and sells wholesale jewelry.  U.S. Jewelry purchases "custom" and "fashion" jewelry from importers.  The importers are also located in New York.  The importers purchase the jewelry from various sources outside of the United States.

      4.     When U.S. Jewelry purchases the jewelry from the importers, it buys it "by the dozen."  U.S. Jewelry then sells the jewelry to retailers.  Sales to the retailers are sold by the item.  That is, the retailers may purchase the items in any quantity from U.S. Jewelry.

5.    U.S. Jewelry does not manufacture or design jewelry. U.S. Jewelry is strictly a jewelry wholesaler.

6.    U. S. Jewelry's business is located at 1239 Broadway, New York, N.Y. Its operation at that location includes its offices, its showroom and its "warehouse" where it stores its jewelry. It does not have any other business locations.

7.    U. S. Jewelry does not employ any "outside" salesmen. U.S. Jewelry sells only to its "member retailers." In order to become a member retailer, U. S. Jewelry requires that its potential members provide evidence, such as a "resale certificate," or license, from a state licensing or regulatory entity showing that the potential customer is in business and has the proper licenses required to resell jewelry on a retail basis.

8.    The member retailers usually visit the showroom and examine the samples that are on display in the showroom. The member retailer then selects the items and quantities it wants and purchases them.

9.    U. S. Jewelry has a database of its member retailers. That database is kept in the ordinary course of its business. It has reviewed its data base of its member retailers and has not found any member retailers who use a New Mexico address in their membership information with U. S. Jewelry. U. S. Jewelry does not track where its retailers may do business, but it is unaware of any of its member retailers having retail outlets in New Mexico. As president of U. S. Jewelry, I am aware of U. S. Jewelry's business. U. S. Jewelry does not do business with any retailers who are based in New Mexico. In fact, U.S. Jewelry does not do any business in New Mexico. Its first contact with New Mexico began when it began looking for counsel in New Mexico.

10.    U. S. Jewelry had not received any communication from Relios, Inc. until it was served with the Complaint in this action. When U. S. Jewelry received the Complaint, it was forwarded to an attorney who has in the past done work for U. S. Jewelry. That attorney, Yu Mi Hong, spoke with the attorneys for the Plaintiff.

11.    I did not understand that U. S. Jewelry had to file an answer to the complaint.

12.    U.S. Jewelry reviewed its records and determined that it had not sold the jewelry identified in the Complaint. U.S. Jewelry has also confirmed that it does not currently have any such jewelry in its inventory.

13.    Sometime after January 8, 2008, U. S. Jewelry received a copy of a "Praecipe," a "Declaration of Sum Certain", a Certificate of Service and a Motion for Default Judgment. Upon receipt of those documents, U. S. Jewelry again forwarded to documents to Ms. Hong. On January 28, 2008, U. S. Jewelry concluded that it needed to hire New Mexico counsel. U. S. Jewelry had never before hired counsel in New Mexico. U.S. Jewelry contacted the Modrall Sperling firm for the first time on February 7, 2008, and hired Modrall Sperling on February 8, 2008.

14.    I have reviewed the allegations contained in the complaint and believe many of the allegations are untrue.

    a.    Paragraph 8 of the Complaint alleges that U. S. Jewelry "sells jewelry to various customers, through various means, including, but not limited to mail order product catalogs, brochures, flyers, and by virtue of its Internet web site." As mentioned, U. S. Jewelry only sells jewelry to its member

3

retailers. The vast majority of those sale occur in its show room in New York. U.S. Jewelry has never sold jewelry in New Mexico.

b.  Paragraph 8 implies that U.S. Jewelry manufactures and/or imports jewelry. It does not manufacture or import jewelry.

c.  Paragraph 9 alleges that U.S. Jewelry sold jewelry to retailers and/or consumers in New Mexico. As mentioned, U.S. Jewelry does not sell to consumers and does not sell to any retailers in New Mexico.

d.  Pargraphs 10 through 13 allege that U.S. Jewelry used Relios' copyrighted design. U.S. Jewelry has reviewed its records and has not found any evidence that it sold jewelry which used Relios' copyrighted design. U.S. Jewelry does not currently possess and does not plan to purchase or sell any jewelry which infringes on Relios' copyrighted design.

15.    As mentioned, U.S. Jewelry has never purchased or sold jewelry in New Mexico. Nor has it had done any business in New Mexico. U.S. Jewelry's only business is located in New York where it buys jewelry from importers and sells jewelry to retailers.

_Kyung H. Jung_
KYUNG HUN JUNG

STATE OF NEW YORK

COUNTY OF _Kings_

This instrument was subscribed and sworn to before me by Kyung Hun Jung on February _4_ 2008

My commission expires: _6/19/10_

_____
Notary Public

JASON NOVATT
Notary Public, State Of New York
No. 01NO6043465
Qualified In Kings County
Commission Expires 06/19/2010

4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RELIOS, INC.,
fna Carlisle Jewelry Co.,

       Plaintiff,

  vs.                              CIVIL NO.  07-1124 PJK/LFG

U.S. JEWELRY HOUSE, LTD.,

       Defendant.

## INITIAL SCHEDULING ORDER

      This cause is assigned to me for scheduling, case management, discovery and all non-dispositive motions.  The Federal Rules of Civil Procedure, as amended in 2000, as well as the local rules of the Court shall apply to this lawsuit.

      The parties, appearing through counsel or *pro se*, shall "meet and confer" no later than MARCH 3, 2008 to formulate a provisional discovery plan.  Fed. R. Civil. P. 26(f).  The time allowed for discovery is generally 120 to 150 days.  The parties will cooperate in preparing a *Joint Status Report and Provisional Discovery Plan ("JSR")*, which follows the sample JSR available at the Court's web site.[1] The blanks for suggested/proposed dates are to be filled in by the parties. Actual case management dates will be determined by the Court after consideration of the parties' requests.   Plaintiff, or Defendant in removed cases, is responsible for filing the JSR by MARCH 18, 2008.

---

[1]Pursuant to Administrative Order No. 06-173, the JSR replaces and supersedes the Provisional Discovery Plan and the Initial Pretrial Report, effective January 2, 2007.  Please visit the Court's web site, www.nmcourt.fed.us to download the standardized *Joint Status Report and Provisional Discovery Plan* form.

*December 2006*

Parties may not modify case management deadlines on their own. Good cause must be shown and the Court's express and written approval obtained for any modification of the dates in the Scheduling Order that issues from the JSR.

Initial disclosures under Fed. R. Civ. P. 26(a)(1) shall be made within fourteen days of the meet-and-confer session.

A Rule 16 scheduling conference will be conducted in my chambers, Suite 680, 333 Lomas Blvd., N.W., Albuquerque, New Mexico on **THURSDAY, MARCH 20, 2008**, at **9:00**.[2]

At the Rule 16 scheduling conference, counsel shall be prepared to discuss discovery needs and scheduling, all claims and defenses, the use of scientific evidence and whether a <u>Daubert</u>[3] hearing is needed, initial disclosures, and the timing of expert disclosures and reports under Fed. R. Civ. P. 26(a)(2). We will also discuss settlement prospects and alternative dispute resolution possibilities. Client participation is not required.

Pretrial practice in this cause shall be in accordance with the foregoing.

*Lorenzo F. Garcia*
LORENZO F. GARCIA
Chief United States Magistrate Judge
333 Lomas Blvd., Suite 680
Albuquerque, NM 87102
505-348-2320 (FAX 348-2324)

---

[2]Out-of-town counsel may appear by telephone. Please advise my chambers at least 24 hours prior to the scheduling conference if any counsel will appear by telephone. This office will initiate the call to counsel at the time of the conference.

[3] <u>Daubert v. Merrell Dow Pharmaceuticals</u>, , 509 U.S. 579, 113 S. Ct. 2786 (1993).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**Clerk's Minutes**

<u>Before the Honorable Paul J. Kelly, Jr.</u>

Case No. 07cv1124 PK/LFG                    Date:    February 12, 2008

Title:    Relios, Inc. v. U.S. Jewelry House

Courtroom Clerk:        Robert J. Tepper          Court Reporter:    Lisa Reincke

Court in Session:        10:33 am              Court in Recess: 10:52 am

Type of Proceeding:    Hearing on Motion for Default Judgment (Doc. 13)

Court's Rulings/Disposition: Court will await Plaintiff's response to Docs. 19 &  20 opposing default and

seeking to dismiss for lack of personal jurisdiction.  Defendant may then reply.

Order consistent with Court's ruling to be prepared by:

Deadline for submission of Order to Court: NA

ATTORNEYS PRESENT FOR PLAINTIFF(S):          ATTORNEYS PRESENT FOR DEFENDANT(S):
Barry Williams                               William Keleher

<u>Proceedings</u>:

| | |
|---|---|
| 10:33 am | Court in session.  Appearances. |
| 10:33 am | Court received Defendant's pleadings opposing default and seeking to dismiss (Doc. 19 and 20). |
| 10:34 am | Mr. Williams responds to those pleadings.  Defendant's interactive website permits orders to be made from New Mexico.  Mr. Williams contends that the affidavit of Mr. Jung (Doc. 20) is false.  Plaintiffs sent three letters by mail and fax to Defendant and no response.  Defendant is selling an infringing product. |
| 10:38 am | Mr. Williams agrees that complaint does not state a time period, but the complaint contains an website exhibit–April 14, 2007.  The affidavit states that the company president did not |

understand that a response was required. Attorney was informed January 10. Defendant made no effort to enter an appearance until the day before hearing, and it is late on its response to Plaintiffs' motion for default judgment. Defendant sells through the internet and the disclaimer on website indicates that it is a knock-off shop.

10:41 am     Mr. Williams relies on Nestle Prepared Foods Co. v. Pocket Foods Corp., 2007 WL 1058550 (D. Colo. 2007) finding that an interactive website was sufficient contact for long-arm statute and personal jurisdiction over infringers comported with due process.

10:43 am     Mr. Williams acknowledges that cases dealing with purchasers purchasing a product through a website–essentially one contact–is not enough.

10:44 am     Mr. Keleher–here, member-retailers purchase from wholesaler.

10:45 am     Discussion of Origins Natural Resources, Inc. v. Kotler, 133 F. Supp. 2d 1232 (D.N.M. 2001) holding that although selling infringing goods in New Mexico might be sufficient for long-arm jurisdiction, it does not necessarily satisfy the purposeful availment required by due process.

10:47 am     Mr Keleher.  Will not address the merits at this point [will be briefed].  Court should reference the New Mexico long-arm statute.  No allegation of transacting business in New Mexico.  Specific jurisdiction has to arise out of transaction of business here.

10:49 am     Mr. Williams.  New Mexico long-arm statute first, then Fourteenth Amendment analysis. Issue of whether one sale would be enough.  The affidavit of Defendant's president does not address the website.

10:51 am     Plaintiffs should respond to issues raised by the objection to the motion for default judgment, motion to dismiss, etc. (Doc. 19).  Defendant may then reply.

10:52 am     Court in recess.

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **RELIOS, INC. f/k/a** | § | |
| **CARLISLE JEWELRY CO.** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| | § | **Cause No. 07-CV-1124 PJK/LFG** |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **U.S. Jewelry House, Ltd.** | § | |
| | § | |
| **Defendant** | § | |

---

## RELIOS' RESPONSE TO DEFENDANT'S OBJECTION TO MOTION FOR DEFAULT JUDGMENT AND MOTION TO DISMISS AND IN THE ALTERNATIVE MOTION TO SET ASIDE DEFAULT AND IN THE ALTERNATIVE OBJECTION TO ENTRY OF DAMAGE AWARD

---

Relios, Inc. f/k/a Carlisle Jewelry Co. ("Relios") files this response in opposition to Defendant U.S. Jewelry House, Ltd.'s ("Defendant") above-referenced motion ("Defendant's Motion") (Doc. 19).

Defendant and its attorneys strategically decided to not file an answer to Relios' Complaint. Defendant admits that it was aware of this Complaint, was properly served the Complaint, and even contacted its attorney when it was served the Complaint. Under applicable case law, courts have consistently held that a party's conduct is considered "culpable" if that party receives actual or constructive notice of the filing of a complaint and does nothing. *See, e.g.*, Hunt v. Kling Motor Co., 841 F. Supp. 1098, 1105-07 (D. Kan. 1994).

Moreover, Defendant cannot present the Court with a meritorious defense to Relios' copyright infringement claims. Infringing jewelry was purchased from Defendant. The evidence presented in Relios' Complaint establishes that Defendant's jewelry infringes upon Relios' federally registered copyright. Defendant has not presented any evidence or allegations to defend against this

evidence.  In fact, Defendant acknowledges on its website that its jewelry will violate copyrights of others.  Specifically, Defendant states in its disclaimer:

> Jewelry illustrated on usjewelryhouse.com should not be confused with jewelry offered by **original designers**, **whose designs may be similar**.  usjewelryhouse.com sells affordable **adaptations** of designs that are comparable in quality sold by famous designers and manufacturers.  Said brand name competitors **do not manufacture or license our products**.

*See* page from usjewelryhouse.com website attached hereto as **Exhibit 1** (emphasis added).

Clearly, Defendant **knows** that its products infringe upon the original designs of others.

Allowing anything but a default judgment in this case will permit litigants and their attorneys to flaunt the Court's well established procedures, and to simply appear before the Court at their pleasure.  This would be contrary to the civil procedure established by the federal courts.  Defendant is willfully infringing upon the copyrights of Relios and apparently others.  The Court should not allow a defendant who does not have a meritorious defense to overturn the entry of default already issued by the Court.

With respect to the jurisdiction issue, Defendant's allegations regarding personal jurisdiction ignore Defendant's active website.  Under the relevant case law, this Court can establish personal jurisdiction if Defendant has an active website (*i.e.,* a website which allows the Defendant to engage in business or enter into contracts with residents of this Court's forum).  In this case, Defendant's website demonstrates that a customer or potential customer of Defendant can register with Defendant and purchase infringing jewelry through its website usjewelryhouse.com.  *See* Website pages, including ordering instructions, from usjewelryhouse.com attached hereto as **Exhibit 2**.  Defendant's website even provides customers with shipping information, including shipping information to New Mexico.  The Court therefore can and should find that the Defendant is subject to the jurisdiction of the Court.

In the alternative, if the Court finds that it cannot establish personal jurisdiction, Relios requests that the Court either (1) permit Relios to engage in limited discovery to establish the veracity of the facts alleged by Defendant in the Affidavit of Kyung Hun Jung submitted with Defendant's Motion, or (2) transfer this case to a district court in New York where Defendant's business is located.

Regardless, if the Court denies Relios' Motion for Default Judgment, Relios requests that the Court order Defendant to reimburse Relios for its costs and attorneys' fees to bring such motion, as such costs could have been avoided if Defendant would have simply followed the Court's established procedures and timely filed its motion.

## I.    __The Court Should Enter Default Judgment__.

Federal Rule of Civil Procedure 55(c) states in relevant part as follows:

> For good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

The Court may determine "good cause" by considering the following three (3) factors:

(1)    whether the default was the result of culpable conduct of the defendant;
(2)    whether the Relios would be prejudiced if the default should be set aside; and
(3)    whether the defendant has presented a meritorious defense to Relios' claim.

Kling Motor, 841 F. Supp. at 1105-06; Hunt v. Ford Motor Co., No. 94-3054, 1995 WL 523646, at *3 (10th Cir. Aug. 21, 1995).  In sum, the Court must "balance the interests of the defendant in the adjudication of the case on the merits, against the interests of the public and the court in the orderly and timely administration of justice."  Kling Motor, 841 F. Supp. at 1106.

Circumstances do exist, however, when the Court need not consider all of these factors.  For example, "the court may refuse to set aside a default, where the defaulting party has no meritorious defense, where the default is due to willfulness or bad faith, or where the defendant offers no excuse at all for the default."  Kling Motor, 841 F. Supp. at 1106.  Additionally, if the "default was the

result of culpable conduct on the part of the defendant, the court need not consider anything else in refusing to set aside the default judgment." Kling Motor, 841 F. Supp. at 1107; *see also* Ford Motor, 65 F.3d at *3.

In the case of Kling Motor, the district court for Kansas decided not to set aside the entry of default under FED. R. CIV. P. 55(c) solely based on the defendant's culpable conduct, and the court did not consider any other factors. *See* Kling Motor, 841 F. Supp. at 1107. The court in Kling Motor noted that the defendant was properly served with the complaint and summons. Additionally, the summons there stated clearly that defendants had twenty (20) days to answer the complaint, and that failure to answer would result in entry of default judgment. Despite this actual notice, the defendant in Kling Motor never filed an answer.

Based on these facts, the court in Kling Motor concluded as follows:

> There is no evidence before the court demonstrating that Kling Motor did not have actual knowledge of the complaint filed against it. Based upon the record before us, we conclude that Kling Motor's failure to answer was willful and demonstrated a flagrant disregard for the authority of the court.

Id. at 1106. In conclusion, the court in Kling Motor found that: "A defendant's conduct has been determined to be 'culpable' if he has received actual or constructive notice of the filing of the action and failed to answer." Id.

The conduct of the Defendant in this case is more egregious than that of the defendant in Kling Motor. Defendant admits that it was served with a copy of the Complaint filed by Relios in this case (*see* Aff. of Kyung Hun Jung ¶ 10) (Doc. 20). Relios also served Defendant with a summons from the Court that stated as follows:

> **YOU ARE HEREBY SUMMONED** and required to serve on RELIOS' ATTORNEY . . . an answer to the complaint which is served on you with this summons, within 20 days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

*See* Summons & Executed Return (Doc. 9). Defendant does not contest service of the Complaint and summons, and does not contest that it received actual knowledge of the Complaint and summons.

Moreover, unlike the defendant in <u>Kling Motors</u>, Defendant in this case admittedly contacted its attorney, provided the Complaint and summons to the attorney, and still failed to provide an answer to the Complaint as required by this Court. An attorney for Relios even contacted Defendant's attorney by telephone and letter to discuss the case and potential resolution of the matter a few days after the summons was served on Defendant. *See* December 5, 2007 letter attached hereto as **Exhibit 3**.[1] Defendant simply has no excuse for its failure to comply with the rules of civil procedure. Under these circumstances, such conduct is deemed culpable.

Defendant's Motion also alleges that the Court should set aside the default because Defendant has "strong defenses" (*see* Def.'s Mot. at 8). A simple examination of Defendant's "evidence" establishes that Defendant does not have any defenses to Relios' copyright infringement claims whatsoever. First, although Defendant denies that it purchased or sold the jewelry in question (*see* <u>id.</u>), Relios presented evidence of Defendant's sale of the infringing jewelry at the hearing held on February 12, 2008. Defendant has had no response to this evidence, and Defendant's denials are disingenuous. Defendant cannot escape liability in the face of evidence showing unequivocally that Defendant sold this infringing jewelry.

---

[1] Defendant may attempt to place the blame on its attorney for failing to provide a timely answer to the Complaint. The Court should reject any such "excuse." The summons served on the Defendant clearly states that Defendant must provide an answer within twenty (20) days. Defendant does not need an attorney to understand that action is required. Furthermore, it is unbelievable that a practicing attorney would not know that a timely answer or response to a complaint must be filed. This is a fundamental principle of civil procedure that any first-year law student knows. The Court should not allow Defendant and its attorney to plead ignorance to such obvious principles. Allowing Defendant to benefit in this manner would simply open the door to other litigants who do not bother to file answers or read a summons, knowing that their ignorance will suffice as an excuse to not follow the rules.

Defendant next alleges that its "current" inventory does not have such jewelry in it and it does not intend to purchase or sell such jewelry in the future.  *See* Def.'s Mot. at 8.  This is irrelevant.  Defendant's actions to date speak louder than its unsupported allegations of future intent.  Defendant also alleges in a conclusory fashion and without evidence that it "did not act willfully."  The evidence from Defendant's own website demonstrates that Defendant knew that its jewelry infringed the copyrights of the original creators.  Again, Defendant's own website tellingly includes a "disclaimer" proving that Defendant knowingly copies and/or sells jewelry designs owned by others, without the consent of the owners:

> Jewelry illustrated on usjewelryhouse.com should not be confused with jewelry offered by **original designers**, **whose designs may be similar**.  usjewelryhouse.com sells affordable **adaptations** of designs that are comparable in quality sold by famous designers and manufacturers.  Said brand name competitors **do not manufacture or license our products**.

*See* **Exhibit 1** (emphasis added).  It is untenable for Defendant to allege with a conclusory claim that its conduct is not willful, yet have statements on its website that clearly indicate otherwise.

Defendant's final piece of "evidence" is that Relios' action "may" be barred by the statute of limitations.  Defendant's infringing jewelry was purchased by a third party in 2007, which is obviously within three (3) years of the filing date of the Complaint.  *See* Receipt from U.S. Jewelry House, attached hereto as part of **Exhibit 3**.  Defendant's alleged "defense" is totally without merit.[2]

Under the holding in <u>Kling Motors</u>, the Court need only consider the Defendant's culpable conduct in rejecting Defendant's motion and entering a default judgment in the case.  This Court may also deny Defendant's Motion solely because Defendant also does not have any valid defenses

---

[2] If Defendant truly had evidence for this defense, then it should be able to produce it to the Court because it would have sales records related to the infringing jewelry.  The fact that Defendant does not produce any evidence demonstrates that Defendant's defense is without merit.

to the copyright infringement claims.  For these reasons, Relios respectfully requests that the Court deny Defendant's Motion and enter a default judgment in favor of Relios.

## II.    <u>The Court Has Personal Jurisdiction Over the Defendant</u>.

Defendant's Motion fails to consider personal jurisdiction established due to Defendant's active website.  Federal courts have established a three-part sliding scale to determine whether a defendant's website can establish personal jurisdiction.  *See, e.g.*, <u>Zippo Mfg. Co. v. Zippo Dot Com, Inc.</u>, 952 F. Supp. 1119 (W.D. Pa. 1997); <u>Soma Med. Int'l v. Standard Chartered Bank</u>, 196 F.3d 1292, 1296 (10th Cir. 1999).  At one end of the scale are "active" websites.  These websites include websites where defendants "clearly do business (*i.e.*, enter into contracts) with residents of the forum over the Internet and thus should be subject to personal jurisdiction." <u>Litmer v. PDQUSA.com</u>, 326 F. Supp. 2d 952, 957 (N.D. Ind. 2004); *see also* <u>Zippo</u>, 952 F. Supp. at 1124.[3] At the other end of the spectrum are "passive" websites.  These websites "merely 'make information available to those who are interested' and thus should not be subject to personal jurisdiction." <u>Litmer</u>, 326 F. Supp. 2d at 957.  In the middle of "active" and "passive" websites are "interactive" websites.  These websites allow the user to "exchange information with the host computer" but do not allow a user to enter into a contract with the defendant.  <u>Id</u>.

In <u>Litmer</u>, the federal court found that the defendant's website was "interactive" and contained sufficient interactivity alone to support the exercise of personal jurisdiction.  In its decision, the court in <u>Litmer</u> noted that the defendant's website allowed users to transmit order information through the website (including amount of product, shipping information, and addresses) and sign up for advertising mailing lists.  The court there also concluded that the defendant's

---

[3] Defendants in this case have an "active" website, as will be established by the evidence presented herein.

website would be "active" if the website would have accepted credit card information (which it did not). *See* <u>id.</u> at 957, n.5.

In the present case, Defendant's website usjewelryhouse.com ("Defendant's Website") has all of the factors identified by the <u>Litmer</u> court as an "active" website. Defendant's Website displays jewelry for sale by Defendant. *See* **Exhibit 2**. Defendant's Website allows a customer to order its jewelry by (1) registering with Defendant's Website, (2) ordering a quantity of jewelry, (3) entering billing and shipping information, (4) choosing shipping methods (including information about shipping to New Mexico), and (5) using a credit card to order the jewelry. *See* Ordering instructions in **Exhibit 2**. Defendant's Website also allows customers to subscribe to receive "promotional information" via e-mail from Defendant. *See* Subscription instructions in **Exhibit 2**.

Given this, Defendant's Website clearly falls within the scope of an "active" website and the Court's exercise of jurisdiction over the Defendant is "presumptively proper." <u>Id.</u> at 957, n.5. Furthermore, Relios' copyright cause of action <u>arises out of</u> Defendant's conduct via Defendant's Website. Relios' Complaint alleges: "Defendant has impermissibly imported, distributed, marketed, sold and/or publicly displayed Defendant's Design." (Doc. 1 ¶ 16). The primary purpose of Defendant's Website is to distribute, market, sell, and display Defendant's jewelry.

For these reasons, the Court should find that personal jurisdiction is proper.

**III.**    <u>**Alternatively, the Court Should Allow Discovery or Transfer the Case.**</u>

In the event that the Court finds that it does not have personal jurisdiction over the Defendant, Relios requests that the Court allow Relios to conduct limited discovery to determine the extent of Defendant's contacts with the forum state. Alternatively, if the Court will not permit Relios to conduct discovery, then Relios requests that the Court transfer this case to the United States District Court for the Southern District of New York, where Defendant resides or has offices. (*See* Doc. 20 ¶ 6; Doc. 19 at 2, 3.) In that district, Defendant would be subject to "general" as well

as "specific" personal jurisdiction.  *See, e.g.,* <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 414 n.8 (1984); <u>id</u>. at 415 n.9.  To be sure, Defendant has violated federal law and infringed Relios' copyrights.  Relios is entitled to assert its rights under federal law, and Defendant is liable to Relios.

If the Court determines that it does not have personal jurisdiction over Defendant, then transfer to the Southern District of New York is appropriate and in the interests of justice.  *See, e.g.*, <u>Fort Knox Music, Inc. v. Baptiste</u>, 257 F.3d 108, 111-12 (2d Cir. 2001) (<u>citing</u> <u>Goldlawr, Inc. v. Heiman</u>, 369 U.S. 463 (1962)).  Here, as asserted, Relios has reason to believe that this Court has personal jurisdiction over Defendant by virtue of specific jurisdiction.  Despite the evidence, Defendant seeks to elude jurisdiction in this Court by making questionable and disingenuous denials.  Accordingly, if the Court ultimately determines that it does not have sufficient evidence on which to base personal jurisdiction over Defendant and determines that Relios should not be allowed to engage in discovery to prove such jurisdiction, the interests of justice dictate that the Court should keep the case alive, transferring it to the Southern District of New York pursuant to 28 U.S.C. §§ 1404(a) & 1406(a).  *Cf.* <u>Beh v. Ostergard</u>, 657 F. Supp. 173, 178 (D.N.M. 1987) (Conway, J.) ("The clear majority of courts which have considered the question hold that lack of *in personam* jurisdiction does not, in and of itself, preclude transfer under § 1404(a)."); <u>id</u>. at 179 ("Because the language in §1404 is even broader than the language in § 1406, I conclude that the same reasons which would justify a transfer under § 1406 would also justify transfer under § 1404").

## IV.  **The Court Should Grant Sanctions Against Defendant for Defendant's Failure to Comply with the Court's Procedures.**

If the Court does not grant Relios a default judgment, Relios requests that the Court order Defendant and/or its New York counsel to pay Relios for its costs and expenses related to bringing

Relios' Motion for Default Judgment.  In the case of <u>Harris v. Advance Sys., Inc.</u>, Civ. A. No. 92-1108-B, 1992 WL 221755, at *2 (D. Kan. Aug. 19, 1992), the Defendant failed to file an answer to the complaint within the twenty (20) day time period despite being aware of the suit.  The <u>Harris</u> court found such strategy to be "ill-advised."  <u>Id</u>.

The <u>Harris</u> court then concluded as follows:

> The court finds, however, that defendants' attorney **has unreasonably and vexatiously multiplied these proceedings by simply ignoring the lawsuit until plaintiff had incurred the expense of seeking default judgment**.  Accordingly, pursuant to 28 U.S.C. § 1927, the court **will order attorney Davisson personally to reimburse plaintiff for attorney fees associated with plaintiff's efforts to obtain and retain default**.

<u>Id.</u> (emphasis added).

Relios seeks a similar result here.  Defendant's attorney ignored the lawsuit and allowed the twenty (20) day answer period to lapse.  Relios then incurred the expense of bringing its Motion for Default Judgment against Defendant, only to have Defendant file an untimely motion on the eve of the default hearing.  If Defendant and its attorney had acted timely, then Relios' expenses related to its motion would have been avoided.  Under these circumstances, Defendant and/or Defendant's responsible attorney should be required to reimburse Relios for its attorneys' fees and expenses incurred.

Electronically Filed

Respectfully submitted,

MEYERTONS, HOOD, KIVLIN,
  KOWERT & GOETZEL, P.C.

By   /s/ Dwayne K. Goetzel
Dwayne K. Goetzel
700 Lavaca St., Suite 800
Austin, Tx. 78701
Tel:    (512) 853-8800
Fax:    (512) 853-8801
e-mail: dgoetzel@intprop.com

-and-

BANNERMAN & WILLIAMS, P.A.

By   /s/ Barry D. Williams
Barry D. Williams
2201 San Pedro NE, Bldg. 2, Suite 207
Albuquerque, NM 87110
(505) 837-1900; (505) 837-1800 (fax)
ATTORNEYS FOR RELIOS

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of February 2008, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, whereby a copy of the foregoing was served by electronic mail on all counsel of record as shown below:

William R. Keleher
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
P.O. Box 2168
Albuquerque, NM 87103

/s/ Dwayne K. Goetzel

# EXHIBIT 1



• MY ORDER   • MY ACCOUNT   • SHOPPING CART   • WISH LIST   • LOG-IN

Search [＿＿＿＿＿＿] [Entire Site]

**HOTTEST SELLERS**
Necklaces
Bracelets
Earrings

**SHOP BY COLLECTION**
Semi Precious Stones
Sterling Silver 925
Swarovski Crystals
Silver Marcasites
USJH Exclusive

**SHOP BY CATEGORY**
Earrings
Necklaces
Bracelets
Rings
Necklace Sets
Hair Accessories
Body Jewelry
Miscellaneous
Fashion Accessories

**SHOP BY ARRIVAL DATE**
02/12/2008
02/11/2008
02/10/2008
02/09/2008
02/08/2008
More ..

**SHOP BY PRICE RANGE**
[ALL CATEGORIES]
Under $5(5319)
5 - $9.99(4165)
10 - $14.99(918)
15 - $19.99(352)
20 - $24.99(156)
25 - $29.99(62)
Over $30 (166)

**SHOP BY SEASONAL/HOLIDAY**
Valentine's Day
Easter
St Patrick's Day
Independence Day
Christmas

**SALE ITEMS**

FEATURED ITEMS  more



HOTTEST SELLERS  more          NEW ARRIVALS  more


00088354     › more


00081671     › more


00100285     › more


00100308     › more


00100282     › more


00098703     › more


00095131     › more


00100284     › more


00100293     › more


00100292     › more

customer support | more info | about us | contact us | privacy policy

Copyright 2007 usjewelryhouse.com. All rights reserved ./ Powerd by JOIT Solutions, Inc.



* MY ORDER    * MY ACCOUNT    * SHOPPING CART    * WISH LIST    * LOG-IN

Search [                    ] [Entire Site]

MORE INFO

**HOTTEST SELLERS**
Necklaces
Bracelets
Earrings

**SHOP BY COLLECTION**
Semi Precious Stones
Sterling Silver 925
Swarovski Crystals
Silver Marcasites
USJH Exclusive

**SHOP BY CATEGORY**
Earrings
Necklaces
Bracelets
Rings
Necklace Sets
Hair Accessories
Body Jewelry
Miscellaneous
Fashion Accessories

**SHOP BY ARRIVAL DATE**
02/12/2008
02/11/2008
02/10/2008
02/09/2008
02/08/2008
More...

**SHOP BY PRICE RANGE**
[ALL CATEGORIES]
Under $5(5319)
5 - $9.99(4165)
10 - $14.95(918)
15 - $19.99(392)
20 - $24.99(156)
25 - $29.99(62)
Over $30 (166)

**SHOP BY SEASONAL/HOLIDAY**
Valentine's Day
Easter
St Patrick's Day
Independence Day
Christmas

**SALE ITEMS**

**SECURITY &PRIVACY**

In order to protect the privacy of our customers, we have established the following policy: Your personal information, including name, address, telephone number, e-mail address or credit card numbers, will never be sold or given to a third party. This information will remain the sole property of U.S. Jewelry house and used only to help us serve you better

If you wish to change any of your personal information, you can do so at any time by going to "My Account". Click on the feature you wish to modify: Login Info, Buyer Info, Business Info, Payment Info or Shipto Info. You will be able to change any of this information

**CLAIMS**

- If merchandise is found to be defective in workmanship or material, a RETURN AUTHORIZATION number must be requested within **7 days** from date of invoice. The defective merchandise will then be replaced or repaired. There will be no exchanges or credit on merchandise that is not defective.
- DEFECTIVE MERCHANDISE MUST BE RECEIVED WITHIN 14 DAYS OF ISSUANCE OF RETURN AUTHORIZATION OR RA NUMBER WILL BE CANCELLED.

**RETURN OR CANCELLATION**

- All sales are final, NO REFUNDS WILL BE GIVEN.
- **Cancellation of your order after 24 hours from the time of submitting the order or failure to accept delivery will result in a restocking fee of 15%.**

**HOW TO RE-ORDER**

- Use the **ITEM NUMBER** on the bar code tag or on your invoice.
- **CALL 1-(646)-861-4548** with the item #.
- Visit our web site: **www.usjewelryhouse.com**
  E-mail: **info@usjewelryhouse.com**

**DISCLAIMER**

Jewelry illustrated on usjewelryhouse.com should not be confused with jewelry offered by original designers, whose designs may be similar.

usjewelryhouse.com sells affordable adaptations of designs that are comparable in quality sold by famous designers and manufacturers. Said brand name competitors do not manufacture or license our products.

**JOB OPPORTUNITY**

U.S. Jewelry House, Ltd. seeks Network Administrator to manage systems, data communication systems. Install, configure, and support company's networks (LAN & WAN) and internet system. Maintain network hadrware and software. Monitor networks. Must be able to operate Visual C++ and Oracle. Master's Degree of Information Systems Engineering & 2 yrs of experience required. Email resumes to master@usjewelryhouse.com

customer support | more info | about us | contact us | privacy policy
Copyright © 2007 usjewelryhouse.com. All rights reserved. / Powerd by JOIT Solutions, Inc.



* MY ORDER    * MY ACCOUNT    * SHOPPING CART    * WISH LIST    * LOG-IN

Search [                    ] [Entire Site]

**Contact Us**

HOTTEST SELLERS
Necklaces
Bracelets
Earrings

SHOP BY COLLECTION
Semi Precious Stones
Sterling Silver 925
Swarovski Crystals
Silver Marcasites
USJH Exclusive

SHOP BY CATEGORY
Earrings
Necklaces
Bracelets
Rings
Necklace Sets
Hair Accessories
Body Jewelry
Miscellaneous
Fashion Accessories

SHOP BY ARRIVAL DATE
02/12/2008
02/11/2008
02/10/2008
02/09/2008
02/08/2008
More...

SHOP BY PRICE RANGE
[ALL CATEGORIES]
Under $5(5319)
5 - $9.99(4165)
10 - $14.99(918)
15 - $19.99(982)
20 - $24.99(156)
25 - $29.99(82)
Over $30 (166)

SHOP BY SEASONAL/HOLIDAY
Valentine's Day
Easter
St Patrick's Day
Independence Day
Christmas

SALE ITEMS

If you have any immediate questions while shopping, please visit our Customer Support page to help make your shopping experience on usjewelryhouse.com as fun and easy as possible!

If there are ways that we can better help you, please don't hesitate to let us know. You may contact us through whatever means is most convenient for you. Please see the contact information below.

⊞ **Store**

Store:       Tel: (212) 219-1272, Fax: (212) 725-5693

Address:     **US Jewelry House, Ltd**
             1239 Broadway
             New York, NY 10001

Store Hours: Monday ~ Friday 8 a.m. to 7 p.m. Est.
             Saturday ~ Sunday 9 a.m. to 7 p.m. Est.

Store E-mail: usjewelryhouse@yahoo.com

Note: Store address is NOT for return or exchange. Please DO NOT send any items purchased online.

⊞ **Web Office**

Phone Numbers: Tel: (646) 861-4548, Fax: (646) 367-3341

Address:      **AHCH, Corp.**
              29 W. 30th Street. #302
              New York, NY 10001

Office Hours: Monday ~ Friday 9 a.m. to 5 p.m. Est.

E-mail:       info@usjewelryhouse.com

If you would like to check on your order status, you may visit our web site and click login. If any problem occurs, please let us know via one of contact methods above.

⊞ **Contact Form**

Your Name *               [                    ]
Your E-mail Address*      [                    ]
Questions or Comments     Select one          ▦
about*
                          [                                    ]▲
                          [                                    ]
                          [                                    ]
                          [                                    ]▼

[ SUBMIT ]    [ RESET ]

Note: We respect your privacy. We will not give your e-mail address to any third-party and your e-mail address will not be used for third partys' advertising purposes.

customer support | more info | about us | contact us | privacy policy
Copyright 'I 2007 usjewelryhouse.com. All rights reserved ./ Powerd by JOIT Solutions, Inc.

# EXHIBIT 2



MY ORDER    MY ACCOUNT    SHOPPING CART    WISH LIST    LOG-IN

Search [                    ] Entire Site

CUSTOMER SUPPORT

**HOTTEST SELLERS**
Necklaces
Bracelets
Earrings

**SHOP BY COLLECTION**
Semi Precious Stones
Sterling Silver 925
Swarovski Crystals
Silver Marcasites
USJH Exclusive

**SHOP BY CATEGORY**
Earrings
Necklaces
Bracelets
Rings
Necklace Sets
Hair Accessories
Body Jewelry
Miscellaneous
Fashion Accessories

**SHOP BY ARRIVAL DATE**
02/12/2008
02/11/2008
02/10/2008
02/09/2008
02/08/2008
More...

**SHOP BY PRICE RANGE**
ALL CATEGORIES
Under $5(5319)
5 - $9.99(4165)
10 - $14.99(918)
15 - $19.99(382)
20 - $24.99(158)
25 - $29.99(62)
Over $30 (166)

**SHOP BY SEASONAL/HOLIDAY**
Valentine's Day
Easter
St Patrick's Day
Independence Day
Christmas

**SALE ITEMS**

### 1.ORDER

#### 1) HOW TO ORDER

1. If you are a first time customer, you must first register in order to place an order. If you have already placed an order before, just sign in with your e-mail address and password.
2. Before register, please keep in mind that usjewelryhouse.com is a wholesale online store and intends to sell exclusively to resellers and retailers.
3. After signed in, browse items by style category on the left menu navigation bar or by entering keywords in the search box.
4. At the "item detail" page, enter the quantities for each color you wish to purchase, then click on the "Add To Cart" button.
5. Review the items and quantities in your shopping cart. You can make changes to quantities and selections in this page at any time.
6. To browse for more items before checking out, click on the "Continue Shopping" button at the bottom of the page and you will be re-directed to the item's detail page
7. Once you are done shopping and have reviewed your "shopping cart", click on the "check-out" button to proceed to the next step.
8. Add, enter or edit billing and shipping information on this page. It is possible to have multiple addresses saved. Simply select the desired address to continue to the next step.
9. At the Order Review and Shipping Method page, review your order information and choose the desired shipping method from the pull-down menu.
10. Click on the "Place Order" button then credit card authorization will be performed.
    Note: **"DO NOT" refresh/reload this page during the authorization process. This could produce undesired results such as double charge.**
11. Your order is now completed. You will see the final page that summarizes your order information. You may want to print it for your records. The order confirmation will also be sent to you via e-mail.

#### 2) MINIMUM ORDER AMOUNT
Minimum order amount is $100. However, please note that all sales are for reseller and retailers only.

*Orders may be rejected if an invalid business tax ID is submitted.

#### 3) ORDER STATUS
Once you have placed an order, you can check your order status online at any time. To view your order status online, select "My Account". You will be prompted to sign-in to access your account. If you are unable to find your order status or have any other questions, please send us an e-mail at info@usjewelryhouse.com or call customer service at (646) 861-4548 (Monday thru Friday 9 a.m. to 5 p.m. Est.)

### 2. MY ACCOUNT

#### 1) NEW ACCOUNT REGISTRATION
**USjewelryhouse.com is a wholesale online store and intends to sell exclusively to resellers and retailers.** All customers are required to enter business tax ID to register. Registering on the site not only allows you to shop on the usjewelryhouse.com web site, but also enables you to enter company information and to check your order status.

#### 2) MODIFY & UPDATE YOUR ACCOUNT INFORMATION
At My Account you can always update or modify your e-mail address and/or password, company profile, billing and shipping information. Please make sure you input the correct information. You can pick and choose your default shipping and billing information which will be used at the check out.

#### 3) E-MAIL SUBSCRIPTIONS
Feel free to subscribe usjewelryhouse.com news and promotion information via your e-mail! You can indicate where or not you want to subscribe it

#### 3) FORGOT PASSWORD
If You forgot your ID and Password, please send us an e-mail at info@usjewelryhouse.com or call customer service at (646) 861-4548 (Monday thru Friday 9 a.m. to 5 p.m. Est.)

### 3. BILLING

Your account with usjewelryhouse.com securely saves all of the information that was submitted during registration process. After registration is completed you should have your company profile and default shipping information. However, you must enter billing information in order to check out. Billing information is basically your "Credit Card Information". Each billing information represents one credit card information. You can enter more than one billing information with multiple payment methods.

### 4. SHIPPING

We ship all items via UPS (United Parcel Service). To find shipping time and cost click here.

#### 2) Please make sure to enter correct shipping address in order to receive items on time. Customer will be responsible for any other charges and fees if address is entered incorrectly.
**PO Box is NOT allowed for shipping address.**

#### 3) ORDER PROCESSING & TRACKING
We offer UPS tracking number for each shipment. You may find the tracking number at "My Account > Order Status". Once you find this number, you can track your shipment by clicking on the tracking number. Please allow 24 hours to view your shipping status.

4) SHIPPING PROCEDURE WITH UPS

We usually ship out all available items for orders placed before 1 p.m. during normal business days. Any orders placed after 1 p.m. will be processed the following business day.

**UPS U.S. Ground Map**
**Business days in transit from: NEW YORK, NY 10001**



**5. RETURN & EXCHANGE POLICY**

1) EXCHANGE POLICY

- Exchanges are available for defected items only.
- Exchanges must be the same or similar items of equal dollar value only.
- Exchanges must be reported within 7 days from the day you received items.
- RMA number will be issued on each return case.
- Any items returned without Return Authorization will be discarded.
- Store address is NOT for return or exchange. Please DO NOT send any items purchased online.

2) HOW TO REPORT EXCHANGE

If you would like to report defectives, please send us an e-mail at info@usjewelryhouse.com with your Order number in the subject field. One of our customer service representative will contact with you via phone or e-mail. An RMA number will be given. You will NOT be able to exchange without authorization number.

3) WHERE TO SEND EXCHANGE

The return address will be given with the RMA number.

customer support | more info | about us | contact us | privacy policy
Copyright © 2007 usjewelryhouse.com. All rights reserved. / Powerd by JOIT Solutions, Inc.

# EXHIBIT 3



MEYERTONS
HOOD
KIVLIN
KOWERT
& GOETZEL
A PROFESSIONAL CORPORATION

PATENTS, TRADEMARKS, COPYRIGHTS & UNFAIR COMPETITION

700 LAVACA, SUITE 800
AUSTIN, TEXAS 78701-3102
TELEPHONE (512) 853-8800
FACSIMILE (512) 853-8801
www.intprop.com

DWAYNE K. GOETZEL
(512) 853-8860
dgoetzel@intprop.com

File: 5558-00407

December 5, 2007

_**Facsimile (718-463-8734)**_

Yumi Hong, Esq.
38-29 150th St.
Flushing, NY 11354

  Re: Cause Number 07-cv-1124 KBM/LFG; Relios, Inc. v. U.S. Jewelry House,
     Ltd.; In the District of New Mexico Albuquerque Division

Dear Ms. Hong:

   In our telephone conversation on December 4, 2008, you indicated that your client, U.S. Jewelry House, "did not recognize" the jewelry that Relios asserts infringes its copyrights.

   There is simply no question that U.S. Jewelry House has sold the infringing jewelry, as indicated by the attached photograph. The photograph has the U.S. Jewelry House label on it, and may have a product number as well. This jewelry was sold as part of an assortment of various silver jewelry to Prestige Network Solution, Inc. d/b/a New Outlet.com, as indicated by the attached invoice.

   As I mentioned, my prior attempts to contact U.S. Jewelry House were completely ignored. Therefore, if you and your client have any interest in resolving this matter prior to trial, we will need more cooperation than U.S. Jewelry House has shown so far. As a first step in such cooperation, please immediately provide me with (i) copies of your client's catalogs for the past three (3) years, (ii) information as to the source of the jewelry piece at issue, and (iii) all sales information for the jewelry piece at issue.

   I look forward to receiving the above information.

         Sincerely yours,

         Dwayne K. Goetzel

DKG/ccm
Attachment



# U.S. Jewelry House, Ltd.

1239 Broadway (Bet. 30th~31st St.), New York, NY 10001
Tel: (212) 219-1272 • Fax: (212) 725-8693  **S 5998**

| MEMBERSHIP NO. | PHONE | DATE 04-14-0*Z* |
|---|---|---|
| NAME PRESTIGE NETWORK SOLUTION INC | | |
| ADDRESS | | |

| SALES REP FABIAN | CASH | C.O.D. | CHARGE | DEPOSIT | |
|---|---|---|---|---|---|

| QTY. | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|
| | ASSORTED SILVER | | 38445 |
| | | | 5% off |
| | | | 365 51 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| RECEIVED BY | | TOTAL $ | 365 51 |

**ALL SALES ARE FINAL. NO REFUND, NO EXCHANGE.**    *Thank You*

```
*                                                                  DEC-05-2007 WED 12:34 PM
*   FOR:  MHKKG                    512 853 8801
*
* ══════════════════════════════════════════════════════════════════════════════
*  DATE  START    RECEIVER          TX TIME  PAGES TYPE      NOTE          M#  DP
* ──────────────────────────────────────────────────────────────────────────────
*  DEC-05 12:29 PM 91718463873499000052  5'28"    3  SEND      OK            759
*                  1#
* ──────────────────────────────────────────────────────────────────────────────
*
*                                  TOTAL :     5M 28S  PAGES:   3
```

MEYERTONS
HOOD
KIVLIN
KOWERT
& GOETZEL
A PROFESSIONAL CORPORATION

PATENTS, TRADEMARKS, COPYRIGHTS & UNFAIR COMPETITION

DWAYNE K. GOETZEL
(512) 853-8860
dgoetzel@intprop.com

700 LAVACA, SUITE 800
AUSTIN, TEXAS 78701-3102
TELEPHONE (512) 853-8800
FACSIMILE (512) 853-8801
www.intprop.com

File: 5558-00407

December 5, 2007

*Facsimile (718-463-8734)*

Yumi Hong, Esq.
38-29 150th St.
Flushing, NY 11354

Re:    Cause Number 07-cv-1124 KBM/LFG; Relios, Inc. v. U.S. Jewelry House,
        Ltd.; In the District of New Mexico Albuquerque Division

Dear Ms. Hong:

In our telephone conversation on December 4, 2008, you indicated that your client, U.S. Jewelry House, "did not recognize" the jewelry that Relios asserts infringes its copyrights.

There is simply no question that U.S. Jewelry House has sold the infringing

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RELIOS, INC., f/n/a
CARLISLE JEWELRY CO.,

Plaintiffs,

v.                                        No. 07-cv-1124 PJK/LFG

U. S. JEWELRY HOUSE, LTD.,

Defendant.

**U.S. JEWELRY HOUSE, LTD.'S REPLY IN SUPPORT OF ITS OBJECTION TO
MOTION FOR DEFAULT JUDGMENT AND MOTION TO DISMISS AND IN THE
ALTERNATIVE MOTION TO SET ASIDE DEFAULT AND IN THE ALTERNATIVE
OBJECTION TO ENTRY OF DAMAGE AWARD**

U.S. Jewelry House, Ltd ("U.S. Jewelry") hereby files this Reply in support of its

objection to Motion for Entry of Default Judgment and Motion to Dismiss and in the

alternative Motion to Set Aside Default and in the alternative, Objection to Entry of Damage

Award ("Motion"). This Court should grant the relief sought by U.S. Jewelry because: (1) this

court has no jurisdiction over U.S. Jewelry; (2) in the alternative, if the Court does somehow

find jurisdiction, good cause exists to set aside the Court's entry of default pursuant to

Fed.R.Civ.P. 55(c); and (3) in the alternative, if the court does somehow find jurisdiction, and

if the court does not set aside entry of default for good cause shown under Fed.R.Civ.P. 55(c),

no damages be awarded because Plaintiff's application does not properly support the award of

any damages.

I.    **This court does not have and should not exercise personal jurisdiction over U.S. Jewelry because it the requirements of New Mexico's long arm statute have not been met and U.S. Jewelry does not do business or have other contacts with the state of New Mexico.**

It is undisputed that without jurisdiction, the Court cannot exercise any authority over a defendant, including entry of a judgment by default.  Although U.S. Jewelry has no ties to this District, has conducted no business in this District, has no contacts in this District and has not availed itself of the benefits and burdens of the laws of this District, Plaintiff argues that U.S. Jewelry has an "active website," and therefore, it is *automatically* subject to the Court's general jurisdiction.  Plaintiff cites to the *Zippo* and *Litmer* cases to try to support this proposition.  As is explained in more detail below, neither case supports a finding that U.S. Jewelry is subject to this court's jurisdiction.

The Plaintiff ignores the requirements of New Mexico's long arm statute. New Mexico's long arm statute requires that when service of a summons from New Mexico is made outside of New Mexico, the cause of action must arise from one of the acts enumerated in the long arm statute.   Section 38-1-16(C) states "Only causes of action arising from acts enumerated in this section [the long arm statute] may be asserted against a defendant in an action in which jurisdiction is based upon this section."  New Mexico courts apply a three-part test to determine whether personal jurisdiction exists:  "(1) Did [defendant] commit an act or omission specifically set forth in the long-arm statute; (2) Does [plaintiff's] cause of action arise out of the alleged acts or omissions; and (3) Has [defendant] established sufficient minimum contacts with New Mexico to satisfy due process concerns?"  *Tercero v. Roman Catholic Diocese*, 2002-NMSC-018, ¶ 8, 48 P.3d 50, 54.  The plaintiff bears the burden of establishing personal jurisdiction over the defendant. *OMI Holdings*, 149 F.3d at 1091.

2

Therefore, before even reaching the "minimum contacts" analysis, the Plaintiff must allege one of the "enumerated activities" listed in the long arm statute, and must allege that the action arises from such enumerated activities.   The Plaintiff never makes the required allegations.  Plaintiff also alleges that U.S. Jewelry has sold infringing jewelry.  But Plaintiff never alleges that U.S. Jewelry sold the infringing Jewelry through the website to anyone in New Mexico.   Under New Mexico's long arm statute, unless the sale which led to the cause of action occurred through the website, the website is irrelevant.  Plaintiff does not allege that U.S. Jewelry sold infringing material to any resident of New Mexico through its website.

Instead, according to Exhibit 3 to its Response, Relios contends that infringing jewelry was sold to company identified as "Prestige Network Solution, Inc."  Given that Plaintiff has attached a handwritten invoice to its Response, it is apparent that plaintiff is not alleging that such alleged sale was made over the internet.  Therefore, it is clear that the alleged cause of action does not arise from any contacts made through the internet.  Because the Plaintiff has not alleged that the cause action arose from one of the actions enumerated in the long arm statute, the constitutional minimum contacts test is irrelevant.  Stated another way, the first question under the long arm statute is whether the defendant committed one of the acts (such as doing business in New Mexico) enumerated in the long arm statute.  The second prong is whether the alleged cause of action arises from such "enumerated acts."  There is no reason to consider the consider minimum contacts if the first two prongs have not been satisfied. Because the both of the first two prongs of New Mexico's statute have not been satisfied, this court cannot exercise jurisdiction under the long arm statute, and no further inquiry regarding minimum contacts is required.

The cases cited by Plaintiff in its Response do not resolve the issue presented.  Both the *Zippo* and the *Litmer* cases concern interpretation of long arm statutes in states other than New Mexico.  In *Zippo*, the plaintiff, Zippo Mfg. Co., a Pennsylvania corporation filed suit for alleged trademark infringement in Pennsylvania against Zippo Dot Com, Inc., a California corporation.  952 F.Supp. at 954.  Zippo Dot Com was running a website which operated an internet site using the domain names "zippo.com," "zippo.net" and "zippo-new.com."  Zippo Manufacturing alleged that the use of those domain names infringed on its trademarks.  The court made the distinction between "passive," "interactive" and "active" websites, and held that the California Zippo Dot Com website was "active," meaning that it clearly did business in that forum over the internet.  *Id*.  at 1124.   In *Zippo*, there were about 3,000 Pennsylvania residents who subscribed to the Zippo Dot Com website.  *Id*. at 1121.  In addition, Zippo Dot Com had entered into agreements with seven internet access providers in Pennsylvania to permit their subscribers to access the defendant's web site.  *Id*.  The Court held that for specific jurisdiction over a non-resident defendant, such defendant must have: (1) "minimum contacts" with the forum state; (2) the claim asserted must arise out of those contacts; and (3) the exercise of jurisdiction must be reasonable. *Id*., 1122-23.  Also that

> [t]he "Constitutional touchstone" of the minimum contacts analysis is embodied in the first prong, "whether the defendant purposefully established" contacts with the forum state. Burger *King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 319, 90 L. Ed. 95, 66 S. Ct. 154 (1945)). Defendants who "'reach out beyond one state' and create continuing relationships and obligations with the citizens of another state are subject to regulation and sanctions in the other State for consequences of their actions." Id. (citing *Travelers Health Assn. v. Virginia*, 339 U.S. 643, 647, 94 L. Ed. 1154, 70 S. Ct. 927 (1950)). "The foreseeability that is critical to the due process analysis is … that the defendant's conduct and connection with the forum State are such that he should reasonably expect to be haled into court there." *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295, 62 L. Ed. 2d 490, 100 S. Ct. 559 (1980).

*Zippo,* 952 F.Supp. at 1123.  Later, when describing active websites, the *Zippo* Court held that "if the defendant enters into contracts **with residents of a foreign jurisdiction** that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper."  *Id*. at 1124 [emphasis added].  And "[t]raditionally, when an entity intentionally reaches beyond its boundaries **to conduct business with foreign residents**, the exercise of specific jurisdiction is proper.  Different results should not be reached simply because business is conducted over the Internet."  *Id*., internal citation omitted [emphasis added].  The court went onto conclude that because Zippo Dot Com was conducting electronic commerce **with Pennsylvania residents**, it purposefully availed itself of doing business in Pennsylvania.  *Id*., 1126 [emphasis added].

In the instant case, there is no allegation, much less evidence that U.S. Jewelry did or attempted to do any business with any New Mexico resident, thereby purposefully availing itself of doing business in New Mexico.  In fact, the only "evidence" Plaintiff has shown regarding the alleged infringement is a picture of a piece of jewelry with a sticker that says "U.S. Jewelry House" on it and an invoice for "assorted silver" purportedly sold by U.S. Jewelry to an entity called "Prestige Network Solution, Inc."  See Plaintiff's Response, Exhibit 3, Doc. No. 19.  There is no connection made whatsoever between the picture of the jewelry with the sticker that says U.S. Jewelry House on it and the invoice.  *Id*.  Moreover, there no allegation that Prestige Network Solution, Inc. is a New Mexico resident, or even that this transaction was done over the internet.  *Id*.  In fact, upon review of the invoice, it appears that the transaction was **_not_** performed over the internet, as the invoice is handwritten and does not have any evidence of electronic transmission.  *Id*.  Moreover, U.S. Jewelry does not recognize the piece of infringing jewelry, has no record of ever having sold that piece of jewelry, and

does not currently have it in its inventory.  Affidavit of Kyung Hun Jung, ¶ 12, Doc. No. 20. Because there is no credible evidence showing that U.S. Jewelry sold the allegedly infringing item over the internet to residents of New Mexico, or otherwise had any contact with this forum, Plaintiff has failed to show that U.S. Jewelry had sufficient minimum contacts with New Mexico, and the *Zippo* case is inapposite.

Likewise, in *Litmer*, which was a patent case, the plaintiff was an Indiana corporation, who was suing a Massachusetts corporation for patent infringement for a product called "mirror mits," which were allegedly sold over the internet.  The long arm statute applied in *Litmer* is quite different from New Mexico's long arm statute.  According to *Litmer*, Indiana's long arm statute has been found to provide court's in Indiana the power to exercise jurisdiction "on any basis not inconsistent with the Constitutions of this state or the United States."  326 F. Supp.2d at 955.  So the court in *Litmer* only had to consider whether exercise of jurisdiction of the defendant in that case would comport with federal due process.  952 F.Supp.2d at 955. Therefore, the *Litmer* case in inapplicable here because it fails to apply New Mexico's threshold statutory requirement that the cause of action must arise from an enumerated act.

In *Litmer* the court applied the Federal Circuit's three part test for determining whether exercising jurisdiction would comport with due process.  The test considers "whether (1) the defendant purposefully directed its activities at residents of the forum state; (2) the claim arises out of or relates to the defendant's activities with the forum state; and (3) assertion of personal jurisdiction is reasonable and fair."  326 F.Supp.2d at 956.  The court found in favor of the plaintiff on all three prongs of the test in that case.

Those three prongs set forth in *Litmer* are not, however, satisfied in this case.  In particular, Relios' <u>never</u> claims that U.S. Jewelry sold the allegedly infringing jewelry over its

website or to any resident of New Mexico.  Therefore, Plaintiff cannot meet New Mexico's requirement that the cause of action arise from one of the enumerated acts set forth in the long arm statute.  Plaintiff claims in its Response that "Relios' copyright cause of action arises out of Defendant's conduct via Defendant's Website." (emphasis in the original).  That assertion is not explained or even supported by allegations in the Complaint.  In fact, Plaintiff has not alleged that U.S. Jewelry sold any allegedly infringing jewelry over the website at all, much less that it sold infringing jewelry to anyone in New Mexico.

The instant case is remarkably similar to the case of *Cybersell, Inc, v. Cybersell, Inc., 130 F.3d 414 (9th Cir. 1997)*.  In *Cybersell, Inc*. there were two Cybersell, Inc.s, one in Arizona (Cybersell AZ) and one in Florida (Cybersell FL).  Cybersell AZ sued Cybersell FL in Arizona for alleged trademark infringement over the internet.  In *Cybersell*, the court recognized the well-established standards of purposeful availment and minimum contacts, noting that

> Cybersell FL did nothing to encourage people in Arizona to access its site, and there is no evidence that any part of its business (let alone a continuous part of its business) was sought or achieved in Arizona.  To the contrary, it appears to be an operation where business was primarily generated by the personal contacts of one of its founders.  While those contacts are not entirely local, they aren't in Arizona either.  No Arizonan except for Cybersell AZ "hit" Cybersell FL's website.  There is no evidence that any Arizona resident signed up for any Cybersell FL's web construction services.  It entered into no contracts in Arizona, made no sales in Arizona, received no telephone calls from Arizona, earned no income from Arizona, and sent no messages over the internet to Arizona. * * * No money exchanged hands from the internet from (or through) Arizona.  In short, Cybersell FL has done no acts and has consummated no transaction, nor has it performed any act by which it purposefully availed itself of the privilege of conducting activities in Arizona, thereby invoking the benefits and protections of Arizona law.
>
> We therefore hold the Cybersell FL's contacts are insufficient to establish "purposeful" availment.  Cybersell AZ has thus failed to satisfy the first prong of the three part test for specific jurisdiction.  We decline to go further solely on the footing that Cybersell AZ has alleged trademark infringement over the internet by Cybersell FL's use of the registered name "Cybersell"…***otherwise, every complaint arising out of alleged trademark infringement on the internet***

> *would automatically result in personal jurisdiction wherever the plaintiff's*
> *principle place of business is located.  That would not be comport with*
> *traditional notions of what qualifies as purposeful activity invoking the*
> *benefits and protections of the foreign state.*

*Cybersell,* 130 F.3d at 419-20 [emphasis added].  Under the *Cybersell* analysis, U.S. Jewelry

clearly did not purposefully avail itself of the benefits and burdens of New Mexico law so as to

expose itself to this Court's jurisdiction.  Also, because U.S. Jewelry did not make any contact

or transact any business with residents of New Mexico, it does not have sufficient minimum

contact with the forum state, and its complaint should therefore be dismissed for lack of

personal jurisdiction.[1]

## II.    In the alternative, the clerk's entry of default should be set aside to allow a decision on the merits.

In the event that the Court does somehow find that it has jurisdiction over U.S. Jewelry,

it should set aside the clerk's entry of default.  Any doubts as to whether good cause exists to

set aside default should be resolved in favor of the defaulting party.  *See, e.g., Coon v. Grenier*,

867 F.2d 73, 76 (1st Cir. 1989) (district court should resolve doubts in favor of party seeking

relief from entry of default so that case may be resolved on merits); *Powerserve Int'l, Inc. v.*

*Lavi*, 239 F.3d 508, 514 (2nd Cir. 2001) (because of preference for resolving disputes on merits,

doubts should be resolved in favor of defaulting party); *Civic Ctr. Square v. Ford, (In re*

---

[1] Despite Plaintiff's alternative argument to the contrary, this matter ought not be transferred, either.  In its Response, Plaintiff requests that in the event this Court does not find jurisdiction in this matter, that it should simply transfer this action to New York under either 28 USC § 1404 or  § 1406.  This should not happen for at least a couple of reasons.  First, Plaintiff has not made a proper motion seeking the transfer as is required by §§ 1404 and 1406.  Plaintiff has not shown why this case meets the standards set out by §§ 1404 and 1406 for transfer.  Second, and even more problematic for Plaintiff is that it has applied the wrong standard for a transfer.  The Tenth Circuit clearly requires transfer to be made under Section 1361.  *Ross v. Colorado Outward Bound School, Inc*., 822 F.2d 1524, 1526 (10th Cir. 1987); *Viernow v. Euripides Development Corp*., 157 F.3d 785, 792-95 (10th Cir. 1998) (appropriate statute to use when personal jurisdiction is lacking is § 1631).  Under the Federal Courts Improvement Act of 1982, Congress intended that § 1631 be the transfer vehicle when a court lacks personal jurisdiction so as to avoid a strained reading of § 1406.  *Id*. (noting that § 1406 expressly refers only to improper venue, while § 1631 uses the words "want of jurisdiction").  Because Plaintiff has not identified the correct vehicle for transfer, much less made a proper motion setting forth legitimate reasons making transfer of this case appropriate, this court should not transfer this matter.

*Roxford Foods*), 12 F.3d 875, 879, 881 (9th Cir. 1993) (when timely relief is sought, and movant has meritorious defense, doubt, if any, should be resolved in favor of the motion so that cases may be decided on their merits). These considerations help further the public policy of trying cases on their merits. *See Walker v. UPS*, 240 F.3d 1268, 1272 (10th Cir. 2001).

The parties don't disagree on the standard that is generally used to determine whether "good cause" exists to set aside the clerk's entry of default; to wit: 1) whether the default was the result of culpable conduct of the defendant, 2) whether the plaintiff would be prejudiced if default were set aside, and 3) whether the defendant presents a meritorious defense. *Porter v. Brancato*, 171 F.R.D. 303, 304 (D. Kan. 1997). An analysis of this standard shows that the clerk's entry of default should be set aside.

    a.    <u>U.S. Jewelry's Failure To Answer Was Not the Result Of Culpable Conduct</u>

U.S. Jewelry has offered the explanation that in good-faith, it did not understand that it needed to respond to Plaintiff's Complaint. Jung Aff'd., ¶ 11. The summons was served on a New York company by a New Mexico company it had never heard of or done business with. The Complaint alleged sale of an item that U.S. Jewelry did not recognize. Clearly, therefore, U.S. Jewelry's misunderstanding of its obligation to answer Plaintiff's Complaint, and its subsequent failure to file a timely answer, while erroneous, was not the result of ***culpable*** conduct. Plaintiff offers no authority noting that U.S. Jewelry's explanation under such circumstances is somehow culpable or insufficient to set aside the clerk's entry of default.

Plaintiff offers the case of *Hunt v. Kling Motor Co.*, 841 F.Supp. 1098, 1105-07 (D.Kan. 1994) in support of its argument that default judgment should be entered against U.S. Jewelry. *Kling Motor* is readily distinguishable from the instant case. First, the *Kling Motor* case involved the plaintiff's motion to alter or amend a summary judgment order entered in

favor of the insurer in plaintiff's damages action against the insured, which defaulted. 841 F.Supp. at 1099. Second, in *Kling Motor*, a default judgment had already been entered, and to the extent the *Kling Motor* court discussed the Rule 55(c) standard, it clearly did so in relation to the plaintiff's assertion that "[this] court would have automatically set aside the entry of default if Garnishee would have availed itself of the opportunity to file a Rule 55(c) motion." *Id*. In the instant case, no default judgment has been entered. Also, in *Kling Motor*, the court found that the defaulting party, (Kling Motor Co.'s) failure to answer was "willful and demonstrated a flagrant disregard for the authority of the court" in light of the fact that a year and a half after being served with the complaint, "Kling Motor had not taken any steps to seek relief from the court's judgment." 841 F.Supp. at 1106. In this case, defendant took immediate action to request that the Court set aside the clerk's entry of default before any judgment was entered. A situation like the instant case is recognized as excusable. MOORE'S FEDERAL PRACTICE § 55.70

The *Kling Motor* court concluded that "a defendant's conduct will be considered culpable **_only_** if the defendant has **_defaulted willfully, or has no excuse for the default_**." 841 F.Supp. at 1106. [emphasis added].[2] In the instant case, unlike the *Kling Motor* case, and the string of cases cited therein, U.S. Jewelry has offered a sworn statement, setting forth the justifiable excuse that U.S. Jewelry did not understand that it needed to file an answer to the complaint. Jung Aff'd, ¶11. Also, U.S. Jewelry has taken immediate action to remedy the

---

[2] *Kling Motor* cites to *EEOC v. Mike Smith Pontiac GMC, Inc*., 896 F.2d 524, 529 (11th Cir. 1990) (district court did not abuse its discretion in entering default when defendant cited other pending litigation as reason for not answering complaint and when counsel delayed filing a motion to set aside default for 6 months after its entry, and 4 months after entering his appearance); *Park Corp. v. Lexington Ins. Co*., 812 F.2d 894, 896 (4th Cir. 1987) (after entry of default judgment, defendant moved to set it aside under Rule 60, but did not offer any excuse or explanation whatsoever for default); *Walker v. Tilley Lamp Co*., 467 F.2d 219, 219 (3rd Cir. 1972) (no excuse for party's failure to answer interrogatories, and default was entered as a sanction); *Associated Press v. JB Broadcasting*, 54 F.R.D. 563, 564 (D.Md. 1972) (no excuse offered for default, and no showing of meritorious defense).

default.  This is not an instance where no excuse was offered (like in *Kling Motor* and the other authority cited therein), and therefore, *Kling Motor* is inapposite for the purpose in which Plaintiff attempts to use it.

Finally, *Kling Motor* is distinguished from the instant case insofar as in *Kling Motor,* the defendant was not seeking to set aside the default judgment in favor of litigation on the merits.  841 F.Supp. at 1107.  In the instant case, however, defendants are strenuously requesting that the court set aside the clerk's entry of default in favor of a trail on the merits. In support of this, U.S. Jewelry has met its burden under Rule 55(c).

> b. Relios Has Not And Cannot Show Any Prejudice In Setting Aside The Clerk's Entry Of Default

Plaintiff's Response is silent as to the issue of prejudice.  Indeed, it cannot point to any prejudice that would result if the Court sets aside the clerk's entry of default.

> c. U.S. Jewelry Has A Meritorious Defense

It is well-settled that when timely relief is sought from default, and movant has meritorious defense, doubt, if any, should be resolved in favor of default.  *Mendoza v. Wight Vinyard Mgmt*., 783 F2d. 941, 945-946 (9th Cir. 1986).  Also, the standard does not require defendant to prove the defenses, but to raise defenses, which, if proved at trial, would be defenses to Plaintiff's claims.  *Coon v. Grenier*, 867 F.2d 73, 77 (1st Cir. 1989) (movant need not demonstrate likelihood of success on the merits; averments need only plausibly suggest existence of facts that, if proven at trial, would constitute cognizable defense.)

With regard to U.S. Jewelry's meritorious defenses, Plaintiff's Response also misses the mark.  Rather than addressing the meritorious defenses outlined in U.S. Jewelry's Motion, Relios points to language on U.S. Jewelry's website, and also argues that U.S. Jewelry sold the piece in question.  The language on U.S. Jewelry's website is in no way an admission that it

violated Plaintiff's alleged copyrights in the instant case.  Instead, the language from the Disclaimer section attached to Plaintiff's Response as Exhibit 1 makes no reference to any particular piece of jewelry, nor does it admit to any sort of copyright violation whatsoever.

Also, as outlined in Section I above, Plaintiff has made no showing that U.S. Jewelry sold the item in question, which is the basis for its Complaint.  U.S. Jewelry House has affirmatively sworn that it does not recognize that piece of jewelry, has no record of selling it and does not carry it in its inventory.  Jung Aff'd, ¶12.  Plaintiff does not adequately refute U.S. Jewelry's meritorious defenses that:

- Defendant denies that it purchased or sold the jewelry question.  In other words, U.S. Jewelry seeks an opportunity to prove that it did not infringe;

- Defendant does not have any such jewelry in its current inventory and does not intend to purchase or sell such jewelry;

- Defendant did not act willfully; and

- Plaintiff's claims may be barred by the statute of limitations.

In a case like this, wherein the defaulting party has shown that there will be no prejudice if the entry of default is set aside, and where they have shown a meritorious defense, the court should grant the motion if the party offers credible explanation for the delay that does not exhibit disregard for judicial proceedings.  *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 195 (6th Cir. 1986).  As outlined above, Plaintiff has failed to even argue any prejudice to it resulting from the Court setting aside the entry of default, and U.S. Jewelry has also shown that it has several meritorious defenses that Plaintiff cannot escape for the purposes of setting aside the entry of default under Rule 55c.  Moreover, U.S. Jewelry has submitted a good-faith reason explaining why it did not answer the complaint, which was clearly not culpable conduct.  Jung Aff'd., ¶ 11.

III.    **No default judgment should be entered because Plaintiff has not submitted adequate support for its damages claim**

In the event this Court does not dismiss Plaintiff's claim, and does not set aside the clerk's entry of default, there should be no damages awarded to Plaintiff.  Plaintiff failed to respond to U.S. Jewelry's argument that Plaintiff has failed to adequately support its damages claim and is therefore not entitled to a damages award.  Plaintiff failed to make any argument opposing this point in its Response, and therefore, it is unopposed, and the Court should not award Plaintiff any damages.

IV.    **No Sanctions Should Be Awarded To Plaintiff**

Plaintiff seeks an award of sanctions from this Court against U.S. Jewelry House and/or its attorneys for bringing its Motion for Default Judgment.  No sanctions should be awarded for a couple of reasons.  First, no sanctions should be awarded against U.S. Jewelry.  The authority Plaintiff cites in support of its request for sanctions, *Harris v. Advance Sys., Inc*., CIV A. No. 92-1108-B, 1992 WL 221755, at *2 (D. Kan. Aug. 19, 1992) awarded sanctions against an attorney under 28 U.S.C. § 1927.   1992 WL 221755, at *2.  28 U.S.C. § 1927 is a section providing for award of sanctions against ***counsel*** (not parties) for excessive costs.  Plaintiff has cited no authority which would warrant an award of sanctions against U.S. Jewelry, and none are appropriate.

Also, there is no showing or evidence that U.S. Jewelry House's New York attorney has "unreasonably and vexatiously multiplied these proceedings by simply ignoring the lawsuit until plaintiff had incurred the expense of seeking a default judgment."  *Harris v. Advance Sys., Inc*., CIV A. No. 92-1108-B, 1992 WL 221755, at *2 (D. Kan. Aug. 19, 1992).  Plaintiff has not made the requisite showing under either *Harris* or 28 U.S.C. § 1927 to garner an award of sanctions against U.S. Jewelry House's New York attorney, and therefore, none should be

entered.  Finally, since U.S. Jewelry House's New York attorney has not appeared in this action it would not be appropriate for this court to exercise jurisdiction over that attorney.

### CONCLUSION

Defendant U.S. Jewelry respectfully requests that the Complaint be dismissed for lack of personal jurisdiction.  Alternatively, if the court does find that it has jurisdiction of this matter, Defendant respectfully requests that the court set aside the Default and hear the case on its merits.  Finally, if the court determines that the default should not be set aside, then Defendant respectfully requests that no damages be entered or that a full hearing on damages be held where all issues regarding damages may be considered.

Respectfully Submitted,

MODRALL, SPERLING, ROEHL, HARRIS    & SISK, P.A.

By  /s/ William R. Keleher, Attorney at Law
    William R. Keleher
    *Attorneys for U.S. Jewelry*
    P.O. Box 2168
    Albuquerque, NM 87103
    505-848-1800

I HEREBY CERTIFY that on the 13th
day of March, 2008, I filed the foregoing
electronically through the CM/ECF system,
which caused the following parties or counsel
to be served by electronic means, as more
fully reflected on the Notice of Electronic
Filing:

Dwayne Goetzel
Attorney for Plaintiff
dgoetzel@intprop.com

Barry D. Williams
Attorney for Plaintiff
bdw@nmcounsel.com

Modrall, Sperling, Roehl, Harris
& Sisk, P.A.

By:_____/s/ William R. Keleher_____
         William R. Keleher

*K:\dox\client\83229\0001\W0806945.DOC*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

RELIOS, INC. f/k/a
CARLISLE JEWELRY CO.

      Plaintiff,                                                  NO. 07-CV-1124
PJK/LFG

v.

U.S. JEWELRY HOUSE, LTD.

      Defendant.

**JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN**

Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held as on March 17, 2008 and was attended by:

Dwayne Goetzel for Plaintiff

William R. Keleher for Defendant.

**NATURE OF THE CASE**

This is a case involving an alleged infringement of Plaintiff's copyright by Defendant. Plaintiff alleges it holds federally registered copyrights in various jewelry designs known as "Loving Family." Plaintiff designed, manufactures and sells the Loving Family jewelry. Defendant runs a wholesale jewelry business with a showroom in New York, and maintains a website at www.usjewelryhouse.com.

Plaintiff alleges that Defendant manufactured, purchased, imported and/or sold exact or nearly exact replicas of one of the jewelry designs within Plaintiff's Loving Family jewelry line. Plaintiff alleges that such activity, if proven, would violate federal copyright law and entitle Plaintiff to damages from Defendant, including actual damages or at Plaintiff's election, statutory damages. The Court may award between $750 and

$30,000 in the event of a finding of infringement, or up to $150,000 in statutory damages in the event the court finds willful infringement.  In the event that Plaintiff prevails, the court would have discretion to award Plaintiff its reasonable attorneys' fees and costs.  In addition, Plaintiff may be entitled to obtain from Defendant any infringing articles in its possession, such as any molds used to make the infringing jewelry, and to obtain injunctive relief against Defendant, prohibiting Defendant from further infringing on Plaintiff's copyright.  Defendant denies that it sold replicas of Plaintiff's Loving Family jewelry.  Defendant denies that this court has personal jurisdiction over Plaintiff.  If Defendant prevails the court would have discretion to award Defendant its reasonable attorneys fees and costs from Plaintiff.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

**Plaintiff intends to file:**  None at this time, although Plaintiff may seek to add any manufacturer of Loving Family jewelry or any other distributor in the chain of distribution of the infringing jewelry, when such parties are identified during discovery.

Plaintiff(s) should be allowed until October 31, 2008, to amend the pleadings and until October 31, 2008 to join additional parties.

**Defendant intends to file:**  Defendant does not intend to file any amendments unless its motion to dismiss for lack of personal jurisdiction is denied.  If the motion to dismiss is denied defendant may seek to amend the pleadings to add additional parties.

## STIPULATIONS

The parties are willing to stipulate to the following facts:

The parties further stipulate and agree that the law governing this case is:  federal copyright law.

## PLAINTIFF'S CONTENTIONS:

Defendant knowingly and willfully copied and appropriated Plaintiff's Loving Family jewelry design for its own benefit without authorization from Plaintiff. Defendant has manufactured, imported, purchased and/or sold jewelry that infringes upon the registered copyright interests of Plaintiff.

## DEFENDANT'S CONTENTIONS

Defendant denies that this court has personal jurisdiction over it and denies that it sold any infringing jewelry.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan: *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony. It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."

List all documents which you believe, at this time, will be exhibits at the trial.

List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

## PLAINTIFF'S INITIAL LIST OF WITNESSES AND DOCUMENTS

### Plaintiff's Initial Witness List

1.    Robb Haltom, c/o counsel for Plaintiff. Mr. Haltom is the controller for the Plaintiff and will testify concerning the business of Plaintiff, Plaintiff's copyright, the design of the Loving Family jewelry, discovery of the offending acts of Defendant, and damages incurred by Plaintiff.

2.    Thein Aye, c/o NewOutlet.com, 31-37 46th Street, Astoria, NY 11103. Mr. Aye will testify concerning his purchases of unauthorized replicas of Plaintiff's Loving Family jewelry from Defendant.

3.    Kyun Hun Jung, c/o U.S. Jewelry House, Ltd., 1239 Broadway, New York, NY 10001. Mr. Jung will testify concerning all aspects of Plaintiff's allegations,

including activities engaged in by Defendant to infringe on Plaintiff's copyright, Defendant's business model, which involves selling replicas of jewelry designs owned by other parties, damages, and sales from Defendant's website.

4.    Employees of Defendant, to be identified during discovery.

5.    Customers of Defendant, to be identified during discovery.

6.    Testifying experts retained by Plaintiff or identified by Defendant during discovery.

7.    Any other witnesses identified during discovery.

### Plaintiff's Initial Exhibit List

1.    Current and historical pages from Defendant's website.

2.    Documents related to Plaintiff's federal copyright of the "Loving Family" jewelry designs.

3.    Unauthorized replicas of Plaintiff's Loving Family jewelry sold by Defendant to its customers, including NewOutlet.com.

4.    Pieces of Plaintiff's Loving Family jewelry.

5.    Defendant's sales records, including receipts issued to customers, as identified during discovery.

6.    Any other documents identified during discovery.

### DEFENDANTS' INITIAL LIST OF WITNESSES AND DOCUMENTS

1.    Min S. Han.  Mr. Han will testify that Defendants records show that U.S. Jewelry did not sell jewelry which infringed on Plaintiffs copyright.

2.    U.S. Jewelry expects to identify other witnesses during the course of discovery.

3.    U.S. Jewelry has not yet identified any documents which it believes will be exhibits at trial.

### TOPICS OF AND LIMITS TO DISCOVERY

Discovery will be needed on the following subjects:  *(Brief description of subjects on which discovery will be needed.)* Personal jurisdiction over Defendant (Defendant's contacts with New Mexico), liability (Defendant's acquisition or manufacture of and

-4-

sales of infringing jewelry), and damages.

Maximum of <u>25</u> interrogatories by each party to any other party.

Maximum of <u>25</u> requests for admission by each party to any other party.

Maximum of <u>10</u> depositions by Plaintiff, and <u>10</u> depositions by Defendant, unless leave of court is obtained to take more.

Each deposition (other than of parties) limited to maximum of seven (7) hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

from Plaintiff(s) by February 5, 2009

from Defendant(s) by March 5, 2009

Supplementation under Rule 26(e) due monthly, as needed.

All discovery commenced in time to be completed by December 5, 2008. Discovery on personal jurisdiction over Defendant to be completed by June 6, 2008.

Other Items:  None at this time.

## PRETRIAL MOTIONS

**Plaintiff intends to file:**  Motion for summary judgment, motions in limine, discovery motions, as needed.

**Defendant intends to file:**  Defendant does not intend to file any motions at this time unless its motion to dismiss for lack of personal jurisdiction is denied.

## ESTIMATED TRIAL TIME

The parties estimate trial will require 3 to 4 days.

____    This is a non-jury case.

<u> X </u>    This is a jury case.

The parties request a pretrial conference thirty (30) days prior to trial and request a trial setting in early 2009.

## SETTLEMENT

The possibility of settlement in this case is considered fair to poor, but may be enhanced by mediation following some discovery in this case.  The parties reserve the right to request a settlement conference following completion of discovery,

## EXCEPTIONS

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)


APPROVEDWITH/WITHOUT EXCEPTIONS
(note exceptions above)


Electronic signature by Dwayne K. Goetzel
For Plaintiff


Electronic signature by Bill Keleher
For Defendant

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 18th day of March 2008, I electronically filed the *Joint Status Report and Provisional Discovery Plan* with the Clerk of Court using the CM/ECF system, whereby a copy of the foregoing was served by electronic mail on all counsel of record as shown below:

William R. Keleher
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
P.O. Box 2168
Albuquerque, NM 87103

Barry D. Williams
2201 San Pedro NE, Bldg. 2, Suite 207
Albuquerque, NM 87110

<u>/s/ Dwayne K. Goetzel</u>

# UNITED STATES DISTRICT COURT

333 Lomas Blvd., N.W. - Suite 680
Albuquerque, New Mexico  87102

*LORENZO F. GARCIA*                                                                 *505-348-2320*
*Chief Magistrate Judge*                                                           *FAX: 348-2324*

March 20, 2008

RE:    **CIV 07-1124 PJK/LFG  -  *Relios, Inc. v. U.S. Jewelry House, Ltd.***

A Rule 16 scheduling conference was conducted <u>Thursday,</u> <u>March</u> <u>20,</u> <u>2008</u> at

<u>9:00</u> by Chief Magistrate Judge Lorenzo F. Garcia in the above matter.

FOR PLAINTIFF:         Dwayne Goetzel, Esq.  (telephonic)
                       Barry D. Williams, Esq.

FOR DEFENDANT:         William R. Keleher, Esq.

40 min.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RELIOS, INC.,
fka Carlisle Jewelry Co.,

          Plaintiff,

   vs.                                   CIVIL NO.  07-1124 PJK/LFG

U.S. JEWELRY HOUSE, LTD.,

          Defendant.

## <u>ORDER STAYING DISCOVERY</u>

THIS MATTER came before the Court on a Fed. R. Civ. P. 16 scheduling conference conducted on March 20, 2008.  Defendant challenges the Court's jurisdiction.  Briefing was just completed on the jurisdictional issue, however, a notice of completion of briefing has not been filed.[1]

In accord with the cost-savings provisions of the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.*, the Court determines that discovery should be stayed pending the trial Court's consideration and disposition of the jurisdictional issue.

If the motion is granted, no case management deadlines are necessary.  If a transfer to the District of New York is ordered, the parties may obtain appropriate case management deadlines from the referral magistrate judge in New York.

If the jurisdictional motion is denied, then, this case will be assigned to a "standard" case management track with a 150-day discovery scheduled.  In that event, the parties are authorized to

---

[1]Defendant did not file a motion to dismiss.  Rather, upon Plaintiff's application for default [Doc. 13], and the Clerk of the Court's subsequent entry of a Certificate of Default [Doc. 16], Defendant filed a response [Doc. 19] in opposition to the entry of default, in which Defendant challenged the court's jurisdiction. Plaintiff filed a response to Defendant's objections and to its motion to dismiss [Doc. 23].  Defendant has since filed a reply [Doc. 24].

take a maximum of ten depositions per side; serve 25 interrogatories, 25 requests for admission, and 25 requests for production per party.  The parties' agreement concerning length of depositions is approved.

Save for initial disclosures under Fed. R. Civ. P. 26, all further discovery is stayed pending the trial court's ruling on the jurisdictional issue.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

RELIOS, INC. f/k/a
CARLISLE JEWELRY CO.

       Plaintiff,                                  NO. 07-CV-1124 PJK/LFG

       v.

U.S. JEWELRY HOUSE, LTD.

       Defendant.

## NOTICE OF COMPLETION OF BRIEFING

Defendant, U. S. Jewelry House, Ltd ("U.S. Jewelry") hereby notifies the Court

that the following pleadings have been filed:

1.        Motion for Default Judgment as to Defendant, U. S. Jewelry House, Ltd.

by Relios, Inc. (Docket #13).

2.        U. S. Jewelry's Response in Opposition to Motion for Default Judgment

(Docket #19) (the Response in Opposition to the Motion for Default Judgment requested

that the case be dismissed for lack of personal jurisdiction).

3.        Plaintiff's Response to U. S. Jewelry's Objection to Entry of Default and

Plaintiff's Objection to U.S. Jewelry's request that the case be dismissed for lack of

personal jurisdiction (Docket # 23).

4.        U. S. Jewelry's Reply in Support of its Objection to Default and its

Motion to Dismiss (Docket # 24).

This motion is fully briefed and ready for argument and/or a decision by this

Court.

MODRALL, SPERLING, ROEHL, HARRIS
    & SISK, P.A.

By: /s/William R. Keleher, Attorney at Law
    William R. Keleher
    Attorneys for U. S. Jewelry House, LTD.
    Post Office Box 2168
    Albuquerque, New Mexico  87103-2168
    Telephone: 505.848.1800

I HEREBY CERTIFY that on the 25th
day of March, 2008, I filed to foregoing
electronically through the CM/ECF system,
which caused the following parties or counsel
to be served by electronic means, as more
fully reflected on the Notice of Electronic
Filing:

Dwayne Goetzel
Attorney for Plaintiff
dgoetzel@intprop.com

Barry D. Williams
Attorney for Plaintiff
bdw@nmcounsel.com

Modrall, Sperling, Roehl, Harris
    & Sisk, P.A.

By: /s/William R. Keleher, Attorney at Law
    William R. Keleher

2

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

RELIOS, INC. f/k/a
CARLISLE JEWELRY CO.

      Plaintiff,                                   NO. 07-CV-1124 PJK/LFG

      v.

U.S. JEWELRY HOUSE, LTD.

      Defendant.

## CERTIFICATE OF SERVICE OF U. S. JEWELRY HOUSE, LTD.'S INITIAL DISCLOSURES

I hereby certify that a copy of Defendants' Initial Disclosure was sent by email

mailed to counsel for Plaintiffs as follows on March 31, 2008.

                             MODRALL, SPERLING, ROEHL, HARRIS
                              & SISK, P.A.

                    By: /s/William R. Keleher, Attorney at Law
                           William R. Keleher
                           Attorneys for U. S. Jewelry House, LTD.
                           Post Office Box 2168
                           Albuquerque, New Mexico  87103-2168
                           Telephone: 505.848.1800

HEREBY CERTIFY that on the 31st
day of March, 2008, I filed to foregoing
electronically through the CM/ECF system,
which caused the following parties or counsel
to be served by electronic means, as more
fully reflected on the Notice of Electronic
Filing:

Dwayne Goetzel
Attorney for Plaintiff
dgoetzel@intprop.com

Barry D. Williams
Attorney for Plaintiff
bdw@nmcounsel.com

Modrall, Sperling, Roehl, Harris
    & Sisk, P.A.

By: /s/William R. Keleher, Attorney at Law
    William R. Keleher

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

RELIOS, INC. f/k/a
CARLISLE JEWELRY CO.

     Plaintiff,                          NO. 07-CV-1124 PJK/LFG

v.

U.S. JEWELRY HOUSE, LTD.

     Defendant.

## **MOTION FOR LIMITED DISCOVERY**

Plaintiff Relios, Inc. f/k/a Carlisle Jewelry Co. ("Relios") brings this motion for limited discovery, and would show the Court as follows:

## I.    **Background**

As the Court will recall, in this copyright infringement action, Defendant and its attorneys strategically decided to not file an answer to Relios' complaint. Defendant admits that it was aware of the complaint, was properly served the complaint, and contacted its attorney when it was served the complaint. Defendant did not, however, file a timely response to the complaint. As a result, the Court's clerk entered an entry of default against Defendant.

On February 11, 2008, Defendant filed its *Objection to Motion for Default Judgment and Motion to Dismiss and in the Alternative Motion to Set Aside Default and in the Alternative Objection to Entry of Damage Award* (the "Objections"). An *Affidavit of Kyung Hun Jung* accompanied the Objections ("Defendant's Affidavit"). In Relios' response to the Defendant's Objections, Relios requested as alternative relief that the Court permit Relios to engage in limited discovery as needed to test the veracity of Defendant's Affidavit.

On February 21, 2008, the Court entered an order staying further discovery until the jurisdictional issue was decided.

**II.    Defendant Made False Sworn Statements to the Court in Support of its Objections.**

The sole factual evidence for Defendant's Objections is Defendant's Affidavit.  Evidence uncovered recently by Relios from a third party establishes that Defendant's Affidavit contains **false statements**.  For example, Defendant's Affidavit states:

> U.S. Jewelry reviewed its records and determined that it had not sold the jewelry identified in the Complaint.  U.S. Jewelry has also confirmed that it does not currently have any such jewelry in its inventory.

*See* Defendant's Affidavit, ¶ 12.

Attached hereto as **Exhibit 1** is a sworn declaration from Mr. Thein Aye ("Mr. Aye's Declaration").  Mr. Aye's Declaration states that on April 14, 2007 he purchased six pieces of the "mother and baby necklace" from Defendant.  *See* **Exhibit 1**.  This is the exact jewelry that Relios alleges in its Complaint infringes Relios' copyrights, and is the exact jewelry that Defendant alleges in Defendant's Affidavit that Defendant allegedly did not sell and does not currently have in its inventory.  Mr. Aye's Declaration is further supported by Mr. Aye's production of the jewelry purchased from Defendant.  The jewelry still has tags on it imprinted with Defendant's name and bar codes on the tags.  *See* **Exhibit 1**.

Defendant has also made incorrect statements in its *Initial Disclosures*.  On March 31, 2008, Defendant provided its *Initial Disclosures* to Relios.  *See* **Exhibit 2**.  In such document, Defendant lists Min S. Han as a person who will "testify that no jewelry infringing upon the Loving family copyright was sold by U. S. Jewelry."  *See* **Exhibit 2**.  The Defendant's *Initial Disclosures* also identify, however, the "records of sales to Prestige Network Solution, Inc." as discoverable documents in this case.  *See* **Exhibit 2**.  As indicated by the declaration of Mr. Aye, with Prestige

Network Solutions, the infringing jewelry was indeed purchased by Mr. Aye from the Defendant. *See* **Exhibit 1**. Therefore, it is clear based on Defendant's *Initial Disclosures* that Defendant is in possession of discoverable information that will provide additional information necessary for the Court to weigh the truthfulness of Defendant's Affidavit and the allegations made in Defendant's Objections.[1]  These false statements by Defendant provide more than enough justification for the Court to permit Relios to engage in limited discovery.

### III.    The Court Should Allow Relios to Conduct Limited Discovery.

"When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." Sizova v. Nat'l Inst. of Standards & Tech., 282 F.3d 1320, 1326 (10th Cir. 2002), *quoting* Budde v. Ling-Temco Vought, Inc., 511 F.2d 1033, 1035 (10th Cir. 1975).  The Tenth Circuit has previously held that "a refusal to grant discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant." Sizova, 282 F.3d at 1326 (citing numerous circuit decisions).  With respect to this issue, prejudice has been defined to include situations "where 'pertinent facts bearing on the question of jurisdiction are controverted ... or where a more satisfactory showing of the facts is necessary.' " Sizova, 282 F.3d at 1326.  This Court has also recognized the importance of allowing limited discovery for motions to dismiss for lack of jurisdiction.  *See* Purple Onion Foods, Inc. v. Blue Moose of Boulder, Inc., 45 F. Supp. 2d 1255, 1257 (D.N.M. 1999).  In fact, this Court noted that: "[T]he Tenth Circuit encourages the practice of granting a plaintiff's request for limited discovery regarding a defendant's motion to dismiss for lack of jurisdiction." Purple Onion, 45 F. Supp. 2d at 1257, *citing* Far West Capital Inc. v. Towne, 46 F.3d 1071, 1077 n.5 (10th Cir. 1995).

---

[1] Relios' counsel requested that the documents identified in Defendant's *Initial Disclosure* be produced to Relios.  *See* correspondence attached as **Exhibit 3**.  Defendant refused to comply.  *See* **Exhibit 4**.

Relios has attached hereto as **Exhibit 5** a combined set of interrogatories and requests for production that Relios intends to serve on Defendant. The documents requested from Defendant, and the discovery to be served on Defendant, are important to the jurisdictional issues. Such documents (some of which already have been identified in Defendant's *Initial Disclosures*) likely will show <u>additional</u> evidence of where Defendant has sold the infringing jewelry, and particularly whether any such jewelry has been sold to customers in New Mexico. Since Defendant has refused to voluntarily provide the requested documents as part of its disclosures, Relios requests that discovery be re-opened for the limited purpose of sending written discovery bearing upon Defendant's sales and jurisdictional information. Without such limited discovery, Defendant will continue with its pattern of making unsupported blanket assertions in an effort to delay, deny and obfuscate the truth. Limited discovery is necessary to force Defendant to comply with the rules of civil procedure and provide the information and documentation that bears on such relevant matters as the scope and extent of its sales.

Relios therefore requests that the Court allow Relios to conduct limited discovery as to the issue of Defendant's sales, prior to ruling on the pending jurisdictional motions. Relios requests such other and further relief to which it may be justly entitled.

Respectfully submitted,

MEYERTONS, HOOD, KIVLIN,
KOWERT & GOETZEL, P.C.


By  /s/ Dwayne K. Goetzel
Dwayne K. Goetzel
700 Lavaca St., Suite 800
Austin, Texas 78701
Tel:    (512) 853-8800
Fax:    (512) 853-8801
e-mail: dgoetzel@intprop.com

-and-

BANNERMAN & WILLIAMS, P.A.


By  /s/ Barry D. Williams
Barry D. Williams
2201 San Pedro NE, Bldg. 2, Suite 207
Albuquerque, NM 87110
Tel.: (505) 837-1900
Fax: (505) 837-1800

ATTORNEYS FOR PLAINTIFF


## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of April 2008, I electronically filed the *Motion for Limited Discovery* with the Clerk of Court using the CM/ECF system, whereby a copy of the foregoing was served by electronic mail on all counsel of record as shown below:

William R. Keleher
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
P.O. Box 2168
Albuquerque, NM 87103


/s/ Dwayne K. Goetzel

# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

RELIOS, INC. f/k/a
CARLISLE JEWELRY CO.

       Plaintiff,                            NO. 07-CV-1124 PJK/LFG

v.

U.S. JEWELRY HOUSE, LTD.

       Defendant.

### DECLARATION OF THEIN AYE

1.      My name is Thein Aye. I am over the age of 18, have never been convicted of a crime involving moral turpitude, and am competent to make this Declaration. I make this Declaration on the basis of my personal knowledge of the facts recited below.

2.      I am an owner of an Internet company named Prestige Network Solution, Inc. dba newoutlet.com ("New Outlet"). I have started fashion jewelry online business since 2005.

3.      On April 14, 2007, I purchased jewelry from U.S. Jewelry House, Ltd., 1239 Broadway, New York, New York, 10001 ("U.S. Jewelry House"). Attached hereto as Exhibit 1 is a true and correct copy of the invoice that I received from U.S. Jewelry House for my purchase of jewelry on April 14, 2007 (the "Invoice").

4.      Attached hereto as Exhibit 2 is a true and correct copy of a photograph of one of the pieces of jewelry that I purchased from U.S. Jewelry House on April 14, 2007 (the "Pendant") with the sales tag still attached to the jewelry. It is my understanding that the Pendant is called the mother and baby necklace. The sales tag shown in Exhibit 2 correctly shows that the jewelry was purchased from U.S. Jewelry House for $6.25 per piece of jewelry. I purchased six (6) Pendants from U.S.

Jewelry on April 14, 2007, and I offered them for sale on my website for a price of $19.00 per Pendant.

     5.     I have not sold any of the Pendants purchased from U.S. Jewelry House on April 14, 2007, and all six (6) have been sent to Relios from my inventory.

     6.     I have been contacted by Relios, Inc. ("Relios") regarding the Pendants and have voluntarily removed the Pendants from my website. I have also voluntarily agreed to not sell the Pendants in the future due to the copyright interests claimed by Relios.


     I declare under penalty of perjury that the foregoing is true and correct.

     Executed on this _26_ day of March 2008.

Thein Aye

Page 2 of 2 Pages







# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

RELIOS, INC. f/k/a
CARLISLE JEWELRY CO.

Plaintiff,                                                NO. 07-CV-1124 PJK/LFG

v.

U.S. JEWELRY HOUSE, LTD.

Defendant.

### U. S. JEWELRY HOUSE, LTD.'S INITIAL DISCLOSURES

Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, U. S. Jewelry

House, LTD. ("U.S. Jewelry") makes the following initial disclosures:

1.    **Witnesses:**

The following witnesses are employees of U. S. Jewelry and can be reached

through its counsel:

John Song.  Mr. Song is a sterling silver buyer employed by U. S. Jewelry.

Mr. Song is familiar with the sterling silver inventory purchased and sold by U. S.

Jewelry.

Min S. Han.  Mr. Han is familiar with the business operations of U. S.

Jewelry, including its wholesale sales and website sales.  Mr. Han is familiar with all of

U. S. Jewelry's business records.  Mr. Han will testify that no jewelry infringing upon the

Loving family copyright was sold by U. S. Jewelry.  Mr. Han will testify to the costs and

fees incurred by U. S. Jewelry as a result of the suit filed by Relios.

Kyung Hun Jung.  Mr. Jung is the President of U. S. Jewelry.  He will testify as to its operations, sales and policies.  He will testify that U. S. Jewelry did not sell any items infringing the Loving family trademark.

U. S. Jewelry believes that employees of Prestige Network Solutions, Inc. may have information regarding where it purchased jewelry infringing upon the Loving family copyright.

U. S. Jewelry's suppliers will have knowledge of what jewelry was sold to U. S. Jewelry.

2.      **Categories of Documents Supporting Defendant's Position.**

U.S. Jewelry's sales records for April 14, 2007.

U. S. Jewelry's inventory records for April 14, 2007.

Sales records for items sold through the U. S. Jewelry website.

Listing of item codes used by U. S. Jewelry in its inventory tracking system.

Records showing purchases of jewelry prior to April 14, 2007.

Records of sales to Prestige Network Solution, Inc.

3.      **Computation of Damages.**

U. S. Jewelry will seek to recover its attorneys' fees and costs incurred in defending this action.

4.      **Insurance Policy**

U. S. Jewelry has not located any insurance policy providing coverage for this action.

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.

By: /s/William R. Keleher, Attorney at Law
     William R. Keleher
     Attorneys for U. S. Jewelry House, LTD.
     Post Office Box 2168
     Albuquerque, New Mexico  87103-2168
     Telephone: 505.848.1800

I HEREBY CERTIFY that on the 28th
day of March, 2008, I filed to foregoing
electronically through the CM/ECF system,
which caused the following parties or counsel
to be served by electronic means, as more
fully reflected on the Notice of Electronic
Filing:

Dwayne Goetzel
Attorney for Plaintiff
dgoetzel@intprop.com

Barry D. Williams
Attorney for Plaintiff
bdw@nmcounsel.com

Modrall, Sperling, Roehl, Harris
& Sisk, P.A.

By: /s/William R. Keleher, Attorney at Law
     William R. Keleher

K:\dox\client\83229\0001\W0813211.DOC

3

# EXHIBIT 3

**Dwayne Goetzel**

| | |
|---|---|
| **From:** | Dwayne Goetzel |
| **Sent:** | Monday, March 31, 2008 10:45 AM |
| **To:** | 'Bill R. Keleher' |
| **Cc:** | Barry Williams (E-mail) |
| **Subject:** | RE: U.S. Jewelry Initial Disclosures |

Bill, please produce the documents listed in item no. 2 in your disclosures.  Please let me know as soon as possible when you will produce those to me.  Thanks.

Dwayne

-----Original Message-----
From: Bill R. Keleher [mailto:wkeleher@modrall.com]
Sent: Monday, March 31, 2008 10:26 AM
To: Dwayne Goetzel
Cc: Barry Williams (E-mail)
Subject: U.S. Jewelry Initial Disclosures


Dwayne and Barry,

I am attaching the U.S. Jewelry's Initial Disclosures.

Bill


IRS Circular 230 Disclosure:  To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax
advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under
the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.


-------------------------------------------------------------------------------

Modrall, Sperling, Roehl, Harris & Sisk, P.A.


THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS
CONFIDENTIAL, EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW, AND PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE.
If the reader of this message is not the intended recipient or agent responsible for delivering the message to the intended recipient,
you are hereby notified that any review, dissemination or copying of this communication is strictly prohibited.  If you have received
this electronic transmission in error, please do not read it, delete it from your system without copying it, and notify the sender by reply e-mail or by calling 505.848.1800 ,
so that our address record can be corrected.  Thank you.
This email was Anti Virus checked by Astaro Security Gateway. http://www.astaro.com

# EXHIBIT 4

**Dwayne Goetzel**

| | |
|---|---|
| **From:** | Bill R. Keleher [wkeleher@modrall.com] |
| **Sent:** | Monday, March 31, 2008 12:35 PM |
| **To:** | Dwayne Goetzel |
| **Cc:** | Barry Williams (E-mail) |
| **Subject:** | RE: U.S. Jewelry Initial Disclosures |

Dwayne,

Okay.  I will wait for your motion.

Bill.

-----Original Message-----
From: Dwayne Goetzel [mailto:dgoetzel@intprop.com]
Sent: Monday, March 31, 2008 11:17 AM
To: Bill R. Keleher
Cc: Barry Williams (E-mail)
Subject: RE: U.S. Jewelry Initial Disclosures

I am going to ask the court to reopen discovery to force the production of these
documents.

-----Original Message-----
From: Bill R. Keleher [mailto:wkeleher@modrall.com]
Sent: Monday, March 31, 2008 12:04 PM
To: Dwayne Goetzel
Cc: Barry Williams (E-mail)
Subject: RE: U.S. Jewelry Initial Disclosures

Dwayne,

I think there may be a misunderstanding.  Rule 26 requires the parties to provide "a copy
of, or a description by category and location of, all documents...."  I probably should
have pointed out that the documents are located in New York.  Given the option of
producing copies or describing by category and location, U.S. Jewelry has chosen the less
costly option.  Given the fact that discovery has been stayed in this action, U.S. Jewelry
does not wish to spend the time and money producing those documents in New Mexico.  If the
court does find that it has personal jurisdiction over U.S. Jewelry, then the documents
will be produced.

Thank you,

Bill Keleher

-----Original Message-----
From: Dwayne Goetzel [mailto:dgoetzel@intprop.com]
Sent: Monday, March 31, 2008 9:45 AM
To: Bill R. Keleher
Cc: Barry Williams (E-mail)
Subject: RE: U.S. Jewelry Initial Disclosures

Bill, please produce the documents listed in item no. 2 in your disclosures...  Please let
me know as soon as possible when you will produce those to me..  Thanks.

Dwayne

-----Original Message-----
From: Bill R. Keleher [mailto:wkeleher@modrall.com]
Sent: Monday, March 31, 2008 10:26 AM

# EXHIBIT 5

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| RELIOS, INC. f/k/a | § | |
| CARLISLE JEWELRY CO. | § | |
| | § | |
| Plaintiff, | § | NO. 07-CV-1124 PJK/LFG |
| | § | |
| | § | |
| v. | § | |
| | § | |
| U.S. JEWELRY HOUSE, LTD. | § | |
| | § | |
| Defendant. | § | |

## RELIOS' COMBINED INTERROGATORIES
## AND REQUESTS FOR PRODUCTION

Pursuant to Fed. R. Civ. P. 33 and 34, plaintiff Relios, Inc. requests that the Defendant answer the following interrogatories fully and under oath, and produce documents pursuant to the requests for production, in the manner and within the time provided by the Federal Rules of Civil Procedure.

### INSTRUCTIONS

1.    All interrogatories must be answered fully in writing in accordance with Rules 33 and 11 of the Federal Rules of Civil Procedure.

2.    All answers to interrogatories must be signed by the party except that, if circumstances prevent a party from signing responses to interrogatories, the attorney may file the interrogatories without the party's signature if an affidavit is filed simultaneously stating that properly executed responses to interrogatories will be filed within twenty (20) days. Such time may be extended by order of the Court.

3.    In the event any question cannot be fully answered after the exercise of reasonable diligence, the party shall furnish as complete an answer as he can and explain in detail the reasons why he cannot give a full answer, and state what is needed to be done in order to be in a position to answer fully and estimate when he will be in that position.

4.    Each interrogatory shall be set forth immediately prior to the answer thereto.

5.    With respect to each document or thing otherwise responsive to any of the following requests which is withheld, whether under claim of privilege or otherwise,

provide the following information:

a.  The date, identity and general subject matter of the item;

b.  The grounds asserted in support of the failure to produce the item;

c.  The identity of each person (other than stenographic or clerical assistance) participating in the preparation of the item;

d.  The identity of each person to whom contents of the item were communicated, either orally, by copy, by distribution, reading or substantial summarization;

e.  The description of any document or other material transmitted with or attached to the item;

f.  The number of pages in the item;

g.  The particular request and, if applicable, subpart thereof to which the document or thing is responsive; and

h.  Whether any business, technical or non-legal matters are contained or discussed in the item.

6.  If any document or thing was formerly, but is no longer, in Defendant's possession, custody or control, or is no longer in existence, then for each such document or thing, provide the following information:

a.  The identity of the document or thing, including the date, title (if any), name and capacity of the author, name and capacity of all addressees (including copy and blind copy recipients), subject matter and general nature (for example, "letter" or "opinion"); and

b.  The circumstances under which it came to be no longer in Defendant's possession, custody, or control, or no longer in existence, including the date on which it was delivered to another person, if any, the identity of the recipient, if any, and the date and circumstances of its destruction, if any.

## DEFINITION OF TERMS

The following terms shall have the meanings assigned to them as follows:

"Defendant" or "you" means Defendant U.S. Jewelry House Ltd. and its predecessors, subsidiaries, parents, divisions or affiliated companies, its officers, directors, employees, attorneys, agents, assigns, representatives, and all those acting in concert with any or all of those designees.

-2-

"Defendant's Product" means the jewelry complained of by Relios in the complaint filed against Defendant in the above-captioned suit, and which may utilize the numbers "SJN1622SIL" and/or "US01003686" on or in connection with such jewelry.

"Relios" means Plaintiff Relios, Inc. f/k/a Carlisle Jewelry Co.

"Relios' Design" means Relios' "Loving Family" jewelry as identified in the complaint filed by Relios against Defendant.

"Person" as used herein shall mean a natural person, firm, corporation, partnership, joint venture, organization, association, entity, or trust.

"Document" as used herein is used in the broadest sense defined in Rule 34 of the Federal Rules of Civil Procedure, and encompasses all writings, drawings, photographs, recordings, electronic and magnetic media and other data compilations from which information can be obtained, translated, if necessary, by Defendant into reasonably usable form, which is in the custody or control of Defendant, including but not limited to emails, contracts, agreements, memoranda, assignments, licenses, minutes of meetings, accounting books, orders, invoices, receipts, statements, notebooks, diaries, reports, sketches, catalogs, brochures, advertising and promotional literature, reports and other similar materials. The term "document" also refers, in addition to the original or original copy, to all copies of any kind that contain any alteration, marking, or omission, or which in any other way are not identical to the original or original copy.

"Things" encompasses all tangible things which constitute or contain matters within the scope of Rule 26(b) of the Federal Rules of Civil Procedure and which are in the possession, custody or control of Defendant, as set forth in Rule 34(a) of the Federal Rules of Civil Procedure.

"Relating to" means concerning, referring to, alluding to, pertaining to, responding to, connected with, regarding, commenting on, discussing, showing, recording, illustrating, describing, mentioning, reflecting, analyzing, constituting, comprising or evidencing.

"Concerning" means relating to, referring to, describing, evidencing or constituting.

"Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

Identify (With Respect to Natural Persons). The word "identify," when referring to a person, means to give, to the extent known, the person's full name, present or last known home and business address, and when referring to a natural person, additionally, the present or last known place of employment, telephone numbers, and if employed by Defendant the periods of time employed and the area of responsibility during such times. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

Identify (With Respect to Documents). The word "identify," when referring to a document, means to give, to the extent known, the date, title, name and capacity of the author, name and capacity of all addressees (including copy and blind copy recipients), subject matter and general nature, (for example, "letter" or "opinion"), and identify each person having possession, custody, or control of the document or thing. In lieu of such identification, Defendant may simply provide a copy of the document with its answers to this request and indicate on the document copy which interrogatory the document is being produced in response to.

Identify (With Respect to Business Organizations). The word "identify," when referring to a business organization means to state the organization's name, type (whether corporation, partnership, joint venture, proprietorship, etc.), current or last known business address and telephone number, and the name of a person acting or purporting to act on behalf of the business entity in connection with the matter(s) referred to in the interrogatory.

Identify (With Respect to Oral Communications). The word "identify," when referring to an oral communication, means to state the date of the communication, the medium of the communication (in person, by telephone, etc.), a summary of the substance of the communication, and identify all persons participating in the communication, including the present location of such persons.

Identify (With Respect to Things). The word "identify," when referring to a thing, means to give a description of the thing, where it is located, and the identity of the person or persons who have or had possession or control of the thing. Defendant may also provide photographs or other illustrative replicas of the thing with its answer to this request and indicate on the photograph or replica which interrogatory the same is being produced in response to.

"Purchase" means to buy, purchase, acquire, rent, lease, or license.

"Purchased" means bought, purchased, acquired, rented, leased or licensed.

"Sold" means sold, rendered, rented, leased, or licensed.

-4-

## INTERROGATORIES AND REQUESTS FOR PRODUCTION

### Interrogatory No. 1

Please state the number of units of Defendant's Product manufactured, imported and/or purchased by Defendant since January 1, 2000.

ANSWER:

### Request for Production No. 1

Please produce all documents relating to the manufacture, import and/or purchase of Defendant's Product by Defendant since January 1, 2000.


### Interrogatory No. 2

Identify (including the location of) each person or entity involved in the Defendant's manufacture, import, purchase or sale of Defendant's Product, and describe in detail each such person or entity's participation in the manufacture, import, purchase or sale of Defendant's Product.

ANSWER:

### Request for Production No. 2

Produce all documents and things relating to each person or entity involved in Defendant's manufacture, import, purchase or sale of Defendant's Product, including but not limited to documents and things relating to such person or entity's participation in that process, beginning with the initial design and/or concept of Defendant's Product.


### Interrogatory No. 3

Identify each person or entity (including the location) that has manufactured, imported, purchased and/or sold jewelry substantially similar to Defendant's Product.

ANSWER:

**Request for Production No. 3**

Produce all documents and things indicating or relating to each person or entity who has manufactured, imported, purchased and/or sold jewelry substantially similar to Defendant's Product.

**Interrogatory No. 4**

Identify all catalogs, brochures, advertisements, and publications in your possession, custody or control in which Defendant's Product has been displayed, photographed, depicted, or illustrated.

ANSWER:

**Request for Production No. 4**

Produce all documents and things in which Defendant's Product has been displayed, photographed, depicted, or illustrated, including but not limited to all catalogs, brochures, advertisements, and publications in your possession, custody or control.

**Interrogatory No. 5**

Identify where all catalogs, brochures, advertisements, and publications were mailed or otherwise disseminated or accessible, and in which Defendant's Product was displayed, photographed, depicted or illustrated.

ANSWER:

**Request for Production No. 5**

Produce all documents and things relating to where all catalogs, brochures, advertisements, and publications were mailed or otherwise disseminated or accessible, and in which Defendant's Product was displayed, photographed, depicted or illustrated.

**Interrogatory No. 6**

Please identify all sales, marketing or advertising of any products, including jewelry, that Defendant has made to any customer or member retailer located in the State of New Mexico or otherwise directed to New Mexico.

ANSWER:

**Request for Production No. 6**

Produce all documents and things relating to sales, marketing or advertising of any products, including jewelry, that Defendant has made to any customer or member retailer located in the State of New Mexico or otherwise directed to New Mexico.

**Interrogatory No. 7**

Please identify any shipments of any products that Defendant has made to any customer or member retailer located in the State of New Mexico, or any products or materials received from any person or entity in New Mexico.

ANSWER:

**Request for Production No. 7**

Produce all documents and things relating to any shipments of any products that Defendant has made to any customer or member retailer located in the State of New Mexico, or any products or materials received from any person or entity in New Mexico.

**Interrogatory No. 8**

Identify all customers or member retailers of Defendant, as well as the customers or member retailers of Defendant that reside or are incorporated in New Mexico.

ANSWER:

**Request for Production No. 8**

Produce all documents and things relating to Defendant's customers or member retailers, including those that reside or are incorporated in New Mexico.

**Interrogatory No. 9**

Identify your process or procedure to determine how, when or whether a customer of Defendant registers itself as a customer or member retailer through Defendant's web site.

ANSWER:

**Request for Production No. 9**

Produce all documents and things relating to your process or procedure by which you determine how, when or whether a customer of Defendant registers itself as a customer or member retailer through Defendant's web site.

**Interrogatory No. 10**

Identify the source of Defendant's Product and whether that source has any contacts with the State of New Mexico.

ANSWER:

**Request for Production No. 10**

Produce all documents relating to, referring to, or identifying the source of Defendant's Product, the items purchased from such source, the role of such source in the manufacture of Defendant's Product, and the relationship of such source with Defendant.

**Interrogatory No. 11**

Identify all meetings, conferences, trade shows or other occurrences in which any employee or representative of Defendant was in New Mexico.

ANSWER:

**Request for Production No. 11**

Produce all documents or things relating to all meetings, conferences, trade shows or other occurrences in which any employee or representative of Defendant was in New Mexico.

**Interrogatory No. 12**

Please state whether any of Defendant's products, including jewelry, have been manufactured in New Mexico, or imported or shipped through New Mexico.

ANSWER:

**Request for Production No. 12**

Produce all documents and things identifying whether any of Defendant's products, including jewelry, have been manufactured in New Mexico, or imported or shipped through New Mexico.

**Interrogatory No. 13**

      With respect to Defendant's Product sold by Defendant since January 1, 2000, state the number of units sold, the sales price of each unit, all purchasers of such products, the location of such purchasers, and the number of units purchased by each such purchaser.

      ANSWER:

**Request for Production No. 13**

      Please produce all documents and things relating to each of Defendant's Product sold by Defendant since January 1, 2000, including but not limited to documents indicating the number of units sold, the sales price of each unit, all purchasers of such products, the location of such purchasers, and the number of units purchased by each such purchaser.

**Interrogatory No. 14**

      With respect to Defendant's Product sold by Defendant since January 1, 2000, please indicate whether any expense item, including but not limited to costs of goods sold and each allocable item of overhead (if any) that Defendant will claim in this lawsuit as a deduction against gross revenue for purposes of determining Defendant's profits, has any connection or relation to New Mexico.

      ANSWER:

**Request for Production No. 14**

      Produce all documents and things relating to the type and amount of each expense item, including but not limited to costs of goods sold and each allocable item of overhead that Defendant will claim in this lawsuit as a deduction against gross revenue for

purposes of determining Defendant's profits, and which is connected or related to New Mexico.

**Request for Production No. 15**

Produce all documents and things referred to in paragraph no. 2 of Defendant's Initial Disclosures, captioned with the paragraph heading "Categories of Documents Supporting Defendant's Position."

Respectfully submitted,

Dwayne K. Goetzel
Texas State Bar No. 08059500
MEYERTONS, HOOD, KIVLIN,
    KOWERT & GOETZEL, P.C.
700 Lavaca, Suite 800
Austin, Texas 78701
(512) 853-8800 (telephone)
(512) 853-8801 (facsimile)

**ATTORNEYS FOR PLAINTIFF
RELIOS, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of April 2008, Relios' *Combined Interrogatories and Requests for Production* was served by electronic and first class mail on all counsel of record as shown below:

William R. Keleher
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
P.O. Box 2168
Albuquerque, NM 87103

Dwayne K. Goetzel

-11-

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RELIOS, INC., f/n/a CARLISLE
JEWELRY CO.,

      Plaintiffs,

vs.

U.S. JEWELRY HOUSE, LTD.,

      Defendant.

No. 07-cv-1124 PK/LFG

ORDER

THIS MATTER comes on for consideration of Plaintiff Relios Inc.'s

Motion for Default Judgment, filed January 8, 2008 (Doc. 13) and Defendant U.S.

Jewelry House, Ltd.'s Objection to Motion for Default Judgment and Motion to

Dismiss, filed February 11, 2008 (Doc. 19).  Upon consideration thereof, the

court finds that:

(1)  The Clerk's entry of default (Doc. 16) should be set aside for good

cause including the questions raised concerning personal jurisdiction.  See Fed. R.

Civ. P. 55(c); Stjernholm v. Peterson, 83 F.3d 347, 349 n.1 (10th Cir. 1996);

Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986) (when

default is requested, court has an affirmative obligation to consider subject-matter

and personal jurisdiction).  Moreover, there is a strong policy in favor of

decisions based on the merits and Plaintiff has demonstrated no prejudice if the Clerk's entry of default is set aside.

(2)  The matter should be transferred to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1631 as suggested by Plaintiff given that the court finds it lacks personal jurisdiction over Defendant. Doc. 23 at 8.  The court is unpersuaded that it has personal jurisdiction over the Defendant based on the mere existence of Defendant's website.  Doc. 23 at 7–8. As Defendant recognizes, the court lacks general jurisdiction over the Defendant, Doc. 23 at 8–9, and the case for specific jurisdiction is nonexistent given the absence of any activity tied to New Mexico based on that website.  <u>See</u> N.M. Stat. § 38-1-16 (1978) (long-arm statute); <u>Tercero v. Roman Catholic Diocese of Norwich, Conn.</u>, 48 P.3d 50, 54 (N.M. 2002); Doc 23, Ex. 2 at 2–3 (picture of jewelry and invoice not describing the type of jewelry, much less identifying a New Mexico buyer over the Internet).  The court also is satisfied that Plaintiff has not demonstrated that Defendant has purposefully availed itself of the benefits and protections of New Mexico law pursuant to the constitutional due process inquiry.  <u>See</u> <u>Young v. New Haven Advocate</u>, 315 F.3d 256, 263 (4th Cir. 2002); <u>Origins Natural Res., Inc. v. Kotler</u>, 133 F. Supp. 2d 1232, 1236–37 (D.N.M. 2001).

(3)  The request by the Plaintiff for jurisdictional discovery is denied as not

grounded in any specific information even remotely suggesting jurisdiction.[1]

(4)  Defendant's opposition to the request for transfer is rejected notwithstanding that Plaintiff may have identified the wrong statute for transfer and did not make a formal motion, Doc. 24 at 8 n.1.  See Haugh v. Booker, 210 F.3d 1147, 1150 n.4 (10th Cir. 2000) (formal motion not required).  The Tenth Circuit has determined that § 1631 allows transfers to cure a lack of personal jurisdiction.  Viernow v. Euripides Dev. Corp., 157 F.3d 785, 793 (10th Cir. 1998).  It appears that Plaintiff could have brought its action in the Southern District of New York at the time the action was originally filed in the District of New Mexico.  See id. at 794 n.16.  The Southern District of New York probably has personal jurisdiction over Defendant based on the affidavit of Defendant's president Kyung Hun Jung.  Doc. 20 at 1–2 (Defendant is a New York corporation with its principal place of business in New York City).

Transfer, rather than dismissal, would be in the interest of justice.  See 28 U.S.C. § 1631; Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997). First, it appears that a new action would not be time barred by the three-year statute of limitations, 17 U.S.C. § 507(b), assuming that the claim accrued sometime between April 14, 2007, the date on the invoice, Doc. 23, Ex. 3 at 3,

---

[1]  Plaintiff has moved for limited discovery.  Doc. 30.  This motion is no more specific than the previous request and should be denied as moot given the court's disposition to transfer.

and the filing of the complaint on November 7, 2007. <u>See</u> <u>Haugh</u>, 210 F.3d at 1150. Second, no evidence suggests that the original action was not filed in good faith. <u>See</u> <u>Trierweiler v. Croxton & Trench Holding Corp.</u>, 90 F.3d 1523, 1544 (10th Cir. 1996).

Finally, the claims are not insubstantial. <u>See</u> <u>Haugh</u>, 210 F.3d at 1150. A court should take "a peek at the merits" to avoid wasting judicial resources by "transferring a case which is clearly doomed." <u>Id.</u> To establish copyright infringement, a plaintiff must prove "(1) ownership of a valid copyright and (2) unauthorized copying of constituent elements of the work that are original." <u>Palladium Music, Inc. v. EatSleepMusic, Inc.</u>, 398 F.3d 1193, 1196 (10th Cir. 2005). Plaintiff presented evidence of a number of certificates of registration of jewelry. Although the copyrighted and allegedly infringing jewelry are not identical, the allegedly infringing jewelry may be a "derivative work" of those copyrighted designs. <u>See</u> 17 U.S.C. § 101 (defining "derivative work"); <u>Yurman Design, Inc. v. PAJ, Inc.</u>, 262 F.3d 101, 109–10 (2d Cir. 2001). Next, a plaintiff must typically show "substantial similarity" between the legally protectable elements of the original work and the allegedly infringing work. <u>Jacobsen v. Deseret Book Co.</u>, 287 F.3d 936, 942–43 (10th Cir. 2002). The court's comparison of the allegedly infringing work and the copyrighted designs reveals they are sufficiently similar to make Plaintiff's claim a rational one. Therefore, transfer is appropriate.

-4-

NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that

(1)  Plaintiff Relios Inc.'s Motion for Default Judgment, filed January 8, 2008 (Doc. 13), is denied.

(2)  Defendant U.S. Jewelry House, Ltd.'s Objection to Motion for Default Judgment and Motion to Dismiss, filed February 11, 2008 (Doc. 19), is granted in part and denied in part.  The Clerk's entry of default (Doc. 16) is set aside.

(3)  Plaintiff's Motion for Limited Discovery, filed April 3, 2008 (Doc. 30), is denied as moot.

(4)  The Clerk shall transfer this case to the United States District Court for the Southern District of New York.

(5)  Plaintiff's request for sanctions is denied, and each party shall bear its own costs.

DATED this 7th day of April 2008, at Santa Fe, New Mexico.

Paul Kelly Jr.
United States Circuit Judge
Sitting by Designation

# United States District Court
## District of New Mexico
### Office of the Clerk
### Pete V. Domenici United States Courthouse



**Matthew J. Dykman**
**Clerk of Court**

333 Lomas Blvd. N.W. - Suite 270
Albuquerque, New Mexico 87102
(505) 348-2000 - Fax (505) 348-2028

**Divisional Offices**
120 South Federal Place
P.O. Box 2384
Santa Fe, NM 87504-2384
(505) 988-6481
Fax (505) 988-6473

200 East Griggs
Las Cruces, NM  88001
(505) 528-1400
Fax (505)528-1425

April 18, 2008

United States District Court
for the Southern District of New York
120 Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York  10007-1312

      Attn:  MDL Unit

      Re:    <u>Relios, Inc., f/k/a Carlisle Jewelry Co. v. U.S. Jewelry House, Ltd.;</u>
             United States District Court Case No. CIV-07-1124 PJK/LFG

Dear Sir/Madam:

      Please find enclosed a certified copy of the Order signed by The Honorable Paul J. Kelly, United States Circuit Judge, Sitting by Designation transferring this case to the Southern District of New York.  The **original case file** and a certified copy of the docket sheet are also enclosed.

      Please acknowledge receipt of these records by returning a copy of this letter to this office.  Thank you.

                        Sincerely,

                        Matthew J. Dykman, Court Clerk

                        By:_____
                             Deputy Clerk

MJD/mr
Enclosures
cc: counsel of record/file, w/o encl.